THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN 256535)
Mónica Reyes-Santiago, Esq. (SBN: 339807)
19800 MacArthur Blvd., Suite 1000
Irvine, CA 92612
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
Cameron@sehatlaw.com

*Attorneys for Plaintiff Maribel Murillo*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MARIBEL MURILLO, individually and as successor-in-interest Of The Estate of deceased, JONATHAN MURILLO-NIX,

Plaintiff,

vs.

CITY OF LOS ANGELES, a governmental entity; JESUS MARTINEZ, individually; KYLE GRIFFIN, individually; and DOES 1-10, inclusive,

Defendants.

Case No.

**COMPLAINT FOR DAMAGES**

1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)
2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)
3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)
4. Substantive Due Process (42 U.S.C. § 1983)
5. Municipal Liability—Ratification (42 U.S.C. § 1983)
6. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)
7. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
8. Battery (Wrongful Death)
9. Negligence (Wrongful death)
10. Violation of Cal. Civil Code §52.1

**DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES

**COMPLAINT FOR DAMAGES**

COME NOW, Plaintiff Maribel Murillo, individually and as successor-in-interest to ANTHONY MURILLO-NIX, deceased, for her Complaint against Defendants City of Los Angeles, JESUS MARTINEZ, individually; KYLE GRIFFIN, and DOES 1-10 and allege as follows:

**JURISDICTION AND VENUE**

1.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

3.     Plaintiff submitted a Government Tort Claim to the City of Los Angeles on March 28, 2022.

4.     The City of Los Angeles rejected the claim on April 19, 2022 and hence, this lawsuit ensued.

**INTRODUCTION**

5.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiff's son, ANTHONY MURILLO-NIX ("DECEDENT"), on February 1, 2022.

# **PARTIES**

6.     At all relevant times, Decedent ANTHONY MURILLO-NIX was an individual residing in the City of Los Angeles, California.

7.     Plaintiff MARIBEL MURILLO is an individual residing in the City of Los Angeles, California and is the mother of DECEDENT and sues both in her individual capacity and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  Plaintiff seeks both survival and wrongful death damages under federal and state law.

8.     At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles Police Department ("LAPD"), and its Metropolitan Division, Special Weapons and Tactics ("SWAT"), and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the LAPD and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants Jesus Martinez, ("MARTINEZ"), Kyle Griffin, ("GRIFFIN"), and DOES 1-10,  hereinafter collectively referred to as "the individual defendants".

9.     MARTINEZ is an officer working for the CITY, through his employment with the LAPD as Foothill Patrol Division Police Officer III, serial no. 37593.  At all relevant times, MARTINEZ was acting under color of law within the course and scope of his duties as an officer for the LAPD.  Also at all relevant times, MARTINEZ was acting with the complete authority and ratification of his principal, Defendant CITY.

10.     GRIFFIN is an officer working for the CITY, through his employment with the LAPD as Foothill Patrol Division Police Officer II, serial no 42066.  At all relevant times, GRIFFIN was acting under color of law within the course and scope of his duties as an officer for the LAPD.  Also at all relevant times, GRIFFIN was acting with the complete authority and ratification of his principal, Defendant CITY.

11.     DOE "ONE"  is a supervisory officer working for the CITY, through his employment with the LAPD.  At all relevant times, DOE "ONE"  was acting under color of law within the course and scope of his duties as an officer for the LAPD.  Also at all relevant times, DOE "ONE"  was acting with the complete authority and ratification of his principal, Defendant CITY.

12.     DOES TWO through TEN were officers working for the CITY, through their employment with the LAPD.  At all relevant times, DOES TWO through TEN  were acting under color of law within the course and scope of his duties as officers for the LAPD.  Also at all relevant times, DOES TWO through TEN  were acting with the complete authority and ratification of their principal, Defendant CITY.

13.     On information and belief, the foregoing individual defendants were residents of the City of Los Angeles.

14.     In doing the acts and failing and omitting to act as hereinafter described, Defendants GRIFFIN, MARTINEZ were acting on the implied and actual permission and consent of the supervisory officers DOES 1-10.

15.     In doing the acts and failing and omitting to act as hereinafter described, the individual defendants were acting on the implied and actual permission and consent of the CITY.

16.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

-3-

17.     All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

18.     The individual defendants are sued in their individual capacity.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.

20.     On February 2, 2022, officers working for the CITY responded to DECEDENT's residence, located in the 12935 Desmond St, Pacoima, California. The first group of officers arrived at approximately 2:25 a.m. on that date.  The officers were responding to a call regarding a man (DECEDENT) possibly under the influence of alcohol wherein DECEDENT's family members advised Dispatch that DECEDENT was having a mental health crisis and threatening them. Shortly after arriving on scene, the family including Plaintiff were able to exit the house safely leaving Anthony Murillo as the sole occupant.

21.     Upon information and belief, while officers were staging outside of the Murillo residence, a request had been made to the Mental Health Crisis team to assist in getting DECEDENT out of the house.

22.     Shortly after 2:25 a.m., Defendants DOES 1-3, who are supervisory officers working for the CITY and the LAPD, established a plan to attempt entry into DECEDENT's bedroom notwithstanding that DECEDENT posed no immediate threat of death or serious bodily injury to any person. At this time, officers working

COMPLAINT FOR DAMAGES

for the CITY had already commanded DECEDENT's family members to exit the residence.

23.     Less than an hour and a half after first arriving on scene, and without waiting for the arrival of LAPD's mental health unit, Defendants DOES 1-10 including GRIFFIN, MARTINEZ began to engage DECEDENT with numerous 40 mm foam baton and bean bag shots.

24.     In response to the unreasonable detention of DECEDENT within the residence, and the physical force used on him preventing him from calmly leaving the residence, DECEDENT attempted to flee from the side of the house, and ran through the only exit visible, an opening through the driveway gate.

25.     As soon as DECEDENT ran out through the gate and onto the sidewalk, defendants MARTINEZ and GRIFFIN who were staged right outside the same gate, opened fire discharging multiple less lethal and lethal rounds at DECEDENT as he crossed the driveway threshold and unto the sidewalk.

26.     Upon information and belief, no mental health crisis negotiation had engaged with DECEDENT because the mental health crisis unit was still in route when Defendants began to use force on him.  The cessation of negotiation efforts and the failure to wait for the arrival of MHU in this situation was a contributing factor in the sustained unreasonable detention, and a cause in the use of excessive force against DECEDENT.

27.     DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

28.     After being shot, DECEDENT was bleeding profusely and in obvious and critical need of emergency medical care and treatment.  Defendants did not timely permit medical personnel to treat DECEDENT.

29.     Also after DECEDENT had been shot, officers handcuffed DECEDENT.

30.     The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's serious injuries.

31.     The use of force against DECEDENT by the individual defendants was excessive and objectively unreasonable under the circumstances, especially because DECEDENT was suffering from a mental crisis and did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

32.     Plaintiff is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the nature mother of DECEDENT.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)

(By Plaintiff against Defendants MARTINEZ and GRIFFIN, and DOES 1-10)

33.     Plaintiff repeats and re-allege each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34.     Defendants detained DECEDENT without reasonable suspicion and arrested him without probable cause.

35.     When Defendants DOES 1-10, MARTINEZ and GRIFFIN pointed their weapons at DECEDENT and used force against him, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36.     Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10, MARTINEZ and GRIFFIN.

37.     As a result of their misconduct, Defendants MARTINEZ, GRIFFIN and DOES 1-10 are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

38.     Plaintiff brings this claim as a successor-in-interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff also seeks attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(By Plaintiff against Defendants MARTINEZ and GRIFFIN, and DOES 1-10)

39.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.     Defendants deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.     Defendant MARTINEZ and GRIFFIN, and DOES 1-10 used excessive force against DECEDENT when they deployed numerous 40 mm, bean bag and ultimately lethal rounds at him,

42.     Defendant MARTINEZ and GRIFFIN, used excessive force against DECEDENT when they shot him without warning. MARTINEZ and GRIFFIN gunshots caused DECEDENT's death.

43.     Defendants DOES 1-10 used excessive force against DECEDENT when they deployed numerous beanbag and 40 mm rounds at him at DECEDENT numerous times.

44.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

45.     The conduct of the individual defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to the individual defendants.

46.     The use of force was excessive and unreasonable, especially because DECEDENT was suffering a mental crisis (a fact known to the involved officers at the time of the incident) and posed no immediate threat of death or serious bodily injury at the time of the shooting.  Further, Defendants' use of force violated their training and standard police officer training.

47.     As a result of their misconduct, Defendants MARTINEZ and GRIFFIN, and DOES 1-10 are liable for DECEDENT's injuries, either because they were integral participants in the use of force, or because they failed to intervene to prevent these violations.

48.     Plaintiff brings this claim as successor-in-interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff also seeks attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

### Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)

(By Plaintiff against Defendants MARTINEZ and GRIFFIN, and DOES 1-10)

49.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.      The denial of medical care by Defendants deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as

guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

51.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

52.     Defendants knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

53.     Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the individual defendants.

54.     As a result of their misconduct, Defendants MARTINEZ and GRIFFIN, and DOES 1-10  are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

55.     Plaintiff brings this claim as a successor-in-interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff also seeks attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By Plaintiff against Defendants MARTINEZ and GRIFFIN, and DOES 1-10)

56.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

57.     Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state

actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

58.   Plaintiff's DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

59.   The aforementioned actions of Defendants MARTINEZ and GRIFFIN, and DOES 1-10) along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

60.   As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  Defendants thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her familial relationship with DECEDENT.

61.   As a direct and proximate cause of the acts of Defendants, Plaintiff suffered emotional distress, mental anguish, and pain.  Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

62.   As a result of their misconduct, Defendants MARTINEZ and GRIFFIN, and DOES 1-10 are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

63.   Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and

1  therefore warrants the imposition of exemplary and punitive damages as to the

2  individual Defendants.

3      64.    Plaintiff brings this claim individually and as a successor-in-interest to

4  the DECEDENT, and seeks both survival and wrongful death damages. Plaintiff

5  also seeks attorneys' fees under this claim.

6

7                    **FIFTH CLAIM FOR RELIEF**

8         **Municipal Liability – Ratification (42 U.S.C. § 1983)**

9    (By Plaintiff against Defendants MARTINEZ and GRIFFIN, and DOES 1-10)

10     65.    Plaintiff repeats and re-alleges each and every allegation in paragraphs

11  1 through 64 of this Complaint with the same force and effect as if fully set forth

12  herein.

13     66.    Defendants MARTINEZ and GRIFFIN, and DOES 1-10 acted under

14  color of law.

15     67.    The acts of the individual defendants deprived DECEDENT and

16  Plaintiff of their particular rights under the United States Constitution.

17     68.    Upon information and belief, a final policymaker, acting under color of

18  law, who had final policymaking authority concerning the acts of the individual

19  defendants, ratified the acts of the defendants' acts and the bases for them. Upon

20  information and belief, the final policymaker knew of and specifically approved of

21  the individual defendants' acts.

22     69.    Upon information and belief, a final policymaker has determined (or

23  will determine) that the acts of the individual defendants were "within policy."

24     70.    By reason of the aforementioned acts and omissions, Plaintiff suffered

25  loss of the love, companionship, affection, comfort, care, society, training, guidance,

26  and support of DECEDENT.  The aforementioned acts and omissions also caused

27  DECEDENT's pain and suffering, loss of enjoyment of life, and death.

28

71.     Accordingly, Defendants MARTINEZ and GRIFFIN, and DOES 1-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

72.     Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks punitive damages and attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against Defendants CITY, MARTINEZ and GRIFFIN)

73.     Plaintiff repeats and re-allege each and every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

74.     Defendants MARTINEZ and GRIFFIN acted under color of law.

75.     The acts of the individual defendants deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

76.     The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal. This includes training with respect to tactics, handling situations with the mentally ill, and the use of force, including deadly force.

77.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately, including training with respect to tactics, handling situations with the mentally ill, and the use of force, including deadly and non-deadly force.

78.     The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiff's rights by the individual defendants; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

COMPLAINT FOR DAMAGES

79.     On information and belief, CITY failed to train the individual defendants properly and adequately, including training with respect to tactics, handling situations with the mentally ill, and the use of force, including deadly and non-deadly force.

80.     By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

81.     Accordingly, Defendants CITY, MARTINEZ and GRIFFIN each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

82.     Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim.  Plaintiff also seeks punitive damages and attorney fees under this claim.

## SEVENTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants CITY, MARTINEZ and GRIFFIN)

83.     Plaintiff repeats and re-allege each and every allegation in paragraphs 1 through 82 of this Complaint with the same force and effect as if fully set forth herein.

84.     The individual defendants, including MARTINEZ and GRIFFIN, acted under color of law.

85.     The individual defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY.

86.     On information and belief, the individual defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

87.    Defendants CITY, MARTINEZ and GRIFFIN, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

      (a)    Using excessive force, including excessive deadly and non-deadly force;

      (b)    Providing inadequate training regarding the use of deadly force;

      (c)    Employing and retaining as police officers individuals such as Defendants MARTINEZ and GRIFFIN, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

      (d)    Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants MARTINEZ and GRIFFIN, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

      (e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, Defendants MARTINEZ and GRIFFIN;

      (f)    Failing to adequately discipline CITY police officers, including Defendants MARTINEZ and GRIFFIN, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)    Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)    Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)    Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(j)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people;

(k)    Providing inadequate training regarding handling situations with mentally ill individuals.

88.    By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

89.    Defendants CITY and MARTINEZ and GRIFFIN, together with various other officials, whether named or unnamed, had either actual or constructive

-15-

knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

90.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, MARTINEZ and GRIFFIN acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and MARTINEZ and GRIFFIN were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

91.     The following are only a few examples of continued misconduct by officers working for Defendant CITY.  These examples demonstrate an unconstitutional custom, policy, and practice of using deadly force against unarmed civilians, and ratifying that use of deadly force and/or finding the use of deadly force to be justified or "within policy":

a) In *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-SVW (SHx), the CITY argued that the use deadly force against Mr. Contreras by LAPD officers was reasonable; a unanimous jury disagreed, awarding Mr. Contreras $5,700,000 after finding that the involved officers used excessive and unreasonable force when they shot an unarmed Mr. Contreras.  Police reports confirmed that Mr. Contreras was unarmed.  In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

b) In *P.C., et al. v. City of Los Angeles*, case number CV 07-3413 PLA, the CITY argued that the involved LAPD officers' use of force was reasonable; a unanimous jury disagreed, awarding the plaintiffs a total of $3,215,000 after finding that the involved officers' use of force was excessive and unreasonable.  In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

c) In *Cano, et al. v. City of Los Angeles*, case number 2:15-cv-00333-JAK-E, the family of an unarmed man (David Martinez) who was shot and killed by LAPD Rampart officers alleged that the force used by the officers was excessive and unreasonable.  Police reports confirmed that Mr. Martinez was unarmed at the time of the shooting. In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

d) In *Wysocki v. City of Los Angeles*, case number 2:15−cv−09587−PA−GJS, currently pending in the United States District Court for the Central District of California, the mother of a mentally ill veteran (Michael Mears) who was killed by LAPD officers after the officers used Tasers, pepper spray, and police batons against him at his own residence alleges that the force used by the officers was excessive and unreasonable.  Police reports confirm that Mr. Mears was unarmed during the incident. In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

92.     Accordingly, Defendants CITY and MARTINEZ and GRIFFIN each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

93.     Plaintiff brings this claim individually and as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks punitive damages and attorneys' fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### Battery

(Wrongful Death)

**(Against Defendants CITY, MARTINEZ and GRIFFIN)**

94.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 91 of this Complaint with the same force and effect as if fully set forth herein.

95.     MARTINEZ, GRIFFIN and DOES 1-10, while working as officers for the LAPD, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him. As a result of the actions of MARTINEZ, GRIFFIN and DOES 1-10, Decedent suffered severe pain and suffering and ultimately died from his injuries. MARTINEZ, GRIFFIN and DOES 1-10 had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers, crisis negotiation officers, and/or LAPD Special Weapons and Tactics team officers was an unreasonable and nonprivileged use of force.

96.     CITY is vicariously liable for the wrongful acts of Defendants MARTINEZ, GRIFFIN and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

97.     The conduct of MARTINEZ, GRIFFIN and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants MARTINEZ, GRIFFIN and DOES 1-10.

98.     Plaintiff brings this claim as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks punitive damages and attorneys' fees under this claim.

## NINTH CLAIM FOR RELIEF

### Negligence

(Wrongful Death)

(Against all Defendants)

99.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 98 of this Complaint with the same force and effect as if fully set forth herein.

100.    Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

101.    Defendants DOES 1-10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants DOES 1-10 were negligent and reckless, including but not limited to:

     (a)   The failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b)  the negligent tactics and handling of the situation with DECEDENT, including pre-shooting and pre-Tasing negligence;

(c)   the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d)   the failure to provide prompt medical care to DECEDENT;

(e) the failure to properly train and supervise employees, both professional and non-professional, including MARTINEZ, GRIFFIN and DOES 1-10;

(f)  the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)  the negligent handling of evidence and witnesses;

(h)  the negligent communication of information during the incident;

(i)  the failure to properly train MARTINEZ, GRIFFIN and DOES 1-10 with regard to handling situations involving mentally ill individuals;

102.   As a direct and proximate cause of Defendant's conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish. Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, her son, and will continue to be so deprived for the remainder of her natural life.

103.   CITY is vicariously liable for the wrongful acts of Defendants

1  MARTINEZ, GRIFFIN and DOES 1-10 pursuant to section 815.2(a) of the

2  California Government Code, which provides that a public entity is liable for

3  the injuries caused by its employees within the scope of the employment if

4  the employee's act would subject him or her to liability.

5       104.   Plaintiff brings this claim as successor-in-interest to DECEDENT, and

6  seeks both survival and wrongful death damages under this claim. Plaintiff also

7  seeks punitive damages and attorneys' fees under this claim.

8

9              **TENTH CLAIM FOR RELIEF**

10          **Violation of Cal. Civil Code § 51.2**

11                (Against all Defendants)

12      105.   Plaintiff repeats and re-alleges each and every allegation in

13  paragraphs 1 through 104 of this Complaint with the same force and effect as

14  if fully set forth herein.

15      106.   California Civil Code, Section 52.1 (The Bane Act), prohibits

16  any person from using violent acts or threatening to commit violent acts in

17  retaliation against another person for exercising that person's constitutional

18  rights.

19      107.   On information and belief, Defendants MARTINEZ, GRIFFIN

20  and DOES 1-10, while working for the CITY and acting within the course

21  and scope of their duties, intentionally committed and attempted to commit

22  acts of violence against DECEDENT, including shooting him without

23  justification or excuse, by integrally participating and failing to intervene in

24  the above violence, and by denying him necessary medical care.

25      108.   When Defendants shot DECEDENT, they interfered with his

26  civil rights to be free from unreasonable searches and seizures, to due

27  process, to equal protection of the laws, to medical care, to be free from state

28  actions that shock the conscience, and to life, liberty, and property.

109.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

110.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants MARTINEZ, GRIFFIN and DOES 1-10, inclusive, were intended to discourage them from exercising the above civil rights, to retaliate against them, or invoking such rights, or to prevent them from exercising such rights.

111.   Defendants successfully interfered with the above civil rights of DECEDENT and Plaintiff.

112.   The conduct of Defendants was a substantial factor in causing Plaintiff's harms, losses, injuries and damages.

113.   CITY is vicariously liable for the wrongful acts of Defendants MARTINEZ, GRIFFIN and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

114.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

115.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiff's rights, justifying an award of exemplary and punitive damages as to Defendants DOES 1-10.

116.   Plaintiff brings this claim as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks punitive damages and attorneys' fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request entry of judgment in their favor and against Defendants City of Los Angeles, Jesus Martinez; Kyle Griffin and Does 1-10, inclusive, as follows: (1) For compensatory damages in whatever other amount may be proven at trial, including both survival damages, loss of life, loss of enjoyment of life and wrongful death damages under federal and state law; (2) For funeral and burial expenses, and loss of financial support; (3) For punitive damages against the individual defendants in an amount to be proven at trial; (4) For statutory damages; (5) For interest; (6) For reasonable attorneys' fees, including litigation expenses; (7) For costs of suit; and (8) For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  May 10, 2022            SEHAT LAW FIRM PLC


                               By_____/s/ Cameron Sehat_____
                                    Cameron Sehat, Esq.
                                    Mónica Reyes-Santiago
                                    Attorneys for Plaintiff Maribel Murillo

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2        Plaintiff hereby demands a trial by jury.

3

4   DATED:  May 10, 2022            SEHAT LAW FIRM PLC

5

6                                By_____*/s/ Cameron Sehat*_____
                                   Cameron Sehat, Esq
7                                  Mónica Reyes-Santiago, Esq.
                                   Attorneys for Plaintiff Maribel Murillo
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-24-