Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Carolyn M. Aguilar, Esq. (SBN: 289550)
caguilar@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, California 94588
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

Attorneys for Defendants
OFFICER JESUS MARTINEZ and OFFICER KYLE GRIFFIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL MURILLO, individually and as successor-in-interest Of The Estate of deceased, JONATHAN MURILLO-NIX,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a governmental entity; JESUS MARTINEZ, individually; KYLE GRIFFIN, individually; and DOES 1- 10, inclusive,<br><br>Defendants. | Case No. 22-cv-03188-DMG (SKx)<br><br>**APPLICATION PURSUANT TO LOCAL RULE 79-5.2 TO FILE EXHIBITS UNDER SEAL IN SUPPORT OF DEFENDANTS JOINT MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |

Pursuant to Local Rule 79-5.2, Defendants CITY OF LOS ANGELES, OFFICER JESUS MARTINEZ, and OFFICER KYLE GRIFFIN ("Defendants") hereby apply for an order to file under seal the following documents:

1. **Exhibit E** to the Declaration of Kevin Gilbert: A true and correct copy of the video from Officer Jose Mendoza's body-worn camera for the subject incident.

2. **Exhibit F** to the Declaration of Kevin Gilbert: A true and correct copy of the video from Officer Isaac Ipsen's body-worn camera for the subject incident.

3. **Exhibit G** to the Declaration of Kevin Gilbert: A true and correct copy of the video from Officer Cesar Barba's body-worn camera for the subject incident.

4. **Exhibit H** to the Declaration of Kevin Gilbert: A true and correct copy of the first video from Sergeant Francisco Alferez's body-worn camera for the subject incident.

5. **Exhibit I** to the Declaration of Kevin Gilbert: A true and correct copy of the video from Officer Nicholas Knolls' body-worn camera for the subject incident.

6. **Exhibit K** to the Declaration of Kevin Gilbert: A true and correct copy of another video from Officer Jose Mendoza's body-worn camera for the subject incident.

7. **Exhibit L** to the Declaration of Kevin Gilbert: A true and correct copy of the video from Officer Kyle Griffin's body-worn camera for the subject incident.

8. **Exhibit M** to the Declaration of Kevin Gilbert: A true and correct copy of the video from Officer Jesus Martinez's body-worn camera for the subject incident.

9.  **Exhibit O** to the Declaration of Kevin Gilbert: A true and correct copy of the video from Officer Eric Schlesinger's body-worn camera for the subject incident.

10. **Exhibit P** to the Declaration of Kevin Gilbert: A true and correct copy of the video from Officer Marcos Gutierrez's body-worn camera for the subject incident.

11. **Exhibit Q** to the Declaration of Kevin Gilbert: A true and correct copy of the video from Officer Georgia Tykomyrov's body-worn camera for the subject incident.

12. **Exhibit S** to the Declaration of Kevin Gilbert: A true and correct copy of a still frame photo from the video from Officer Marcos Gutierrez's body-worn camera for the subject incident.

13. **Exhibit T** to the Declaration of Kevin Gilbert: A true and correct copy of the second video from Sergeant Francisco Alferez's body-worn camera for the subject incident.

As more fully articulated in the Declaration of Kevin E. Gilbert, the parties entered into a stipulated Protective Order, filed and entered by this Court on June 9, 2023 (Dkt. 35). The Protective Order states that documents may be designated as "confidential" if they constitute official records and information. The aforementioned exhibits are official records from the investigation maintained by the Los Angeles Police Department and were designated as confidential. Therefore, Defendants seek leave to file these exhibits under seal.

Under California and Federal law, criminal investigation records are by their nature confidential. California Evid. Code § 1040; *Jessup v. Superior Court of Santa Clara County*, 151 Cal.App.2d 102, 108 (1957) ("It is not only where a witness requests that his statement by kept in confidence, but in all cases of crime investigation that the record and reports are privileged."); *Youngblood v. Gates*, 112 F.R.D. 342, 345-347 (C.D. Cal. 1985). As such, good cause also exists to file the videos under seal.

Defendants recognize there is a strong presumption of access in civil cases. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Accordingly, this Application for seal pertains only to exhibits where there are compelling reasons to seal. California Evid. Code § 1040; *Jessup v. Superior Court of Santa Clara County*, 151 Cal.App.2d 102, 108 (1957) ("It is not only where a witness requests that his statement by kept in confidence, but in all cases of crime investigation that the record and reports are privileged."); *Youngblood v. Gates*, 112 F.R.D. 342, 345-347 (C.D. Cal. 1985).

Additionally, these exhibits (all of which are videos or from a video) cannot be redacted. Moreover, as this is a case involving a constitutional challenge to officer conduct, it will likely be subject to greater public scrutiny. As such, the protection of witnesses and the involved officers is important to a fair review of the evidence and security of those involved. Officers involved in alleged violation of constitutional rights often receive harsh public criticism and even death threats after videos are shown publicly. While disclosure not only may present a serious threat to an officer's personal life, the defendant officers are also entitled to an fair and unbiased analysis of the evidence of their actions in this case, which further public disclosure can jeopardize. Consequently, disclosure of these records and videos is highly likely to "result in the improper use of the material for scandalous . . . purposes" and therefore should not be publicly disclosed. *Foltz*, 331 F.3d at 1135, quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995). Accordingly, good cause and compelling reasons exist in order to best preserve the evidence and protect the witnesses and individuals involved in this incident.

///
///
///
///
///
///

For these reasons, Defendants respectfully request the Court grant this Application and that the above-referenced exhibits be filed under seal, pursuant to Local Rule 79-5.2.

Dated:  November 2, 2023  Respectfully submitted,
**ORBACH HUFF + HENDERSON LLP**

By: */s/ Kevin E. Gilbert*
Kevin E. Gilbert
Carolyn M. Aguilar
Attorneys for Defendants
OFFICER JESUS MARTINEZ and
OFFICER KYLE GRIFFIN