1  Kevin E. Gilbert, Esq. (SBN: 209236)
2  kgilbert@ohhlegal.com
   Carolyn M. Aguilar, Esq. (SBN: 289550)
3  caguilar@ohhlegal.com
4  **ORBACH HUFF + HENDERSON LLP**
   6200 Stoneridge Mall Road, Suite 225
5  Pleasanton, California 94588
6  Tel: (510) 999-7908; Fax: (510) 999-7918

7  Attorneys for Defendants OFFICERS JESUS MARTINEZ and KYLE GRIFFIN

8
   HYDEE FELDSTEIN SOTO, City Attorney
9  SCOTT MARCUS, Chief Assistant City Attorney (SBN: 184980)
10 CORY M. BRENTE, Senior Assistant City Attorney (SBN: 115453)
   CHRISTIAN R. BOJORQUEZ, Deputy City Attorney (SBN: 192872)
11 christian.bojorquez@lacity.org
12 200 N. Main Street, 6th Floor, City Hall East
   Los Angeles, California 90012
13 Tel: (213) 978-7023; Fax: (213) 978-8785

14
   Attorneys for Defendant CITY OF LOS ANGELES
15

16                    UNITED STATES DISTRICT COURT

17                   CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL MURILLO, individually and as successor-in-interest Of The Estate of deceased, JONATHAN MURILLO-NIX,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a governmental entity; JESUS MARTINEZ, individually; KYLE GRIFFIN, individually; and DOES 1- 10, inclusive,<br><br>Defendants. | Case No. 22-cv-03188-DMG (SKx)<br><br>**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>DATE:  December 15, 2023<br>TIME:  2:00 p.m.<br>DEPT:  Courtroom 8C<br>JUDGE: Hon. Dolly M. Gee |

Defendants CITY OF LOS ANGELES, OFFICER JESUS MARTINEZ and OFFICER KYLE GRIFFIN ("Defendants") submit this Separate Statement of Uncontroverted Facts together with references to evidence in support of Defendants' Joint Motion for Summary Judgment or, in the alternative, Partial Summary Judgment, as follows:

## UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE

| I. | The Officers' Actions Were Objectively Reasonable | |
|---|---|---|
| **DEFS' SUF No.** | **UNCONTROVERTED FACTS** | **EVIDENTIARY SUPPORT** |
| 1. | On February 1, 2022, at 2:14 a.m., Joshua Echeverria ("Joshua"), the then-21-year-old brother of Jonathan Murillo-Nix ("Murillo-Nix"), called 9-1-1 and reported, "my older brother is acting crazy right now. He's trying to attack my dad right now with knives." | **Exhibits A-B**[1] (Ex. A), 9-1-1 Audio Call 01 at 0:00-0:20.[2] |
| 2. | A minute later at 2:15 a.m., Elenilson Echeverria ("Elenilson"), Murillo-Nix's stepfather, also called 9-1-1 and reported, "I need help. . .[banging sounds] . . My stepson is with knives, and he said he's trying to kill everybody here at home." | **Exhibits C-D** (Ex. C), 9-1-1 Audio Call 02 at 0:00-0:15. |
| 3. | Elenilson reported that he was "drunk, drunk, drunk" | Ex. C at 00:58-1:05, 01:58- |
| 4. | Elenilson later responded "But he's with two knives and he said he's going to kill everybody here." | Ex. C at 02:00-02:10. |

---

[1] All exhibits are attached to the Declaration of Kevin Gilbert, unless otherwise noted.

[2] The time referenced in the audio records (Exhibits A-D) refers to the elapsed time from when the audio starts. Audio of the calls has been provided both with timestamp and without. Thus, for example, Exhibit A and B are the same audio 9-1-1 call, but one is without the mechanical timestamp so that the call's audio can be better heard.

- 1 -
Defs' Separate Stm of Uncontroverted Facts ISO Joint MSJ or, in the Alt, Partial SJ [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

## I. The Officers' Actions Were Objectively Reasonable

| DEFS' SUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 5. | Officers arrived at approximately 2:19 a.m., approximately 5 minutes after the first call was placed. | **Exhibit E** (Ex. E), Body-Worn Video (BWV) of Officer Jose Mendoza at 02:19:05-02:19:54.[3] |
| 6. | Immediately after arriving onsite, the officers quickly began speaking with Elenilson from his open bedroom window. | Ex. E at 02:19:52-02:21:52; **Exhibit F** (Ex. F), BWV of Officer Isaac Ipsen at 02:19:52-02:21:52. |
| 7. | Elenilson again informed the officers that Murillo-Nix was armed with two knives, would not let anyone out of their rooms, and was trying to kill everybody. | Ex. E at 02:20:22-02:21:09; Ex. F at 02:20:22-02:21:09. |
| 8. | Elenilson advised the officers that though the front door was locked, they would be able to enter from the back door. | Ex. E at 02:20:22-02:21:09; Ex. F at 02:20:22-02:21:09. |
| 9. | While the officers were speaking with Elenilson, Murillo-Nix could be heard banging on the door. | Ex. E at 02:21:45-02:21:52; Ex. F at 02:21:44-02:21:52. |
| 10. | Fearing for the family's well-being, the officers quickly entered the property. | Ex. E at 02:21:45-02:21:52; Ex. F at 02:21:44-02:21:52 |
| 11. | Elenilson jumped out of his bedroom window and led the officers around toward the back of the house. | Ex. F at 02:21:59-02:22:21. |
| 12. | Officers enter into the living room area at the back of the home and yell out, directing Murillo-Nix to come out with his hands up. | Ex. E at 02:23:00-02:23:30; Ex. F at 02:23:00-02:23:30 |

---

[3] The time references on all BWVs reflects the universal time stamp in the upper-right hand corner of the videos.

## I. The Officers' Actions Were Objectively Reasonable

| DEFS' SUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 13. | Officers then ensured the remaining family members were evacuated. | **Exhibit G** (Ex. G), BWV of Officer Cesar Barba at 2:25:40-02:26:25; **Exhibit H** (Ex. H), BWV of Sergeant Francisco Alferez at 02:25:54-02:26:25. |
| 14. | Family members had to be evacuated through windows at the front of the home. | Ex. G at 2:25:40-02:26:25; Ex. H at 02:25:54-02:26:25. |
| 15. | Officers set up a perimeter around the residence including positioning a marked police car in the driveway and other cars to block traffic as necessary to contain Murillo-Nix and prohibit him from entering into the surrounding homes. | See generally, Ex. H at 02:26-02:35:30; **Exhibit I** (Ex. I), BWV of Officer Nicholas Knolls at 2:31:00-02:34:22. |
| 16. | The officers also set up a command post (CP) and relocated the family (Plaintiff, Elenilson, Joshua, and another son) to the CP area down the block. | See, generally, Ex. H at 2:33:27-2:35:45 (directing officers and family members to corner of Desmond/Sproule); 02:38:59-02:39:10 (radio dispatch announcing CP); **Exhibit J** (Ex. J), Incident Recall at 02:34:33 (noting "Set Up Command Post Sproule/Desmond")[4] |
| 17. | The sergeant on scene also requested an ambulance be stationed at the CP. | Ex. H at 2:36:06-02:36:22 (Sgt. Alferez requesting an "RA" (Rescue Ambulance) to standby at Desmond and Dronefield); Ex. J at 02:38:12 (Dispatching "FD 103"). |

---

[4] The CP was later moved to Desmond and Dronefield, further down the street from the scene.

## I. The Officers' Actions Were Objectively Reasonable

| DEFS' SUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 18. | The ambulance arrived on scene before 3:00 a.m. | See, **Exhibit K** (Ex. K), Second BWV of Officer Jose Mendoza at 02:56:46-02:58:00 (showing Fire Department personal deployed at Desmond and Dronefield – no audio). |
| 19. | From the moment the officers entered the home and over the next 79 minutes, officers, including Officer Martinez, attempted to negotiate with Murillo-Nix to come out of the house peacefully and without a weapon. | See, generally, Ex. E at 02:23:20-02:25:00, 02:28:35-02:29:15; Ex. F at 02:23:18-02:29:15; Ex. H at 02:46:54-02:48:00; **Exhibit L** (Ex. L), BWV of Officer Kyle Griffin at 02:36:03-03:42:39; **Exhibit M** (Ex. M), BWV of Officer Jesus Martinez at 02:36:04-03:42:41. |
| 20. | At some point, Murillo-Nix damaged one of the bedroom doors so extensively that the lock was broken and he was able to enter that room, yelling from the window. | Ex. H at 2:25:56-02:26:03 (Elinelson reporting that the lock in the bedroom could not lock any more); **Exhibit N** (Ex. N), photos of broken bedroom door and door jam. |
| 21. | The officers repeatedly warned Murillo-Nix to come out unarmed or force, including deadly force, may be used. | See, generally, Ex. E at 02:23:20-02:25:00, 02:28:35-02:29:15; Ex. F at 02:23:18-02:29:15; Ex. H at 02:46:54-02:48:00; Ex. L at 02:36:03-03:42:39; Ex. M at 02:36:04-03:42:41; **Exhibit O** (Ex. O), BWV of Officer Eric Schlesinger at 03:41:18-03:42:40. |

## I. The Officers' Actions Were Objectively Reasonable

| DEFS' SUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 22. | Murillo-Nix never complied with any of the officers commands. | See, generally, Ex. E at 02:23:20-02:25:00, 02:28:35-02:29:15; Ex. F at 02:23:18-02:29:15; Ex. H at 02:46:54-02:48:00; Ex. L at 02:36:03-03:42:39; Ex. M at 02:36:04-03:42:41; Ex. O at 03:41:18-03:42:40. |
| 23. | While the officers were attempting to negotiate with Murillo-Nix, he often made threats to his family or others and threw items from the window at the front of the home. | See, generally, Ex. E at 02:23:20-02:25:00, 02:28:35-02:29:15; Ex. F at 02:23:18-02:29:15; Ex. H at 02:46:54-02:48:00; Ex. L at 02:36:03-03:42:39; Ex. M at 02:36:04-03:42:41. |
| 24. | Several officers throughout the incident were armed with less-lethal weapons at various times, including Officer Schlesinger, Officer Gutierrez, and Officer Tykhomryov. | See generally, Ex. H at 02:26-02:35:30, 02:38:30-02:38:42; Ex. O at 02:58:26-03:42:40; **Exhibit P** (Ex. P), BWV of Officer Marcos Gutierrez at 02:32:49-03:42:49; **Exhibit Q** (Ex. Q), BWV of Officer Georgia Tykhomyrov at 02:22:55-03:42:49. |
| 25. | At approximately 3:42 a.m. Murillo-Nix, suddenly exited from the home while grasping two knives – one in each hand. | Ex. O at 03:41:16-03:42:40. |
| 26. | One of the knives was approximately 4 inches long and the other approximately 8 inches long. | **Exhibit R** (Ex. R), photos of knives found at scene. |

| I. | The Officers' Actions Were Objectively Reasonable | |
|---|---|---|
| **DEFS' SUF No.** | **UNCONTROVERTED FACTS** | **EVIDENTIARY SUPPORT** |
| 27. | An officer called out to Murillo-Nix that they were not trying to hurt him, but that they were not going anywhere. An announcement was also made over the police radio that Murillo-Nix had exited the residence with two knives in his hands. | Ex. L at 03:42:09-03:42:36; Ex. O at 03:41:18-03:42:40; Ex. P at 3:42:27-03:42:36; Ex. Q at 03:42:25-03:42:36. |
| 28. | Murillo-Nix then began running toward the front of the house which resulted in Officer Schlesinger firing his 40mm less-lethal weapon at Murillo-Nix. | Ex. O at 03:41:18-03:42:40. |
| 29. | Murillo-Nix, however, was undeterred, and kept running toward the front driveway of the home toward additional officers. | Ex. Q at 03:42:36-03:42:42. |
| 30. | Officer Tykhomryov also attempted to stop Murillo-Nix's flight toward the front of the home, firing at Murillo-Nix once from his 40mm less-lethal weapon. | Ex. Q at 03:42:41-03:42:42. |
| 31. | Upon seeing Murillo-Nix with the knife running toward several fellow officers, Officer Gutierrez then fired 3 rounds from his bean bag launcher. | Ex. L at 03:42:41-03:42:44; Ex. P at 03:42:41-03:42:44. |
| 32. | The 40mm less-lethal and bean bag rounds all were ineffective at impeding Murillo-Nix's advance. | Ex. L at 03:42:41-03:42:44; Ex. P at 03:42:41-03:42:44. |
| 33. | Murillo-Nix then continued sprinting down the driveway directly toward Officers Griffin and Martinez. | Ex. L at 03:42:44-03:42:46; Ex. M at Ex. P at 03:42:44-03:42:46. |

| I. | The Officers' Actions Were Objectively Reasonable | |
|---|---|---|
| **DEFS' SUF No.** | **UNCONTROVERTED FACTS** | **EVIDENTIARY SUPPORT** |
| 34. | Seeing that Murillo-Nix was still quickly advancing toward them with a knife in hand, Officer Griffin fired 4 rounds from his firearm at Murillo-Nix, with the first shot fired when Murillo-Nix had closed to approximately 7 feet from Officer Griffin and was continuing to advance. | Ex. L at 03:42:44-03:42:47; Ex. M at 03:42:44-03:42:46. |
| 35. | Officer Martinez had been on the PA system, but when he saw Murillo-Nix running toward them, he dropped the microphone and grabbed his handgun. Officer Martinez fired 3 shots at Murillo-Nix, with the first being fired when Murillo-Nix had closed to approximately 4 feet away and was continuing to advance. | Ex. M at 03:42:40-03:42:47; **Exhibit U** (Ex. U), Deposition of Jesus Martinez at 28:1-19. |
| 36. | All of the shots fired from both Officers Martinez and Griffin were fired in less than 2 seconds. | Ex. L at 03:42:45-03:42:46; Ex. M at 03:42:45-03:42:47; Ex. P at 03:42:46-03:42:48. |
| 37. | From the moment Officer Schlesinger had fired his 40mm until the last firearm was fired, only 10 seconds had elapsed. | Ex. L at 03:42:36-03:42:46; Ex. O at 03:42:37-03:42:47. |
| 38. | One of the shots fired at Murillo-Nix struck his hand, causing one of the knives to be projected into the yard, splintering the handle. | Declaration of Tracy Ng at ¶¶ 4-7 and **Exhibits W-X**, Ng Reports and knife photos attached thereto; Declaration of Kari Mar at ¶¶ 2-4 and **Exhibit Y** (Ex. Y), DNA report, attached thereto; **Exhibit S** (Ex. S), enhanced photo from Gutierrez BWV; Ex. P at 3:42:45. |

## I. The Officers' Actions Were Objectively Reasonable

| DEFS' SUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 39. | The officers called for ambulance assistance seconds after the final shot was fired. | **Exhibit T** (Ex. T), Sgt. Alferez BWV no. 2 at 3:42:56-3:42:59 (requesting "Let me get the LAFD up here."); see also 03:43:32-03:43:38 (again requesting LAFD and response stating that they were coming). |

## II. The Officers' Actions did not "Shock the Conscience"

| DEFS' SUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 40. | Any reasonable officer would have concluded that deadly force was appropriate in response to Murillo-Nix's actions, which included quickly advancing on the Officers while brandishing a knife. | See Defendants' above SUFs (1-39) and evidentiary support, which is incorporated herein by reference. |
| 41. | Officer Martinez and Officer Griffin fired their respective lethal weapons solely in response to the imminent threat that Murillo-Nix posed. | Ex. L at 03:42:38-03:42:47; Ex. M at Ex. M at 02:36:04-03:42:41; Ex. U at 18:21-19:04, 19:11-21, 58:17-59:4, 60:3-6; **Exhibit V** (Ex. V) Deposition of Kyle Griffin at 35:10-16, 35:25-36:2, 36:14-21, 44:2-6, 44:13-16. |

### III. The Officers Are Entitled to Qualified Immunity

| DEFS' SUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 42. | Any reasonable officer would have concluded that deadly force was appropriate in response to Murillo-Nix's actions, which included quickly advancing on the Officers while brandishing a knife. | See Defendants' above SUFs (1-41) and evidentiary support, which is incorporated herein by reference. |

### IV. Plaintiff's Claims for State Law Violations are Precluded Given the Officers' Actions were Lawful

| DEFS' SUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 43. | Any reasonable officer would have concluded that deadly force was appropriate in response to Murillo-Nix's actions, which included quickly advancing on the Officers while brandishing a knife. | See Defendants' above SUFs (1-42) and evidentiary support, which is incorporated herein by reference. |

### V. Plaintiff's Bane Act Claim Fails as a Matter of Law

| DEFS' SUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 44. | Any reasonable officer would have concluded that deadly force was appropriate in response to Murillo-Nix's actions, which included quickly advancing on the Officers while brandishing a knife. | See Defendants' above SUFs (1-43) and evidentiary support, which is incorporated herein by reference. |

| V. | Plaintiff's Bane Act Claim Fails as a Matter of Law | |
|---|---|---|
| **DEFS' SUF No.** | **UNCONTROVERTED FACTS** | **EVIDENTIARY SUPPORT** |
| 45. | There is no evidence to support that either Officer Martinez or Officer Griffin had any specific intent to deprive Murillo-Nix of any of his alleged rights. | Ex. L at 03:42:38-03:42:47; Ex. M at Ex. M at 02:36:04-03:42:41; Ex. U at 18:21-19:04, 19:11-21, 58:17-59:4, 60:3-6; Ex. V at 35:10-16, 35:25-36:2, 36:14-21, 44:2-6, 44:13-16. |

Dated: November 3, 2023    **ORBACH HUFF + HENDERSON LLP**

By: */s/ Kevin E. Gilbert*
    Kevin E. Gilbert
    Carolyn M. Aguilar
    Attorneys for Defendants
    OFFICER JESUS MARTINEZ and
    OFFICER KYLE GRIFFIN

Dated: November 3, 2023    **HYDEE FELDSTEIN SOTO**, City Attorney
    **SCOTT MARCUS**, Chief Asst. City Attorney
    **CORY M. BRENTE**, Senior Asst. City Attorney

By: */s/ Christian Bojorquez*
    Christian Bojorquez, Deputy City Attorney
    Attorneys for Defendant
    CITY OF LOS ANGELES