**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:  (818) 347-3333
Fax:  (818) 347-4118

**THE SEHAT LAW FIRM, PLC**
Cameron Sehat, Esq. (SBN 256535)
cameron@sethatlaw.com
5100 Campus Dr., Suite 200
Newport Beach, CA 92660
Tel:   (949) 825-5200
Fax:  (949) 313-5001

*Attorneys for Plaintiff*
MARIBEL MURILLO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL MURILLO, individually and as successor-in-interest of the estate of deceased, JONATHAN MURILLO-NIX,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a governmental entity; JESUS MARTINEZ, individually; KYLE GRIFFIN, individually; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-03188 DMG (SKx)<br><br>[*Honorable Dolly M. Gee*]<br>*Magistrate Judge Steve Kim*<br><br>**OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION PURSUANT TO LOCAL RULE 79-5.2 TO FILE EXHIBITS UNDER SEARL IN SUPPORT OF DEFENDANTS JOINT MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[(Proposed) Order *filed concurrently herewith*] |

-1-   Case No. 2:22-cv-03188 DMG (SKx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO FILE EXHIBITS UNDER SEAL

**OPPOSITION TO *EX PARTE* APPLICATION TO FILE UNDER SEAL**

Plaintiff contends that Defendants wrongfully seek to file twelve (12) body-worn camera ("BWC") videos and a screenshot of the same, of the subject officer-involved shooting incident, under seal.

Plaintiff contends that these BWC videos and screenshots from the involved officers show the historical facts of this incident and are directly related to this civil rights officer-involved shooting death case. Plaintiff contends that these documents are not confidential, and that nothing in these documents require secrecy from the public on these very public issues. Further, these documents should not be hidden from the public because they establish the disputed issues of material fact that preclude Defendants from summary judgment.

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks omitted). Consequently, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party who seeks to seal court documents in connection with a dispositive motion bears the burden of overcoming this presumption by presenting "compelling reasons supported by specific factual findings." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted).

Defendants acknowledge the strong presumption of access in civil cases in their *ex parte* application. Citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). But Defendants cannot overcome that strong presumption. Defendants have not met their burden and have not provided compelling reasons to seal these videos. Defendants merely state that the parties entered a protective order and that Defendants designated records as confidential. Defendants' argument that California evidence code or law should apply is unpersuasive. Body-worn camera videos capturing the incident in real-time are not

-2-   Case No. 2:22-cv-03188 DMG (SKx)
PLAINTIFF'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO FILE EXHIBITS UNDER SEAL

investigation records or reports and are not privileged. Plaintiff contends that the presumption is even stronger when the issue before the Court is one of public concern – here, civil rights violation.

Further, Plaintiff contends that it is possible to redact a video to conceal some confidential image. However, Defendants do not point to any such image within any of the videos that would require any such redaction. The only individuals depicted in the portions of the videos that show the subject officer-involved shooting are Decedent and the involved officers. Public scrutiny in an officer-involved shooting case should be encouraged by the City of Los Angeles and its police department, not suppressed. Defendants argue that the videos should not be shown publicly yet the City of Los Angeles publishes links to critical incident videos that show relevant excerpts of the body-worn camera videos on their website at https://www.lapdonline.org/office-of-the-chief-of-police/professional-standards-bureau/critical-incident-videos/2022-o-i-s-shootings-and-critical-incidents/.

The subject Critical Incident video pertaining to this officer-involved shooting includes audio from 9-1-1 callers, video from several different officers' body-worn cameras, and investigation photographs. See https://www.youtube.com/watch?v=TrUdNPOEqj8. Interestingly, in the Critical Incident video, the City of Los Angeles blurred (redacted) the faces of the family members, but not officers. Thus, (1) redaction is possible and (2) public officials (i.e., officers) acting in the public capacities and in the performance of their public duties do not need to be redacted.

Furthermore, the City of Los Angeles Board of Police Commissioner adjudicated this use of force incident on January 20, 2023. (https://lapdonlinestrgeacc.blob.core.usgovcloudapi.net/lapdonlinemedia/004-22-PR-OIS-FINAL.pdf.) The County of Los Angeles District Attorney's Office also published their final report in June of 2023.

(https://da.lacounty.gov/sites/default/files/pdf/JSID-OIS-06-21-23-Murillo-Nix.pdf.) Defendants do no point out what ongoing investigation that requires secrecy.

Plaintiff contends that Defendant City of Los Angeles has practiced mass, indiscriminate, and routinized designation of evidence subject to an officer-involved shooting investigation as confidential. The mere fact that "information may have been designated confidential pursuant to a protective order is not sufficient justification for filing under seal." C.D. Cal. R. 79-5.2.2(a)(i).

Finally, Plaintiff will undoubtedly require filing portions of videos, screenshots of videos, photographs, and statements of involved officers as exhibits in opposition to Defendants' motion for summary judgment to show disputed issues of material fact – which Defendant City has designated as confidential. Just as with Defendants videos, Plaintiff's anticipated exhibits are not subject to any open investigation, do not contain any confidential information, and should not be concealed from public view in a dispositive motion on a civil rights case.

For these reasons, Plaintiff respectfully request that this Court DENY Defendants' Application, and order that body-worn camera videos of the incident, and screenshots thereof, may be filed regularly through the Court's CM/ECF system and not under seal.

Respectfully submitted,

Date: November 6, 2023            **LAW OFFICES OF DALE K. GALIPO**

                                                                               /s Marcel F. Sincich
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*