UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-3188-DMG (SKx) | Date | November 8, 2023 |
| Title | *Maribel Murillo v. City of Los Angeles, et al.* | Page | 1 of 3 |

| | |
|---|---|
| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER DENYING SEALING APPLICATION [40]**

This case arises from an officer-involved, fatal shooting. Defendants the City of Los Angeles, Jesus Martinez, and Kyle Griffin apply to file under seal 12 recordings and one screenshot from body worn cameras worn by Defendants Martinez and Griffin and other officers during the subject incident. App. [Doc. # 40]. Defendants have provided the Court with access to the videos and screenshot via hyperlinks. [Doc. # 41 (sealed).] Plaintiff Maribel Murillo opposes the Application. [Doc. # 45.]

A party seeking to seal documents filed with a summary judgment motion must demonstrate that there are compelling reasons, supported by specific factual findings, to overcome the strong presumption of public access in civil cases. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Defendants bear the burden of demonstrating compelling reasons to seal these exhibits. *See* L.R. 79-5.2.2(a).

Defendants' arguments in favor of sealing are twofold. First, Defendants cite state and federal authority that "criminal investigation records are by their nature confidential," noting that the exhibits were designated confidential pursuant to the parties' stipulated protective order. App. at 3 (citing Cal. Evid. Code § 1040; *Jessup v. Sup. Ct. of Santa Clara Cnty.*, 151 Cal. App. 2d 102, 108 (1957); *Youngblood v. Gates*, 112 F.R.D. 342, 345–47 (C.D. Cal. 1985). Second, Defendants argue that because this case involves a constitutional challenge to police officer conduct, there will be heightened public scrutiny, and officers may receive harsh public criticism and "even death threats" from the public. App. at 4.

With regard to the designation of the materials as confidential investigation records, "[t]hat the information may have been designated confidential pursuant to a protective order is not sufficient justification for filing under seal." L.R. 79-5.2.2(a)(i). Neither is the fact that the reports may be subject to a privilege under state law an automatic reason to seal them in federal court. *See Myles v. Cnty. of S.D.*, No. 15-CV-1985-BEN (BLM), 2017 WL 274829, at *2 (S.D. Cal. Jan. 19, 2017) ("In a federal question case, 'federal common law applies and a state statute, without more,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-3188-DMG (SKx) | Date | November 8, 2023 |
| Title | *Maribel Murillo v. City of Los Angeles, et al.* | Page | 2 of 3 |

does not shield disclosure in federal court or rebut the strong presumption in favor of public access to judicial records.'" (citation omitted)). The state law privilege that governs these sorts of records is not absolute. *See* Cal. Evid. Code § 1040 (permitting non-disclosure of "official information" where "[d]isclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice"). In *Kamakana*, the Ninth Circuit similarly rejected blanket arguments that documents subject to federal law enforcement and official information privileges should be subject to sealing. 447 F.3d at 1184. Defendants' conclusory arguments citing state and federal privileges are therefore not persuasive.[1]

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (internal citation omitted). But "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Applying this test, the Court finds that Defendants' asserted reasons in favor of sealing the documents are outweighed by the public's significant interest in disclosure under these circumstances. That the case will involve heightened public scrutiny militates in favor of public access to filings, not against it. Inasmuch as the use of the videos in an internal investigation would weigh against disclosure, Plaintiff points to the Los Angeles County District Attorney's Office's June 2023 memorandum stating that the Office's Justice System Integrity Division completed its review following submission of the matter by the LAPD Force Investigation Division.[2] It is unclear what further investigation is ongoing that would require secrecy. Even if there were an ongoing investigation, the public has a countervailing interest in ensuring the propriety and accuracy of the internal investigatory process.

Defendants point to the "harsh public criticism and even death threats" that they speculate could result from public view of these exhibits. Conjecture about future events is not a compelling reason to grant a sealing application. *See Kamakana*, 447 F.3d at 1182. To the extent that

---

[1] Even Defendants' cited *Youngblood* case rejected blanket reliance on federal official information and ongoing investigation privileges, although that case involved whether documents could be withheld during discovery, not sealing. *See* 112 F.R.D. at 345–47.

[2] *See June 21, 2023: Fatal Officer-Involved Shooting of Jonathan Murillo-Nix*, L.A. County Dist. Att'y's Off., *available at* https://da.lacounty.gov/reports/ois (last accessed Nov. 7, 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-3188-DMG (SKx) | Date | November 8, 2023 |
|---|---|---|---|
| Title | *Maribel Murillo v. City of Los Angeles, et al.* | Page | 3 of 3 |

Defendants fear embarrassment to government officers for alleged malfeasance, their arguments must yield to the public's strong interest in the transparency of law enforcement activity and use of force. As another District Court has observed, it is particularly hard to justify the suppression of police body camera footage showing such an incident because such footage "exemplifies how and when body cameras should be used for public awareness and agency transparency." *See Narciso v. Cnty. of S.D.*, No. 20 CV 116-LL-MSB, 2022 WL 3447509, at *11 (S.D. Cal. Aug. 17, 2022).

Having considered the parties' submissions, the Court **DENIES** the Application. The exhibits proposed to be filed under seal will not be considered by the Court in connection with any pending motion, unless Defendants file unredacted versions within three Court days of this Order.

**IT IS SO ORDERED**.