**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074 (*lead counsel*)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:  (818) 347-4118

**THE SEHAT LAW FIRM, PLC**
Cameron Sehat, Esq. (SBN 256535)
cameron@sethatlaw.com
5100 Campus Dr., Suite 200
Newport Beach, CA 92660
Tel:   (949) 825-5200
Fax:  (949) 313-5001

*Attorneys for Plaintiff*
MARIBEL MURILLO

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL MURILLO, individually and as successor-in-interest of the estate of deceased, JONATHAN MURILLO-NIX,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a governmental entity; JESUS MARTINEZ, individually; KYLE GRIFFIN, individually; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-03188 DMG (SKx)<br><br>[*Honorable Dolly M. Gee*]<br>*Magistrate Judge Steve Kim*<br><br>**NOTICE OF LOCAL RULE 79-5.2.2(b) *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR AN ORDER DENYING LEAVE TO FILE UNDER SEAL EXHIBITS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND TO ORDER THAT EXHIBITS MAY BE FILED REGULARLY**<br><br>**[LOCAL RULE 79-5.2.2(b)]**<br><br>[Declaration of Marcel F. Sincich, Notice of Manuel Filing, and [Proposed] Order *filed concurrently herewith*]<br><br>MSJ Date:  December 15, 2023<br>Time:          9:30 a.m.<br>Judge:         Hon. Dolly M. Gee<br>Courtroom  8C, 8th Floor |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiff MARIBEL MURILLO, through Plaintiff's counsel Marcel F. Sincich of the Law Offices of Dale K. Galipo, will and hereby does seek and order from this Court denying leave to file, under seal, Plaintiff's Exhibits attached to the Declaration of Marcel F. Sincich in support of Plaintiff's Opposition to Defendants Motions for Summary Judgment, and for an order granting Plaintiff leave to file said exhibits regularly.

This is a civil rights police shooting-death case. Defendant City of Los Angeles marked documents that it produced during discovery as "Confidential." As such, they are governed by the operative Protective Order in this case (Doc. 35), which is intended to shield these documents from public view. In order to comply with the Protective Order, Plaintiff hereby makes this request for the Court to consider whether the following documents shall be filed under seal: (1) the first Statement of Defendant Officer Kyle Griffin; (2) the second Statement of Defendant Officer Kyle Griffin; (3) the first Statement of Defendant Officer Jesus Martinez; (4) the second Statement of Defendant Officer Jesus Martinez; (5) the Statement of involved Sgt. Francisco Alferez; (6) the Statement of involved Officer Nicholas Knolls; (7) the Statement of involved Officer Eric Schlesinger; (8) the Statement of involved Officer Daniel Frazer; (9) the Statement of involved Officer Georgiy Tykhomyrov; (10) the Statement of involved Officer Joshua Carlos; (11) the Statement of involved Officer Luis Lopez; (12) the Statement of involved Officer Marcos Gutierrez; (13) the Statement of involved Officer Sabrina Martinez; (14) the Statement of involved Officer Michael Proni; (15) the Statement of involved Officer Eduardo Piche; (16) the Autopsy Report of Decedent Murillo; (17) the Los Angeles Force Investigation Division Report; (18) photographs of officer weapons; and (19) scene photographs.

1    The above list of documents is cited in Plaintiff's Opposition to Defendants'
2 Motions for Summary Judgement and are necessary to this Court's summary
3 judgment ruling.
4
5 Respectfully submitted,
6 Date: November 22, 2023                    **LAW OFFICES OF DALE K. GALIPO**
7
8                                            _____/s Marcel F. Sincich_____
                                              Dale K. Galipo
9                                            Marcel F. Sincich
10                                           *Attorneys for Plaintiff*

# APPLICATION TO FILE UNDER SEAL

Pursuant to L.R. 79-5.2.2(b), Plaintiff MARIBEL MURILLO, individually and as successors in interest to Decedent JONATHAN MURILLO-NIX, hereby respectfully submit her application to file under seal the following documents, attached as exhibits to the Declaration of Marcel F. Sincich in Support of Plaintiff's Opposition to Defendants' Motions for Summary Judgment: (1) the first Statement of Defendant Officer Kyle Griffin; (2) the second Statement of Defendant Officer Kyle Griffin; (3) the first Statement of Defendant Officer Jesus Martinez; (4) the second Statement of Defendant Officer Jesus Martinez; (5) the Statement of involved Sgt. Francisco Alferez; (6) the Statement of involved Officer Nicholas Knolls; (7) the Statement of involved Officer Eric Schlesinger; (8) the Statement of involved Officer Daniel Frazer; (9) the Statement of involved Officer Georgiy Tykhomyrov; (10) the Statement of involved Officer Joshua Carlos; (11) the Statement of involved Officer Luis Lopez; (12) the Statement of involved Officer Marcos Gutierrez; (13) the Statement of involved Officer Sabrina Martinez; (14) the Statement of involved Officer Michael Proni; (15) the Statement of involved Officer Eduardo Piche; (16) the Autopsy Report of Decedent Murillo; (17) the Los Angeles Force Investigation Division Report; (18) photographs of officer weapons; and (19) scene photographs.

The basis for seeking this request is that documents subject to the Protective Order are necessary to Plaintiff's Opposition to Defendants' Motions for Summary Judgment (Doc. 44), which was filed on November 3, 2023. Plaintiff's Oppositions are due on November 24, 2023 as 21 days prior to the hearing but will be filed on November 22, 2023, due to the court's holiday schedule.

These documents have been designated by Defendants and the Los Angeles District Attorney's Office as confidential pursuant to the protective order entered by Magistrate Judge Steve Kim on June 9, 2023 (Doc. 35). Defendants and LADA designated these documents as "Confidential Pursuant to Protective Order."

**Local Rule 7-19 Compliance**

Prior to filing this *ex parte* application, Plaintiff's counsel contacted Defense counsel, in compliance with Local Rule 7-19 through 7-19.1. (See Sincich Decl. ¶¶ 2-4.

Defense counsel are:

>Kevin E. Gilbert, Esq. (SBN: 209236)
>
>kgilbert@ohhlegal.com
>
>Carolyn M. Aguilar, Esq. (SBN: 289550)
>
>caguilar@ohhlegal.com
>
>ORBACH HUFF + HENDERSON LLP
>
>6200 Stoneridge Mall Road, Suite 225
>
>Pleasanton, California 94588
>
>Telephone: (510) 999-7908
>
>Facsimile: (510) 999-7918
>
>Attorneys for Defendants
>
>OFFICER JESUS MARTINEZ and OFFICER KYLE GRIFFIN
>
>HYDEE FELDSTEIN SOTO, City Attorney
>
>DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
>
>SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
>
>CORY M. BRENTE, Senior Assistant City Attorney (SBN 115453)
>
>CHRISTIAN R. BOJORQUEZ, Deputy City Attorney (SBN 192872)
>
>200 N. Main Street, 6th Floor, City Hall East
>
>Los Angeles, California 90012
>
>Tel: (213) 978-7023; Fax: (213) 978-8785
>
>Email: christian.bojorquez@lacity.org
>
>Attorneys for Defendant CITY OF LOS ANGELES

Counsel for the Los Angeles District Attorney's Office:

>Tomas A. Guterres
>
>COLLINS + COLLINS, LLP
>
>T: 626-243-1100
>
>790 E. Colorado Boulevard, Suite 600
>
>Pasadena, CA 91101
>
>tguterres@ccllp.law

In advance of Plaintiff's Application, counsel for Plaintiff and counsel for the LADA, and Defendants Martinez and Griffin (on behalf of the "joint Defendants") corresponded regarding Plaintiff's intention to file several exhibits that are subject to the Protective Order. Attorneys for the City of Los Angeles did not respond directly. Plaintiff's counsel requested from Defendants' counsel an agreement to lift the confidential designation, and if not, what specific information requires secrecy so that the parties can discuss redaction. Sincich Decl. ¶2.

Counsel for the LADA deferred the designation to the City as the documents in question are City documents involving LAPD officers. Presumably because of this Court's Order previously ruling that videos of the incident should be filed regularly and not under seal (Doc. 47), Defendants agreed that videos do not been to be filed under seal. However, Defendants' position is that involved officer statements, the FID Report, the autopsy report, and evidence photographs "need to be filed under seal since they contain confidential and privileged information – including implicating the privacy rights of third parties." Plaintiff's counsel responded specifying exactly which photographs and which officer statements are of issue and requested a list of all information within that contains confidential or privileged information so that the parties can discuss redaction. Defense counsel replied that the "officer statements, FID and Autopsy reports are all confidential and need to remain sealed, especially as they implicate third-party privacy rights and also include confidential personnel information related to officers that did not use

lethal force." Defense counsel did not provide a single citation of confidential of privileged information not related to the use of force for Plaintiff's counsel to redact. It is Plaintiff's understanding that Defendants will oppose this Application given that Plaintiff requests these documents to be filed regularly. Sincich Decl. ¶3.

Plaintiff files this application pursuant to L.R. 79-5.2.2(b) on an *ex parte* basis because these exhibits are necessary to Plaintiff's Opposition to Defendants' Motions for Summary Judgment, and by the time Plaintiff received Defendants' Motion and determined what exhibits to use in opposition, there was insufficient time in advance of the November 24, 2023 opposition due date or December 15, 2023 summary judgment hearing for this application to be heard as a regularly noticed motion. *Id.* at ¶4.

Plaintiff's counsel provided defense counsel with a copy of the Declaration of Marcel F. Sincich pursuant to L.R. 79-5.2.2(b).  *See* Sincich Decl. at ¶11.

Plaintiff contends that these statements of the involved officers, the City investigatory report, the autopsy report, and photographs are all directly relate to this civil right officer-involved shooting death case and necessary to oppose dispositive motions. Plaintiff contends that these documents are not confidential, are not privileged (to which Defendants have any standing to assert), and that nothing in these documents require secrecy from the public on these public issues. Further, these documents should not be hidden from the public because they establish the disputed issues of material fact that preclude Defendants from summary judgment.

For the reasons set forth in the Declaration of Marcel F. Sincich in Support of Application for Leave to File Under Seal Exhibits in Opposition to Defendants' Motion for Summary Judgment, filed concurrently herewith, **Plaintiff respectfully request that this Court DENY any request to file said exhibits under seal, and order that these documents be filed regularly through the Court's CM/ECF system**.

| | |
|---|---|
| 1 | |
| 2 | Respectfully submitted, |
| 3 | Date: November 22, 2023                **LAW OFFICES OF DALE K. GALIPO** |
| 4 | |
| 5 |                                                                   */s Marcel F. Sincich* |
| 6 |                                                          Dale K. Galipo |
|   |                                                          Marcel F. Sincich |
| 7 |                                                          *Attorneys for Plaintiffs* |