**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074 (*lead counsel*)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

**THE SEHAT LAW FIRM, PLC**
Cameron Sehat, Esq. (SBN 256535)
cameron@sethatlaw.com
5100 Campus Dr., Suite 200
Newport Beach, CA 92660
Tel:   (949) 825-5200
Fax:   (949) 313-5001

*Attorneys for Plaintiff*
MARIBEL MURILLO

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MARIBEL MURILLO, individually and as successor-in-interest of the estate of deceased, JONATHAN MURILLO-NIX,

        Plaintiff,

    vs.

CITY OF LOS ANGELES, a governmental entity; JESUS MARTINEZ, individually; KYLE GRIFFIN, individually; and DOES 1-10, inclusive,

        Defendants.

Case No.: 2:22-cv-03188 DMG (SKx)

[*Honorable Dolly M. Gee*]
*Magistrate Judge Steve Kim*

**PLAINTIFF'S SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS TO EVIDENCE PRESENTED IN DEFENDANTS' SEPARATE STATEMENT**

[*Filed concurrently with* Plaintiff's Opposition to Defendants' Motions for Summary Judgment; Memorandum of Points and Authorities in support thereof; Declaration of Marcel F. Sincich and exhibits thereto; Declaration of Dr. Omalu; Declaration of Roger Clark; Plaintiff's Statement of Genuine Disputes and Additional Material Facts]

MSJ Date:    December 15, 2023
Time:    2:00 p.m.
Judge:    Hon. Dolly M. Gee
Courtroom    8C, 8th Floor

## PLAINTIFF'S SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS TO EVIDENCE PRESENTED IN DEFENDANTS' SEPARATE STATEMENT

Pursuant to this Court Standing Order (Doc. 12), Plaintiff MARIBEL MURILLO respectfully submits their Separate Statement of Evidentiary Objections to Evidence Presented in Defendants' Separate Statement.

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| **1.** On February 1, 2022, at 2:14 a.m., Joshua Echeverria ("Joshua"), the then-21-year-old brother of Jonathan Murillo-Nix ("Murillo-Nix"), called 9-1-1 and reported, "my older brother is acting crazy right now. He's trying to attack my dad right now with knives."<br><br>Moving Party's Evidence: **Exhibits A-B** (Ex. A), 9-1-1 Audio Call 01 at 0:00-0:20. | <u>**Local Rule 56-1: Not a material fact.**</u> A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011).<br><br><u>**FRE 402, 403**</u>: **Information Unknown to the Officer Inadmissible, Irrelevant, Unduly Prejudicial, Confuses the Issues, and is Misleading.** In determining whether an officer's use of force was reasonable under the Fourth Amendment, courts and juries consider only the information known to the officers at the time of the use of force. *Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | actions 'with the 20/20 vision of hindsight' cuts both ways."). Defendants present no evidence that they listened to the 9-1-1 call prior to using deadly force. Therefore, the entire exhibit is inadmissible, and any argument or inferences made pursuant to this exhibit should be disregarded.<br><br>**Doctrine of Completeness**: Joshua Echeverria also stated that he locked the door, that his mom and dad were in their room, and that Murillo was outside, which communicated that he was not in danger. (Defense Exhibit A, 9-1-1 Audio Call 01 at 2:20-2:23, 2:33-2:44, 4:20-4:33.)<br><br>**FRE 403, 611**: Compound.<br>**FRE 801**: Hearsay.<br>**Violation of Standing Order** requiring "No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact." (Doc. 12 at 8:8-13.) |
| 2. | A minute later at 2:15 a.m., Elenilson Echeverria ("Elenilson"), Murillo-Nix's stepfather, also called 9-1-1 and reported, "I need help. . .[banging sounds] . . My stepson is with knives, and he said he's trying to kill everybody here at home."<br><br>Moving Party's Evidence: **Exhibits C-D** (Ex. C), 9-1-1 Audio Call 02 at 0:00-0:15. | **Local Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011).<br><br>**FRE 402, 403**: **Information Unknown to the Officer Inadmissible, Irrelevant, Unduly Prejudicial, Confuses the Issues, and is Misleading.** In determining whether an officer's use of force was reasonable under the Fourth Amendment, courts and juries |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | consider only the information known to the officers at the time of the use of force. *Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."). Defendants present no evidence that they listened to the 9-1-1 call prior to using deadly force. Therefore, the entire exhibit is inadmissible, and any argument or inferences made pursuant to this exhibit should be disregarded. |
| | **Doctrine of Completeness**: Elenilson Echeverria stated that Murillo is by himself in the living room; Murillo does have mental health issues; Plaintiff in the background also confirming that Murillo had mental health issues; that everybody is locked in their rooms communicating that they were not in immediate threat of harm. Stated no guns in the house. (Defense Exhibit C, 9-1-1 Audio Call 02 at 1:44-1:50, 2:01-02:05, 2:16-2:22, 3:14-3:19, 3:41-3:44, 5:35-5:44, 5:56-5:57.) |
| | **<u>FRE 403, 602, 611</u>**: Compound, Speculation, Lacks Foundation, Lacks Personal Knowledge. Defendants attempt to argue the audio a portion of the audio includes "banging sounds." The audio speaks for itself, and interpretations of mere sounds could be different. (Defense Exhibit C, 9-1-1 Audio Call 02 at 0:00-0:15.) |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | **FRE 801**: Hearsay. **Violation of Standing Order** requiring "No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact." (Doc. 12 at 8:8-13.) |
| **3.** Elenilson reported that he was "drunk, drunk, drunk" *Moving Party's Evidence*: Ex. C at 00:58-1:05, 01:58- | **Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011). **FRE 403, 602, 611**: Speculation, Lacks Foundation, Lacks Personal Knowledge, Vague and Ambiguous as phrased as to who "he" is that Defendants are reporting. **Doctrine of Completeness**: Elenilson Echeverria stated that Murillo is by himself in the living room; Murillo does have mental health issues; Plaintiff in the background also confirming that Murillo had mental health issues; that everybody is locked in their rooms communicating that they were not in immediate threat of harm. Stated no guns in the house. (Defense Exhibit C, 9-1-1 Audio Call 02 at 1:44-1:50, 2:01-02:05, 2:16-2:22, 3:14-3:19, 3:41-3:44, 5:35-5:44, 5:56-5:57.) **FRE 402, 403**: **Information Unknown to the Officer Inadmissible, Irrelevant, Unduly Prejudicial, Confuses the Issues, and is Misleading.** In determining whether an officer's use of force was reasonable under the Fourth Amendment, courts and juries |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | consider only the information known to the officers at the time of the use of force. *Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."). Defendants present no evidence that they listened to the 9-1-1 call prior to using deadly force. Defendants had no information that Murillo was under the influence of drugs or alcohol. (**Exh. 1, Griffin Depo** at 42:15-19, to Sincich Decl. ¶1; **Exh. 4, Martinez Depo** at 24:20-25, to Sincich Decl. ¶4.) Therefore, the entire exhibit is inadmissible, and any argument or inferences made pursuant to this exhibit should be disregarded. **FRE 801**: Hearsay. **Violation of Standing Order** requiring "No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact." (Doc. 12 at 8:8-13.) |
| **4.** Elenilson later responded "But he's with two knives and he said he's going to kill everybody here." <br><br> Moving Party's Evidence: Ex. C at 02:00-02:10. | **Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v.* |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | *Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011). <br> **FRE 403, 602, 611**: Speculation, Lacks Foundation, Lacks Personal Knowledge, Vague and Ambiguous as phrased as to who "he" is that Defendants are reporting. <br> **Doctrine of Completeness**: Elenilson Echeverria stated that Murillo is by himself in the living room; Murillo does have mental health issues; Plaintiff in the background also confirming that Murillo had mental health issues; that everybody is locked in their rooms communicating that they were not in immediate threat of harm. Stated no guns in the house. (Defense Exhibit C, 9-1-1 Audio Call 02 at 1:44-1:50, 2:01-02:05, 2:16-2:22, 3:14-3:19, 3:41-3:44, 5:35-5:44, 5:56-5:57.) <br> **FRE 402, 403**: **Information Unknown to the Officer Inadmissible, Irrelevant, Unduly Prejudicial, Confuses the Issues, and is Misleading.** In determining whether an officer's use of force was reasonable under the Fourth Amendment, courts and juries consider only the information known to the officers at the time of the use of force. *Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."). Defendants present no evidence that they listened to the 9-1-1 call |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | prior to using deadly force. Therefore, the entire exhibit is inadmissible, and any argument or inferences made pursuant to this exhibit should be disregarded. **FRE 801**: Hearsay. **Violation of Standing Order** requiring "No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact." (Doc. 12 at 8:8-13.) |
| **5.** Officers arrived at approximately 2:19 a.m., approximately 5 minutes after the first call was placed. *Moving Party's Evidence*: **Exhibit E** (Ex. E), Body-Worn Video (BWV) of Officer Jose Mendoza at 02:19:05-02:19:54. | **Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011). **FRE 403, 611**: Speculation, Lacks Foundation, Vague and Ambiguous as phrased as to time and which "Officers" Defendants are referring to. Irrelevant information unknown. **FRE 801**: Hearsay. **Violation of Standing Order** requiring "No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact." (Doc. 12 at 8:8-13.) |
| **6.** Immediately after arriving onsite, the officers quickly began speaking with Elenilson from his open bedroom window. | **Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight |

| The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|
| | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | <u>Moving Party's Evidence</u>: Ex. E at 02:19:52-02:21:52; **Exhibit F** (Ex. F), BWV of Officer Isaac Ipsen at 02:19:52-02:21:52. | evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011). <u>**FRE 403, 611**</u>: Speculation, Lacks Foundation, Vague and Ambiguous as phrased as to time and which "Officers" Defendants are referring to. Irrelevant information unknown. <u>**FRE 801**</u>: Hearsay. **Violation of Standing Order** requiring "No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact." (Doc. 12 at 8:8-13.) |
| 7. | Elenilson again informed the officers that Murillo-Nix was armed with two knives, would not let anyone out of their rooms, and was trying to kill everybody.<br><br><u>Moving Party's Evidence</u>: Ex. E at 02:20:22-02:21:09; Ex. F at 02:20:22-02:21:09. | <u>**Rule 56-1**</u>: **Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011). <u>**FRE 402, 403**</u>: **Information Unknown to the Officer Inadmissible, Irrelevant, Unduly Prejudicial, Confuses the Issues, and is Misleading.** In determining whether an officer's use of force was reasonable under the Fourth Amendment, courts and juries consider only the information known to the officers at the time of the use of force. *Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v.* |

| The Officers' Actions Were Objectively Reasonable | |
| --- | --- |
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | *Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."). Defendants present no evidence that they were present on scene at this time or new this information. Therefore, the entire exhibit is inadmissible, and any argument or inferences made pursuant to this exhibit should be disregarded. **FRE 801**: Hearsay. **Violation of Standing Order** requiring "No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact." (Doc. 12 at 8:8-13.) |
| 8. | Elenilson advised the officers that though the front door was locked, they would be able to enter from the back door. Moving Party's Evidence: Ex. E at 02:20:22-02:21:09; Ex. F at 02:20:22-02:21:09. | **Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011). **FRE 402, 403**: **Information Unknown to the Officer Inadmissible, Irrelevant, Unduly Prejudicial, Confuses the Issues, and is Misleading.** In determining whether an officer's use of force was reasonable under the Fourth Amendment, courts and juries consider only the information known to the officers at the time of the use of force. *Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the |

| | The Officers' Actions Were Objectively Reasonable | |
|---|---|---|
| | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | | standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."). Defendants present no evidence that they were present on scene at this time or new this information. Therefore, the entire exhibit is inadmissible, and any argument or inferences made pursuant to this exhibit should be disregarded. **FRE 801**: Hearsay. **Violation of Standing Order** requiring "No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact." (Doc. 12 at 8:8-13.) |
| **9.** | While the officers were speaking with Elenilson, Murillo-Nix could be heard banging on the door.<br><br>Moving Party's Evidence: Ex. E at 02:21:45-02:21:52; Ex. F at 02:21:44-02:21:52. | **FRE 410, 403, 602, 611**: Speculation, Lacks Foundation, Lacks Personal Knowledge, Vague and Ambiguous, Irrelevant information unknown that officers could hear *Murillo* banging on the door. Officers did not see who was banging on the door. Despite hearing sounds that could be characterized as banging, there is no indication in the video as to who was banging or what they were banging on. **Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to |

| The Officers' Actions Were Objectively Reasonable | |
| --- | --- |
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011). **FRE 402, 403**: **Information Unknown to the Officer Inadmissible, Irrelevant, Unduly Prejudicial, Confuses the Issues, and is Misleading.** In determining whether an officer's use of force was reasonable under the Fourth Amendment, courts and juries consider only the information known to the officers at the time of the use of force. *Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."). Defendants present no evidence that they were present on scene at this time or new this information. Therefore, the entire exhibit is inadmissible, and any argument or inferences made pursuant to this exhibit should be disregarded. **FRE 801**: Hearsay. **Violation of Standing Order** requiring "No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact." (Doc. 12 at 8:8-13.) |
| **10.** Fearing for the family's well-being, the officers quickly entered the property. | **FRE 401, 403, 602, 611**: Speculation, Lacks Foundation, Lacks Personal Knowledge, Vague and Ambiguous, Irrelevant |

| | The Officers' Actions Were Objectively Reasonable | |
|---|---|---|
| | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | <u>Moving Party's Evidence</u>: Ex. E at 02:21:45-02:21:52; Ex. F at 02:21:44-02:21:52 | information unknown that officers knew where Murillo was inside the home as to pose any threat to the family.  Officers did not see where Murillo was. <br><br>**<u>Rule 56-1</u>: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011). <br><br>**<u>FRE 402, 403</u>: Information Unknown to the Officer Inadmissible, Irrelevant, Unduly Prejudicial, Confuses the Issues, and is Misleading.** In determining whether an officer's use of force was reasonable under the Fourth Amendment, courts and juries consider only the information known to the officers at the time of the use of force. *Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."). Defendants present no evidence that they were present on scene at this time or new this information. Therefore, the entire exhibit is inadmissible, and any argument or inferences made pursuant to this exhibit should be disregarded. |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | **Violation of Standing Order** requiring "No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact." (Doc. 12 at 8:8-13.) |
| **11.** Elenilson jumped out of his bedroom window and led the officers around toward the back of the house.<br><br>Moving Party's Evidence: Ex. F at 02:21:59-02:22:21. | **Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011).<br>**FRE 403, 611:** Speculation, Lacks Foundation, Vague and Ambiguous as phrased as to time and which "Officers" Defendants are referring to. Irrelevant information unknown. |
| **12.** Officers enter into the living room area at the back of the home and yell out, directing Murillo-Nix to come out with his hands up.<br><br>Moving Party's Evidence: Ex. E at 02:23:00-02:23:30; Ex. F at 02:23:00-02:23:30. | **FRE 402, 403: Information Unknown to the Officer Inadmissible, Irrelevant, Unduly Prejudicial, Confuses the Issues, and is Misleading.** In determining whether an officer's use of force was reasonable under the Fourth Amendment, courts and juries consider only the information known to the officers at the time of the use of force. *Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | actions 'with the 20/20 vision of hindsight' cuts both ways."). Defendants present no evidence that they entered the back room or knew of it occurring. Therefore, the entire exhibit and fact is inadmissible, and any argument or inferences made pursuant to this exhibit and fact should be disregarded. |
| | <u>Objections</u>: Defense Ex. E at 02:23:00-02:23:30 does not support Defendants' facts. |
| | **Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011). |
| | <u>**FRE 403, 611**</u>: Speculation, Lacks Foundation, Vague and Ambiguous as phrased as to time and which "Officers" Defendants are referring to. |
| | **Violation of Standing Order** requiring "No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact." (Doc. 12 at 8:8-13.) |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| **13.** Officers then ensured the remaining family members were evacuated.<br><br>Moving Party's Evidence: **Exhibit G** (Ex. G), BWV of Officer Cesar Barba at 2:25:40-02:26:25; **Exhibit H** (Ex. H), BWV of Sergeant Francisco Alferez at 02:25:54-02:26:25. | <u>**Rule 56-1**</u>: **Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011).<br><u>**FRE 403, 611**</u>: Speculation, Lacks Foundation, Vague and Ambiguous as phrased as to time and which "Officers" Defendants are referring to. Irrelevant information unknown.<br>**Violation of Standing Order** requiring "No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact." (Doc. 12 at 8:8-13.) |
| **14.** Family members had to be evacuated through windows at the front of the home.<br><br>Moving Party's Evidence: Ex. G at 2:25:40-02:26:25; Ex. H at 02:25:54-02:26:25. | <u>Objections</u>: Defendants evidence does not support that the family "had" to be evacuated through the windows, thus, calls for speculation, lacks foundation. Irrelevant information unknown.<br><u>**Rule 56-1**</u>: **Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011).<br><u>**FRE 403, 611**</u>: Speculation, Lacks Foundation, undue prejudice. |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| **15.** Officers set up a perimeter around the residence including positioning a marked police car in the driveway and other cars to block traffic as necessary to contain Murillo-Nix and prohibit him from entering into the surrounding homes.<br><br>Moving Party's Evidence: See generally, Ex. H at 02:26-02:35:30; **Exhibit I** (Ex. I), BWV of Officer Nicholas Knolls at 2:31:00-02:34:22. | **Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011). <br> **FRE 403, 611**: Speculation, Lacks Foundation, Vague and Ambiguous as phrased as to time and which "Officers" Defendants are referring to. Irrelevant information unknown. |
| **16.** The officers also set up a command post (CP) and relocated the family (Plaintiff, Elenilson, Joshua, and another son) to the CP area down the block.<br><br>Moving Party's Evidence: See, generally, Ex. H at 2:33:27-2:35:45 (directing officers and family members to corner of Desmond/Sproule); 02:38:59-02:39:10 (radio dispatch announcing CP); **Exhibit J** (Ex. J), Incident Recall at 02:34:33 (noting "Set Up Command Post Sproule/Desmond") | **Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011). <br> **FRE 403, 611**: Speculation, Lacks Foundation, Vague and Ambiguous as phrased as to time and which "Officers" Defendants are referring to. Irrelevant information unknown. |
| **17.** The sergeant on scene also requested an ambulance be | **FRE 403, 611**: vague and ambiguous as to who Defendants are referring to as "The sergeant." |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| stationed at the CP.<br><br>Moving Party's Evidence:<br>Ex. H at 2:36:06-02:36:22 (Sgt. Alferez requesting an "RA" (Rescue Ambulance) to standby at Desmond and Dronefield); Ex. J at 02:38:12 (Dispatching "FD 103"). | **FRE 403, 611**: vague and ambiguous as to time. |
| **18.** The ambulance arrived on scene before 3:00 a.m.<br><br>Moving Party's Evidence:<br>See, **Exhibit K** (Ex. K), Second BWV of Officer Jose Mendoza at 02:56:46-02:58:00 (showing Fire Department personal deployed at Desmond and Dronefield – no audio). | |
| **19.** From the moment the officers entered the home and over the next 79 minutes, officers, including Officer Martinez, attempted to negotiate with Murillo-Nix to come out of the house peacefully and without a weapon.<br><br>Moving Party's Evidence:<br>See, generally, Ex. E at 02:23:20-02:25:00, 02:28:35-02:29:15; Ex. F at 02:23:18-02:29:15; Ex. H at 02:46:54-02:48:00; **Exhibit L** (Ex. L), BWV of Officer Kyle Griffin | **Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011).<br>**FRE 403, 611**: Speculation, Lacks Foundation, Vague and Ambiguous as phrased as to time and which "Officers" Defendants are referring to. Irrelevant information unknown. |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| at 02:36:03-03:42:39; **Exhibit M** (Ex. M), BWV of Officer Jesus Martinez at 02:36:04-03:42:41. | |
| **20.** At some point, Murillo-Nix damaged one of the bedroom doors so extensively that the lock was broken and he was able to enter that room, yelling from the window.<br><br>Moving Party's Evidence: Ex. H at 2:25:56-02:26:03 (Elinelson reporting that the lock in the bedroom could not lock any more); **Exhibit N** (Ex. N), photos of broken bedroom door and door jam. | **FRE 403, 611**: This entire supposed fact calls for speculation, lacks foundation, and is not supported by evidence. Defendants' evidence does not establish that a lock is broken. Nevertheless, even assuming it was, Defendants' evidence does not establish who broke the lock. It is unintelligible as phrased by Defendants given that in context, it appears that the door was locked requiring Plaintiff to exit through the window. Vague as to time. Further, Defendants' evidence does not establish that Murillo entered any room or that Murillo was yelling from any window.<br>**Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011).<br>**FRE 401**: no probative value to any fact of consequence. |
| **21.** The officers repeatedly warned Murillo-Nix to come out unarmed or force, including deadly force, may be used.<br><br>Moving Party's Evidence: | **Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v.* |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| See, generally, Ex. E at 02:23:20-02:25:00, 02:28:35-02:29:15; Ex. F at 02:23:18-02:29:15; Ex. H at 02:46:54-02:48:00; Ex. L at 02:36:03-03:42:39; Ex. M at 02:36:04-03:42:41; **Exhibit O** (Ex. O), BWV of Officer Eric Schlesinger at 03:41:18-03:42:40. | *Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011). <br> **FRE 401, 403, 611**: Vague and Ambiguous as phrased as to time and which "Officers" Defendants are referring to. Vague and ambiguous as to time. Irrelevant. Misleading. |
| **22.** Murillo-Nix never complied with any of the officers commands. <br><br> Moving Party's Evidence: See, generally, Ex. E at 02:23:20-02:25:00, 02:28:35-02:29:15; Ex. F at 02:23:18-02:29:15; Ex. H at 02:46:54-02:48:00; Ex. L at 02:36:03-03:42:39; Ex. M at 02:36:04-03:42:41; Ex. O at 03:41:18-03:42:40. | **FRE 611**: Misstates evidence. <br><br> **FRE 702**: Calls for expert opinion. |
| **23.** While the officers were attempting to negotiate with Murillo-Nix, he often made threats to his family or others and threw items from the window at the front of the home. <br><br> Moving Party's Evidence: See, generally, Ex. E at 02:23:20-02:25:00, 02:28:35-02:29:15; Ex. F at 02:23:18-02:29:15; Ex. H at 02:46:54- | **Rule 56-1**: **Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v. Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011). <br> **FRE 401, 403, 611**: Speculation, Lacks Foundation, Vague and Ambiguous as phrased, Vague and Ambiguous as to time, Vague and Ambiguous as to "officers", and |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| 02:48:00; Ex. L at 02:36:03-03:42:39; Ex. M at 02:36:04-03:42:41. | Irrelevant information unknown. |
| **24.** Several officers throughout the incident were armed with less-lethal weapons at various times, including Officer Schlesinger, Officer Gutierrez, and Officer Tykhomryov.<br><br>Moving Party's Evidence: See generally, Ex. H at 02:26-02:35:30, 02:38:30-02:38:42; Ex. O at 02:58:26-03:42:40; **Exhibit P** (Ex. P), BWV of Officer Marcos Gutierrez at 02:32:49-03:42:49; **Exhibit Q** (Ex. Q), BWV of Officer Georgia Tykhomyrov at 02:22:55-03:42:49. | |
| **25.** At approximately 3:42 a.m. Murillo-Nix, suddenly exited from the home while grasping two knives – one in each hand.<br><br>Moving Party's Evidence: Ex. O at 03:41:16-03:42:40. | **FRE 611**: Misstates evidence.<br><br>**FRE 403**: argumentative as to "suddenly."<br><br>**FRE 403, 611**: Vague and ambiguous as to "grasping." |
| **26.** One of the knives was approximately 4 inches long and the other approximately 8 inches long.<br><br>Moving Party's Evidence: **Exhibit R** (Ex. R), photos of | **Rule 56-1: Not a material fact.** A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *Glenn v.* |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| knives found at scene. | *Washington County*, 673 F.3d 864, 873 n.8 (9th Cir. 2011). **FRE 402, 403**: **Information Unknown to the Officer Inadmissible, Irrelevant, Unduly Prejudicial, Confuses the Issues, and is Misleading.** In determining whether an officer's use of force was reasonable under the Fourth Amendment, courts and juries consider only the information known to the officers at the time of the use of force. *Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."). Defendants' evidence fails to show that the officers contemporaneously were aware of any knives in Murillo's possession. Any evidence of knives discovered after the shooting is therefore inadmissible, and any argument or inferences made pursuant to this exhibit should be disregarded. |
| **27.** An officer called out to Murillo-Nix that they were not trying to hurt him, but that they were not going anywhere. An announcement was also made over the police radio that Murillo-Nix had exited the residence with two knives in his hands. | **FRE 611**: Compound. **FRE 801**: Hearsay. **FRE 403, 611**: Vague and ambiguous as to "officer." |

PLAINTIFF'S OBJECTIONS TO EVIDENCE PRESENTED IN DEFENDANTS' SEPARATE STATEMENT

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| <u>Moving Party's Evidence</u>: Ex. L at 03:42:09-03:42:36; Ex. O at 03:41:18-03:42:40; Ex. P at 3:42:27-03:42:36; Ex. Q at 03:42:25-03:42:36. | |
| **28.** Murillo-Nix then began running toward the front of the house which resulted in Officer Schlesinger firing his 40mm less-lethal weapon at Murillo-Nix.<br><br><u>Moving Party's Evidence</u>: Ex. O at 03:41:18-03:42:40. | <u>**FRE 611**</u>: Misstates evidence.<br><br><u>**FRE 403**</u>: argumentative. |
| **29.** Murillo-Nix, however, was undeterred, and kept running toward the front driveway of the home toward additional officers.<br><br><u>Moving Party's Evidence</u>: Ex. Q at 03:42:36-03:42:42. | <u>**FRE 402, 403, 611**</u>: **Information Unknown to the Officer Inadmissible, Irrelevant, Unduly Prejudicial, Confuses the Issues, and is Misleading.** Defendants mislead the state of the evidence that is, it was not until Schlesinger began firing his less lethal weapon and had struck Murillo that Murillo started toward the only unobstructed path to the front gate of the house. Further misstates evidence as Schlesinger stated that he dropped to the ground and dropped a knife. Finally, there were no officers in his path toward the front of the house. |
| **30.** Officer Tykhomryov also attempted to stop Murillo-Nix's flight toward the front of the home, firing at Murillo-Nix once from his 40mm less-lethal weapon.<br><br><u>Moving Party's Evidence</u>: | <u>**FRE 402, 403**</u>: **Information Unknown to the Officer Inadmissible, Irrelevant, Unduly Prejudicial, Confuses the Issues, and is Misleading.** In determining whether an officer's use of force was reasonable under the Fourth Amendment, courts and juries consider only the information known to the officers at the time of the use of force. |

| The Officers' Actions Were Objectively Reasonable | |
| --- | --- |
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| Ex. Q at 03:42:41-03:42:42. | *Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty*., 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."). Defendants mislead the state of the evidence that is, it was not until Schlesinger began firing his less lethal weapon and had struck Murillo that Murillo started toward the only unobstructed path to the front gate of the house. Further, Defendants' evidence does not establish this fact. |
| 31. Upon seeing Murillo-Nix with the knife running toward several fellow officers, Officer Gutierrez then fired 3 rounds from his bean bag launcher.<br><br>Moving Party's Evidence:<br>Ex. L at 03:42:41-03:42:44; Ex. P at 03:42:41-03:42:44. | **FRE 611**: Misstates evidence.<br><br>**FRE 403**: misleading description of the sequence of events.<br><br>**FRE 403, 611**: Vague and ambiguous as to time. |
| 32. The 40mm less-lethal and bean bag rounds all were ineffective at impeding Murillo-Nix's advance.<br><br>Moving Party's Evidence:<br>Ex. L at 03:42:41-03:42:44; Ex. P at 03:42:41-03:42:44. | **FRE 402, 403**: **Unduly Prejudicial, Confuses the Issues, and is Misleading.** In determining whether an officer's use of force was reasonable under the Fourth Amendment, courts and juries consider only the information known to the officers at the time of the use of force. *Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight |

| | The Officers' Actions Were Objectively Reasonable | |
|---|---|---|
| | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | | cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."). Defendants mischaracterize the state of the evidence that is, Murillo was flinching, stopping, falling, and coiling within himself from the less lethal impact rounds, attempting protect himself while concurrently being struck with lethal rounds. |
| 33. | Murillo-Nix then continued sprinting down the driveway directly toward Officers Griffin and Martinez.<br><br>Moving Party's Evidence: Ex. L at 03:42:44-03:42:46; Ex. M at Ex. P at 03:42:44-03:42:46. | **FRE 611**: Misstates evidence.<br><br>**FRE 403**: argumentative as to "sprinting." Defendants do not support this argument with evidence. |
| 34. | Seeing that Murillo-Nix was still quickly advancing toward them with a knife in hand, Officer Griffin fired 4 rounds from his firearm at Murillo-Nix, with the first shot fired when Murillo-Nix had closed to approximately 7 feet from Officer Griffin and was continuing to advance. | **FRE 402, 403: Unduly Prejudicial, Confuses the Issues, and is Misleading.** Argumentative, Defendants mischaracterize the evidence, especially regarding Murillo "advancing toward them" as opposed falling backwards to the ground as his body crosses the threshold of the gate as the Defendants open fire on him.<br><br>**FRE 611**: Misstates evidence, Compound, Assumes Facts. |

| The Officers' Actions Were Objectively Reasonable | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| Moving Party's Evidence: Ex. L at 03:42:44-03:42:47; Ex. M at 03:42:44-03:42:46. | |
| **35.** Officer Martinez had been on the PA system, but when he saw Murillo-Nix running toward them, he dropped the microphone and grabbed his handgun. Officer Martinez fired 3 shots at Murillo-Nix, with the first being fired when Murillo-Nix had closed to approximately 4 feet away and was continuing to advance.<br><br>Moving Party's Evidence: Ex. M at 03:42:40-03:42:47; **Exhibit U** (Ex. U), Deposition of Jesus Martinez at 28:1-19. | <u>**FRE 402, 403**</u>: **Unduly Prejudicial, Confuses the Issues, and is Misleading.** Argumentative, Defendants mischaracterize the evidence, especially regarding Murillo "continuing to advance" as opposed falling backwards to the ground as his body crosses the threshold of the gate as the Defendants open fire on him.<br><br><u>**FRE 611**</u>: Misstates evidence, Compound. |
| **36.** All of the shots fired from both Officers Martinez and Griffin were fired in less than 2 seconds.<br><br>Moving Party's Evidence: Ex. L at 03:42:45-03:42:46; Ex. M at 03:42:45-03:42:47; Ex. P at 03:42:46-03:42:48. | <u>**FRE 702**</u>: Calls for expert opinion.<br><br><u>**FRE 403**</u>: misleading description of the sequence of events.<br><br><u>**FRE 403, 611**</u>: Vague and ambiguous. |
| **37.** From the moment Officer Schlesinger had fired his 40mm until the last firearm was fired, only 10 seconds had elapsed. | <u>**FRE 702**</u>: Calls for expert opinion.<br><br><u>**FRE 403**</u>: misleading description of the sequence of events.<br><br><u>**FRE 403, 611**</u>: Vague and ambiguous. |

| | The Officers' Actions Were Objectively Reasonable | |
|---|---|---|
| | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| | <u>Moving Party's Evidence</u>: Ex. L at 03:42:36-03:42:46; Ex. O at 03:42:37-03:42:47. | |
| **38.** | One of the shots fired at Murillo-Nix struck his hand, causing one of the knives to be projected into the yard, splintering the handle.<br><br><u>Moving Party's Evidence</u>: Declaration of Tracy Ng at ¶¶ 4-7 and **Exhibits W-X**, Ng Reports and knife photos attached thereto; Declaration of Kari Mar at ¶¶ 2-4 and **Exhibit Y** (Ex. Y), DNA report, attached thereto; **Exhibit S** (Ex. S), enhanced photo from Gutierrez BWV; Ex. P at 3:42:45. | <u>**FRE 702**</u>: Calls for expert opinion.<br><br><u>**FRE 701**</u>: Improper Lay Opinion.<br><br><u>**FRE 602**</u>: Calls for Speculation, Lacks Foundation, Lacks Personal Knowledge.<br><br><u>**FRE 403**</u>: misleading, prejudicial, confusing issues, irrelevant information unknown.<br><br><u>**FRE 403, 611**</u>: Vague and ambiguous, Compound. |
| **39.** | The officers called for ambulance assistance seconds after the final shot was fired.<br><br><u>Moving Party's Evidence</u>: **Exhibit T** (Ex. T), Sgt. Alferez BWV no. 2 at 3:42:56-3:42:59 (requesting "Let me get the LAFD up here."); see also 03:43:32-03:43:38 (again requesting LAFD and response stating that they were coming) | <u>**FRE 602**</u>: Calls for Speculation, Lacks Foundation, Lacks Personal Knowledge.<br><br><u>**FRE 403**</u>: misleading, prejudicial, confusing issues, irrelevant information unknown.<br><br><u>**FRE 403, 611**</u>: Vague and ambiguous, Compound. |

| The Officers' Actions did not "Shock the Conscience" | | |
|---|---|---|
| | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| **40.** | Any reasonable officer would have concluded that deadly force was appropriate in response to Murillo-Nix's actions, which included quickly advancing on the Officers while brandishing a knife.<br><br>Moving Party's Evidence: See Defendants' above SUFs (1-39) and evidentiary support, which is incorporated herein by reference. | **FRE 702**: Calls for expert opinion, improper expert opinion, calls for a legal conclusion.<br><br>**FRE 701**: Improper Lay Opinion.<br><br>**FRE 602**: Calls for Speculation, Lacks Foundation, Lacks Personal Knowledge, Assumes Facts.<br><br>**FRE 403**: Argumentative, Misleading, Prejudicial, Confusing Issues, Irrelevant Information Unknown.<br><br>**FRE 403, 611**: Vague and ambiguous, Compound, Misstates Evidence. |
| **41.** | Officer Martinez and Officer Griffin fired their respective lethal weapons solely in response to the imminent threat that Murillo-Nix posed.<br><br>Moving Party's Evidence: Ex. L at 03:42:38-03:42:47; Ex. M at Ex. M at 02:36:04-03:42:41; Ex. U at 18:21-19:04, 19:11-21, 58:17-59:4, 60:3-6; **Exhibit V** (Ex. V) Deposition of Kyle Griffin at 35:10-16, 35:25-36:2, 36:14-21, 44:2-6, 44:13-16. | **FRE 702**: Calls for expert opinion, improper expert opinion, calls for a legal conclusion.<br><br>**FRE 701**: Improper Lay Opinion.<br><br>**FRE 602**: Calls for Speculation, Lacks Foundation, Lacks Personal Knowledge, Assumes Facts.<br><br>**FRE 403**: Argumentative, Misleading, Prejudicial, Confusing Issues, Irrelevant Information Unknown, Misstates the Law.<br><br>**FRE 403, 611**: Vague and ambiguous, Compound, Misstates Evidence. |

| The Officers Are Entitled to Qualified Immunity | |
|---|---|
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |

| The Officers Are Entitled to Qualified Immunity | |
| --- | --- |
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| **42.** Any reasonable officer would have concluded that deadly force was appropriate in response to Murillo-Nix's actions, which included quickly advancing on the Officers while brandishing a knife.<br><br>Moving Party's Evidence: See Defendants' above SUFs (1-41) and evidentiary support, which is incorporated herein by reference. | **FRE 702**: Calls for expert opinion, improper expert opinion, calls for a legal conclusion.<br><br>**FRE 701**: Improper Lay Opinion.<br><br>**FRE 602**: Calls for Speculation, Lacks Foundation, Lacks Personal Knowledge, Assumes Facts.<br><br>**FRE 403**: Argumentative, Misleading, Prejudicial, Confusing Issues, Irrelevant Information Unknown.<br><br>**FRE 403, 611**: Vague and ambiguous, Compound, Misstates Evidence. |

| Plaintiff's Claims for State Law Violations are Precluded Given the Officers' Actions were Lawful | |
| --- | --- |
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| **43.** Any reasonable officer would have concluded that deadly force was appropriate in response to Murillo-Nix's actions, which included quickly advancing on the Officers while brandishing a knife.<br><br>Moving Party's Evidence: See Defendants' above SUFs (1-42) and evidentiary support, which is incorporated herein by reference. | **FRE 702**: Calls for expert opinion, improper expert opinion, calls for a legal conclusion.<br><br>**FRE 701**: Improper Lay Opinion.<br><br>**FRE 602**: Calls for Speculation, Lacks Foundation, Lacks Personal Knowledge, Assumes Facts.<br><br>**FRE 403**: Argumentative, Misleading, Prejudicial, Confusing Issues, Irrelevant Information Unknown.<br><br>**FRE 403, 611**: Vague and ambiguous, Compound, Misstates Evidence. |

| Plaintiff's Bane Act Claim Fails as a Matter of Law | |
| --- | --- |
| **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Objections** |
| **44.** Any reasonable officer would have concluded that deadly force was appropriate in response to Murillo-Nix's actions, which included quickly advancing on the Officers while brandishing a knife.<br><br>Moving Party's Evidence:<br>See Defendants' above SUFs (1-43) and evidentiary support, which is incorporated herein by reference. | **FRE 702**: Calls for expert opinion, improper expert opinion, calls for a legal conclusion.<br><br>**FRE 701**: Improper Lay Opinion.<br><br>**FRE 602**: Calls for Speculation, Lacks Foundation, Lacks Personal Knowledge, Assumes Facts.<br><br>**FRE 403**: Argumentative, Misleading, Prejudicial, Confusing Issues, Irrelevant Information Unknown.<br><br>**FRE 403, 611**: Vague and ambiguous, Compound, Misstates Evidence. |
| **45.** There is no evidence to support that either Officer Martinez or Officer Griffin had any specific intent to deprive Murillo-Nix of any of his alleged rights.<br><br>Moving Party's Evidence:<br>Ex. L at 03:42:38-03:42:47; Ex. M at Ex. M at 02:36:04-03:42:41; Ex. U at 18:21-19:04, 19:11-21, 58:17-59:4, 60:3-6; Ex. V at 35:10-16, 35:25-36:2, 36:14-21, 44:2-6, 44:13-16. | **FRE 702**: Calls for expert opinion, improper expert opinion, calls for a legal conclusion.<br><br>**FRE 701**: Improper Lay Opinion.<br><br>**FRE 602**: Calls for Speculation, Lacks Foundation, Lacks Personal Knowledge, Assumes Facts.<br><br>**FRE 403**: Argumentative, Misleading, Prejudicial, Confusing Issues, Irrelevant Information Unknown.<br><br>**FRE 403, 611**: Vague and ambiguous, Compound, Misstates Evidence. |

DATED:  November 22, 2023

**LAW OFFICES OF DALE K. GALIPO**

By: _____*Marcel F. Sincich*_____
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
*Attorney for Plaintiff*