Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Carolyn M. Aguilar, Esq. (SBN: 289550)
caguilar@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, California 94588
Tel: (510) 999-7908; Fax: (510) 999-7918

Attorneys for Defendants OFFICERS JESUS MARTINEZ and KYLE GRIFFIN

HYDEE FELDSTEIN SOTO, City Attorney
SCOTT MARCUS, Chief Assistant City Attorney (SBN: 184980)
CORY M. BRENTE, Senior Assistant City Attorney (SBN: 115453)
CHRISTIAN R. BOJORQUEZ, Deputy City Attorney (SBN: 192872)
christian.bojorquez@lacity.org
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Tel: (213) 978-7023; Fax: (213) 978-8785

Attorneys for Defendant CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL MURILLO, individually and as successor-in-interest Of The Estate of deceased, JONATHAN MURILLO-NIX,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a governmental entity; JESUS MARTINEZ, individually; KYLE GRIFFIN, individually; and DOES 1- 10, inclusive,<br><br>Defendants. | Case No.  22-cv-03188-DMG (SKx)<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE PROFFERED IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>DATE:  December 15, 2023<br>TIME:  2:00 p.m.<br>DEPT:  Courtroom 8C<br>JUDGE: Hon. Dolly M. Gee |

Defendants CITY OF LOS ANGELES, OFFICER JESUS MARTINEZ, and OFFICER KYLE GRIFFIN ("Defendants") hereby submit the following objections to certain evidence proffered by Plaintiff MARIBEL MURILLO ("Plaintiff") in Opposition to Defendants' Joint Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment, as follows:

| PLAINTIFF'S EVIDENCE | DEFENDANTS' OBJECTION | RULING |
|---|---|---|
| **Plaintiff's Exhibits 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17[1] – uncertified transcripts of unsworn interviews of Officers** (in their entirety). | Inadmissible hearsay (Fed. R. Evid. 802). Lack of Authentication (Fed. R. Evid. 901). Lack of Foundation (Fed. R. Evid. 602). Inadmissible Lay Opinion (Fed. R. Evid. 701). Subsequent remedial actions (Fed. R. Evid. 407).<br><br>*Steven v. Roscoe Turner Aeronautical Corp.*, 324 F.2d 157, 161 (7th Cir. 1963) ("[A]n uncertified copy of testimony is inadmissible in a summary judgment proceeding").<br><br>In hopes of assuring law enforcement officers act appropriately, the Legislature enacted Penal Code section 832.5, which mandates law enforcement agencies to assure a procedure is undertaken to investigate citizens' complaints against its officers. *Pena v. Municipal Court*, 96 Cal.App.3d 77, 82 (1979). Pursuant thereto, the City of Los Angeles instituted a process for investigating complaints against officers and/or critical incidents. Significantly, an | **Sustained:** ☐<br>**Overruled:** ☐ |

---

[1] In hopes of promoting judicial efficiency and since the identical objections apply to all of the proffered interview transcripts, Defendants have grouped them for purposes of these objections.

ORBACH HUFF + HENDERSON LLP

| PLAINTIFF'S EVIDENCE | DEFENDANTS' OBJECTION | RULING |
|---|---|---|
| | officer who is the subject of an investigation does not maintain the same rights and privileges that would otherwise be afforded.  For example, an officer subject to an internal investigation can be compelled to testify despite the protections against self-incrimination.  *Lybarger v. City of Los Angeles*, 40 Cal.3d 822 (1985).<br><br>Thus, evidence pertaining to a city and/or police department's internal affairs investigation and conclusions are subsequent remedial measures under Federal Rules of Evidence 407 and are inadmissible.  *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986).  Any such post-incident reviews, opinions, findings or conclusions are simply not relevant to the jury's adjudication of this matter. | |
| **Plaintiff's Exhibit 20 – FID Report** (in its entirety). | Inadmissible hearsay (Fed. R. Evid. 802).  Lack of Authentication (Fed. R. Evid. 901).  Lack of Foundation (Fed. R. Evid. 602).  Inadmissible Lay Opinion (Fed. R. Evid. 701).  Subsequent remedial actions (Fed. R. Evid. 407).  Relevance (Fed. R. Evid. 402).  Prejudicial and Confusing (Fed. R. Evid. 403).<br><br>Evidence pertaining to a city and/or police department's internal affairs investigation and conclusions are subsequent remedial measures under Federal Rules of Evidence 407 and are inadmissible.  *Maddox v. City of* | **Sustained:** ☐<br>**Overruled:** ☐ |

- 2 -

Defs' Objections to Plt's Evidence Proffered in Opp to Defs' Joint MSJ or, in the Alt, Partial SJ [22-cv-3188-DMG (SKx)]

| PLAINTIFF'S EVIDENCE | DEFENDANTS' OBJECTION | RULING |
|---|---|---|
|  | *Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986).<br><br>Any internal reviews, reports or findings are similarly of no consequence in determining whether the Defendant Officers allegedly violated a constitutional right. See, e.g., *Boar, Inc. v. County of Nye*, 2010 U.S. Dist. LEXIS 133334, *19, 2010 WL 5070888 (D. Nev. Oct. 15, 2010); *Davis v. City of San Diego*, 106 Cal.App.4th 893 (2003). |  |
| **Plaintiff's Exhibit 21 – BOPC Opinions** (in its entirety). | Inadmissible hearsay (Fed. R. Evid. 802). Lack of Authentication (Fed. R. Evid. 901). Lack of Foundation (Fed. R. Evid. 602). Inadmissible Lay Opinion (Fed. R. Evid. 701). Subsequent remedial actions (Fed. R. Evid. 407). Relevance (Fed. R. Evid. 402). Prejudicial and Confusing (Fed. R. Evid. 403).<br><br>In hopes of assuring law enforcement officers act appropriately, the Legislature enacted section 832.5 of the Penal Code, which mandates law enforcement agencies to assure a procedure is undertaken to investigate citizens' complaints against its officers. *Pena v. Municipal Court*, 96 Cal.App.3d 77, 82 (1979). Pursuant thereto, the City of Los Angeles instituted a process for investigating complaints against officers and/or critical incidents. Significantly, an officer who is the | **Sustained:** ☐<br>**Overruled:** ☐ |

| PLAINTIFF'S EVIDENCE | DEFENDANTS' OBJECTION | RULING |
|---|---|---|
| | subject of an investigation does not maintain the same rights and privileges that would otherwise be afforded. For example, an officer subject to an internal investigation can be compelled to testify despite the protections against self-incrimination. *Lybarger v. City of Los Angeles*, 40 Cal.3d 822 (1985).<br><br>Thus, evidence pertaining to a city and/or police department's internal affairs investigation and conclusions are subsequent remedial measures under Federal Rules of Evidence 407 and are inadmissible. *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986).<br><br>Any internal reviews, reports or findings are similarly of no consequence in determining whether the Defendant Officers allegedly violated a constitutional right.  see, e.g., *Boar, Inc. v. County of Nye*, 2010 U.S. Dist. LEXIS 133334, *19, 2010 WL 5070888 (D. Nev. Oct. 15, 2010); *Davis v. City of San Diego*, 106 Cal.App.4th 893 (2003).<br><br>The BOPC report is entirely based on the administrative investigation and its independent findings related to purported violations of the City's policies, which are not relevant to any issues in this case and are likely to cause confusion while also being | |

- 4 -

Defs' Objections to Plt's Evidence Proffered in Opp to Defs' Joint MSJ or, in the Alt, Partial SJ [22-cv-3188-DMG (SKx)]

| PLAINTIFF'S EVIDENCE | DEFENDANTS' OBJECTION | RULING |
|---|---|---|
| | overly prejudicial. Fed. R. Evid. 402, 403.<br><br>Evidence of alleged violations of department policies are further irrelevant because neither a police department's rules and policies, nor a police officer's failure to follow those policies, are a source of civil liability for the department's officers, the department or the employing city. *Lehto v. City of Oxnard*, 171 Cal.App.3d 285, 294-95 (1985); Cal. Evid. Code § 669.1. Federal case law likewise supports exclusion of evidence pertaining to whether any individual police officer complied with department policies. Indeed, the LAPD's guidelines, oversight, and training are intended for the protection of the officers and citizens and the breach of such guidelines is not dispositive to the jury's determination of whether an officer violated a constitutional right. See *Davis v. Scherer*, 468 U.S. 183, 194 (1984); *Edwards v. Baer*, 863 F.2d 606, 608 (8th Cir. 1989) ("While the unfortunate incident that gave rise to this lawsuit would not have occurred if [the defendant police officer] had followed the department's guidelines, police department guidelines do not create a constitutional right."). | |

- 5 -

Defs' Objections to Plt's Evidence Proffered in Opp to Defs' Joint MSJ or, in the Alt, Partial SJ [22-cv-3188-DMG (SKx)]

| PLAINTIFF'S EVIDENCE | DEFENDANTS' OBJECTION | RULING |
|---|---|---|
| **Roger Clark Declaration, ¶¶ 8-20 (Dkt. 54-22 at 4:19-12:22).** | Federal Rules of Evidence 402, 403, 602, 701, 702, 800, 802 and 901; expert declarations should not include unsupported speculation and subjective beliefs. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact). | **Sustained:** ☐<br>**Overruled:** ☐ |
| **Roger Clark Declaration, ¶ 5, Ex. B – Expert Report of Roger Clark (Dkt. 54-22 at Ex. B).** | FRE 401, 402, 403. Improper expert opinion. FRE 702-704. Hearsay. FRE 802.<br><br>*Arizona, Dept. of Law, Civil Rights Div. v. ASARCO, L.L.C.*, 844 F.Supp.2d 957, 965 (D. Ariz. 2011) ("The court finds that Dr. Pitt's report is nevertheless inadmissible, because it is hearsay—indeed, 'classic' hearsay-because it represents Dr. Pitt's out of court declaration offered for its truth."); see also *Aecon Bldgs., Inc. v. Zurich N. Am.*, 572 F.Supp.2d 1227, 1237 (W.D. Wash. 2008) ("The expert report must be stricken because it is unsworn hearsay."); *In re Homestore.com Inc. Sec. Litig.*, 347 F.Supp.2d 769, 780 (C.D. Cal. 2004) (excluding unsworn expert report); *Wittmer v. Peters*, 87 F.3d 916, 917 (7th Cir. 1996) (holding that unsworn expert reports are not admissible under Rule 56(e) to support or oppose summary | **Sustained:** ☐<br>**Overruled:** ☐ |

- 6 -

Defs' Objections to Plt's Evidence Proffered in Opp to Defs' Joint MSJ or, in the Alt, Partial SJ [22-cv-3188-DMG (SKx)]

| PLAINTIFF'S EVIDENCE | DEFENDANTS' OBJECTION | RULING |
|---|---|---|
| | judgment); *Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989) (holding that an expert's report attached to a declaration does not comply with Rule 56(e)); *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) ("Unsworn expert reports ... do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment.") (internal quotation marks omitted). | |
| **Bennett Omalu Declaration, ¶ 8, Ex. B – Expert Report of Bennett Omalu (Dkt. 54-25 at Ex. B)**. | FRE 401, 402, 403. Improper expert opinion. FRE 702-704. Hearsay. FRE 802.<br><br>*Arizona, Dept. of Law, Civil Rights Div. v. ASARCO, L.L.C.*, 844 F.Supp.2d 957, 965 (D. Ariz. 2011) ("The court finds that Dr. Pitt's report is nevertheless inadmissible, because it is hearsay—indeed, 'classic' hearsay-because it represents Dr. Pitt's out of court declaration offered for its truth."); see also *Aecon Bldgs., Inc. v. Zurich N. Am.*, 572 F.Supp.2d 1227, 1237 (W.D. Wash. 2008) ("The expert report must be stricken because it is unsworn hearsay."); *In re Homestore.com Inc. Sec. Litig.*, 347 F.Supp.2d 769, 780 (C.D. Cal. 2004) (excluding unsworn expert report); *Wittmer v. Peters*, 87 F.3d 916, 917 (7th Cir. 1996) (holding that | **Sustained:** ☐<br>**Overruled:** ☐ |

- 7 -

Defs' Objections to Plt's Evidence Proffered in Opp to Defs' Joint MSJ or, in the Alt, Partial SJ [22-cv-3188-DMG (SKx)]

| PLAINTIFF'S EVIDENCE | DEFENDANTS' OBJECTION | RULING |
|---|---|---|
|  | unsworn expert reports are not admissible under Rule 56(e) to support or oppose summary judgment); *Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989) (holding that an expert's report attached to a declaration does not comply with Rule 56(e)); *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) ("Unsworn expert reports ... do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment.") (internal quotation marks omitted). |  |

Dated:  December 1, 2023        Respectfully submitted,
**ORBACH HUFF + HENDERSON LLP**

By:   */s/ Kevin E. Gilbert*
         Kevin E. Gilbert
         Carolyn M. Aguilar
         Attorneys for Defendants
         OFFICER JESUS MARTINEZ and
         OFFICER KYLE GRIFFIN

Defs' Objections to Plt's Evidence Proffered in Opp to Defs' Joint MSJ or, in the Alt, Partial SJ [22-cv-3188-DMG (SKx)]