Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Carolyn M. Aguilar, Esq. (SBN: 289550)
caguilar@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, California 94588
Tel: (510) 999-7908; Fax: (510) 999-7918

Attorneys for Defendants OFFICERS JESUS MARTINEZ and KYLE GRIFFIN

HYDEE FELDSTEIN SOTO, City Attorney
SCOTT MARCUS, Chief Assistant City Attorney (SBN: 184980)
CORY M. BRENTE, Senior Assistant City Attorney (SBN: 115453)
CHRISTIAN R. BOJORQUEZ, Deputy City Attorney (SBN: 192872)
christian.bojorquez@lacity.org
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Tel: (213) 978-7023; Fax: (213) 978-8785

Attorneys for Defendant CITY OF LOS ANGELES

ORBACH HUFF + HENDERSON LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL MURILLO, individually and as successor-in-interest Of The Estate of deceased, JONATHAN MURILLO-NIX,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a governmental entity; JESUS MARTINEZ, individually; KYLE GRIFFIN, individually; and DOES 1- 10, inclusive,<br><br>Defendants. | Case No.  22-cv-03188-DMG (SKx)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS**<br><br>DATE:      December 15, 2023<br>TIME:      2:00 p.m.<br>DEPT:      Courtroom 8C<br>JUDGE:    Hon. Dolly M. Gee |

Defendants CITY OF LOS ANGELES, OFFICER JESUS MARTINEZ, and OFFICER KYLE GRIFFIN ("Defendants") submit their response to Plaintiff MARIBEL MURILLO's ("Plaintiff") Additional Material Facts, as follows:

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| 46 | Officers knew Murillo was alone in the house.<br><br>Plaintiff's Evidence:<br><br>**Exh. 1, Griffin Depo** at 8:16-25, to the Declaration of Marcel F. Sincich ("Sincich Decl.") ¶1 – Murillo was in the house by himself.<br>**Exh. 3, Griffin Statement II** at 14:22-15:3, to Sincich Decl. ¶3 – nobody else was inside the house.<br><br>**Exh. 7, Alferez Statement** at 21:19-25, to Sincich Decl. ¶7 – When Sgt. Alferez arrived, the reporting party told him that Murillo was alone in the house given that the family was taken to the corner of Sproule and Desmond. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 47 | The house was surrounded and contained by officers.<br><br>Plaintiff's Evidence:<br><br>**Exh. 3, Griffin Statement II** at 12:2-9, to Sincich Decl. ¶3 – Sgt. Alferez redeployed officers out of the backyard and into the neighbors' yards behind cover.<br>**Exh. 6, Martinez Statement II** at 11:2, to Sincich Decl. ¶6 – officers surrounded the house.<br>**Exh. 7, Alferez Statement** at 19:23-20:8, to Sincich Decl. ¶7 – Sgt. Alferez had the officers redeploy out of the | **Disputed,** as to the term "contained," **but immaterial and unsupported.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | house and surround the house because Murillo was contained.<br>**Exh. 7, Alferez Statement at** 35:21, to Sincich Decl. ¶7 – Murillo was contained in the house.<br>**Exh. 11, Tykhomyrov Statement** 9:25, to Sincich Decl. ¶11 – Officers "knew that the house was completely surrounded."<br>**Exh. 20, FID Report** at 6-8, to Sincich Decl. ¶20.<br>**Exh. 23, Scene Photos** at 1-4, to Sincich Decl. ¶23. | |
| 48 | The streets were blocked off and there was no traffic.<br><u>Plaintiff's Evidence:</u><br>**Exh. 11, Tykhomyrov Statement** at 10:1-2, to Sincich Decl. ¶11. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 49 | Officer positions include:<br>To the west of the subject house in the neighbor's property behind a wall:<br>1. Officer Schlesinger armed with 40mm launcher.<br>2. Officer Garcia armed with a pistol.<br>3. Officer Morales armed with a shotgun.<br>4. Officer Rodriguez armed with a pistol. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | 5. Officer Proni armed with a Taser.<br>6. Officer Piche armed with a pistol.<br><br>To the east of the subject house in the neighbor's property:<br>7. Officer Karpman armed with a 40mm launcher.<br>8. Officer Olivares armed with a pistol.<br><br>To the southwest of the property on the sidewalk:<br>9. Officer Rivera armed with a pistol.<br>10. Officer Kiker armed with a pistol.<br>11. Officer Barba armed with a pistol.<br>12. Officer Tykhomryov armed with a beanbag shotgun.<br><br>To the southeast of the property on the passenger side of the patrol vehicle parked in the curtain of the driveway:<br>13. Officer Carlos equipped with the ballistic shield.<br>14. Officer Frazer armed with a shotgun.<br>15. Officer S. Martinez armed with a pistol.<br>16. Officer Lopez armed with a pistol.<br><br>To the southeast of the property behind the patrol vehicle and Defendants:<br>17. Sgt. Alferez armed with a pistol.<br>18. Officer Knolls armed with a pistol.<br><br>To the southeast of the property, to the driver side of the patrol vehicle parked in the curtain of the driveway: | See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | 19. Office Gutierrez armed with a beanbag shotgun.<br>20. Officer Griffin armed with a pistol.<br>21. Officer Martinez armed with a pistol.<br><br>Plaintiff's Evidence:<br><br>**Exh. 15, S. Martinez Statement** at 32:17-33:4, to Sincich Decl. ¶15 – After the shooting, Officer S. Martinez assisted in putting Murillo in handcuffs and did not see any weapons on Murillo.<br>**Exh. 16, Proni Statement** at 14:2-15:2, to Sincich Decl. ¶16 – Officer Proni was the northernmost officer behind the wall on the 2-side with Officers Morales and Piche to his right followed by Officers Rodriquez, Schlesinger then Garcia.<br>**Exh. 16, Proni Statement** at 17:18-22, to Sincich Decl. ¶16 – Officer Proni faced the back side of the house with a door that exited to the west.<br>**Exh. 1, Griffin Depo**. at 12:16-21, to Sincich Decl. ¶1 – Griffin was positioned on the right side of the driveway next to the patrol vehicle that was parked in the driveway, between the vehicle and the front fence.<br>**Exh. 1, Griffin Depo** at 14:1-4, to Sincich Decl. ¶1 – Gutierrez was to Griffin's right; **Exh. 4, Martinez Depo** at 17:10-18, to Sincich Decl. ¶4 – In front of the house next to the retaining wall.<br><br>**Exh. 4, Martinez Depo**. at 17:22-18:2, | |

- 4 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | 22:8-12, 22:20-23, to Sincich Decl. ¶4 – Martinez was positioned to the left of Griffin and Gutierrez, on the passenger side of the patrol vehicle behind the passenger door. **Exh. 4, Martinez Depo**. at 23:2-8, to Sincich Decl. ¶4 – The patrol vehicle was in the apron of the driveway, halfway on the street. **Exh. 5, Martinez Statement I** at 6:5-6, to Sincich Decl. ¶5 – Martinez was standing next to his partner Officer Gutierrez in front of the mailbox. **Exh. 6, Martinez Statement II** at 14:3-4, to Sincich Decl. ¶6 – There were officers along the east side of the house. **Exh. 6, Martinez Statement II** at 24:13-15, to Sincich Decl. ¶6 – Officer Frazier was on the driver side of the patrol vehicle. **Exh. 6, Martinez Statement II** at 24:21-24, to Sincich Decl. ¶6 – Officer Gutierrez was positioned by the mailbox. **Exh. 6, Martinez Statement II** at 25:15-17, to Sincich Decl. ¶6 – Officer Griffin was to Officer Gutierrez's left. **Exh. 7, Alferez Statement** at 22:1-3, to Sincich Decl. ¶7 – Sgt. Alferez instructed Officer Knolls to create a barrier in the driveway. **Exh. 20, FID Report** at 6-8, to Sincich Decl. ¶20. **Clark Decl**. ¶5 (Exhibit B attached to the Clark Decl. as Roger Clark's Rule 26 Report at page 7.) | |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| **50** | There were twenty-one officers on scene.<br><br>Plaintiff's Evidence:<br><br>**Exh. 20, FID Report** at 1, 6, to Sincich Decl. ¶20. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| **51** | The officers had far superior knowledge and training than Murillo.<br><br>Plaintiff's Evidence:<br><br>**Exh. 1, Griffin Depo** at 5:19-20, to Sincich Decl. ¶1 – Griffin has been a police officer since 2015.<br>**Exh. 1, Griffin Depo** at 5:21-6:1, to Sincich Decl. ¶1 – Griffin was in the Army.<br>**Exh. 1, Griffin Depo** at 6:2-5, to Sincich Decl. ¶1 – Griffin is 5'8", 33 years old.<br>**Exh. 4, Martinez Depo** 8:21-9:1, to Sincich Decl. ¶4 – Martinez is 48 years old, 5'11", and weighs approximately 200 pounds.<br>**Exh. 4, Martinez Depo** 9:10-11, to Sincich Decl. ¶4 – Martinez has been a police officer for 18 years.<br>**Exh. 4, Martinez Depo** 9:16-18, to Sincich Decl. ¶4 – The majority of which have been on patrol. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 7, Alferez Statement** at 6:12-14, to Sincich Decl. ¶7 – Sgt. Alferez has been a police sergeant since 2007. **Exh. 7, Alferez Statement** at 23:17-23, to Sincich Decl. ¶7 – Sgt. Alferez had so many officers on scene he directed some officers to stay away and report to the command post. **Exh. 21, BOPC Findings** at 1, to Sincich Decl. ¶20. | |
| 52 | Officers knew there were no guns in the house. <u>Plaintiff's Evidence:</u> **Exh. 8, Knolls Statement** at 51:2-4, to Sincich Decl. ¶8. **Exh. 7, Alferez Statement** at 39:2-5, to Sincich Decl. ¶7 – Sgt. Alferez verified that no officers were injured and that all officers were okay. **Exh. 8, Knolls Statement** at 51:2-4, to Sincich Decl. ¶8 – An officer confirmed with the family that there were no firearms in the house. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.  The supporting evidence also does not support the referenced fact (see, i.e., Plt's Ex. 7, Sgt. Alferez Statement at 39:2-5 (that no officers were injured does not mean that the officers knew there were no guns in the home); see also, Plt's Ex. 4, Martinez Depo. at 58:17-22 (stating that he did not know what Murillo had available to him; that he could have had a gun or may not). |

- 7 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| 53 | Offices knew Murillo was possibly suffering from a mental health crisis and was emotionally disturbed.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** at 20:7-14, to Sincich Decl. ¶4 – Martinez considered whether Murillo was experiencing a mental health crisis.<br>**Exh. 4, Martinez Depo** at 20:18-21, to Sincich Decl. ¶4 – MEU is Mental Evaluation Unit.<br>**Exh. 5, Martinez Statement I** at 10:4-5, to Sincich Decl. ¶5 – Martinez knew that the words Murillo was saying from inside the house did not make sense.<br>**Exh. 6, Martinez Statement II** at 8:19-23, to Sincich Decl. ¶6 – Initially an unknown female officer attempted to negotiate with Murillo inside the house; however, Murillo responded with incoherent ramblings.<br>**Exh. 6, Martinez Statement II** at 8:25-9:3, to Sincich Decl. ¶6 – Then an unknown male officer attempted to contact Murillo with a PA system and Murillo continued to not make sense.<br>**Exh. 6, Martinez Statement II** at 9:15-20, to Sincich Decl. ¶6 – Officer Martinez attempted to communicate with Murillo for approximately 45 minutes where Murillo continued to respond with incoherent ramblings.<br><br>**Exh. 6, Martinez Statement II** at 17:6, to Sincich Decl. ¶6 – Murillo sounded agitated. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 7, Alferez Statement** at 13:6-17, to Sincich Decl. ¶7 – Regarding individuals with mental illness, if that person is inside a house by themselves, there is no need to rush inside; officers should wait outside, gather information, call for additional resources, slow down, open lines of communication, and develop a plan.<br>**Exh. 7, Alferez Statement** at 19:23-20:8, to Sincich Decl. ¶7 – Sgt. Alferez had the officers redeploy out of the house and surround the house because Murillo was contained.<br>**Exh. 7, Alferez Statement** at 33:1-9, to Sincich Decl. ¶7 – SWAT and MEU were notified but the watch commander ordered that MEU efforts be exhausted before SWAT came out.<br>**Exh. 7, Alferez Statement** at 33:18-19, to Sincich Decl. ¶7 – Sgt. Alferez notified the officer that MEU had been notified.<br>**Exh. 8, Knolls Statement** at 10:4-5, 11:16-17, to Sincich Decl. ¶8 – Murillo was behaving erratically inside the house.<br>**Exh. 11, Tykhomyrov Statement** at 11:15-16, to Sincich Decl. ¶11 – Officer Tykhomyrov suspected Murillo to be suffering from a mental illness.<br>**Exh. 11, Tykhomyrov Statement** at 23:18, to Sincich Decl. ¶11 – Murillo responded to the officers incoherently.<br>**Exh. 15, S.Martinez Statement** at 11:1-3, to Sincich Decl. ¶15 – Murillo was speaking gibberish. | |

- 9 -

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 15, S.Martinez Statement** at 18:5-21, to Sincich Decl. ¶15 – Officer S.Martinez attempted to build a rapport with Murillo based on her training when speaking with people suffering from mental illness. | |
| 54 | The Mental Evaluation Unit was *en route*.<br><br>Plaintiff's Evidence:<br><br>**Exh. 3, Griffin Statement II** at 14:12-13, to Sincich Decl. ¶3 – knew MEU was en route.<br>**Exh. 5, Martinez Statement I** at 10:5-7, to Sincich Decl. ¶5 – Martinez knew that MEU was *en route*, and SWAT was *en route* as he was communicating with Murillo.<br><br>**Exh. 6, Martinez Statement II** at 20:3-19, to Sincich Decl. ¶6 – Officer Noles was relaying information to officers, including what Murillo was saying, and that additional resources were in route such as the MEU, SWAT and a K-9. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 55 | Officer S.Martinez attempted to build a rapport with Murillo based on her training when speaking with people suffering from mental illness.<br><br>Plaintiff's Evidence:<br><br>**Exh. 15, S.Martinez Statement** at 18:5-21, to Sincich Decl. ¶15. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| 56 | Officers then chose not to effectively communicate with Murillo and instead threatened Murillo over the PA system.<br><br>Plaintiff's Evidence:<br><br>**Exh. 3, Griffin Statement II** at 16:23-17:7, to Sincich Decl. ¶3 – officers were told to tell Murillo SWAT was on the way and were going to gas him out.<br>**Exh. 6, Martinez Statement II** at 28:16-20, to Sincich Decl. ¶6 – Officer Martinez described his communication style as "overkill" and intended to repeat the same thing "over and over" ever if it annoyed Murillo.<br><br>**Exh. 6, Martinez Statement II** at 21:7-18, to Sincich Decl. ¶6 – Officer Martinez threatened Murillo telling him SWAT was on the way and that if he did not come out of the house, SWAT was going to use force on him and gas him out of the house.<br><br>**Exh. 6, Martinez Statement II** at 10:14-15, to Sincich Decl. ¶6 – Officer Martinez knew he was not effectively communicating with Murillo because he "wasn't getting through to him," and was not acknowledging his questions.<br>**Exh. 6, Martinez Statement II** at 33:17-20, to Sincich Decl. ¶6 – Officer Martinez employed deception and trickery in his communication with Murillo.<br>**Exh. 7, Alferez Statement** at 54:1-17, to Sincich Decl. ¶7 – Sgt. Alferez employed the ruse of threatening Murillo that SWAT was coming and | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br><br>The evidence does not support the proposition stated.  The evidence does not support that the officers chose to *not* communicate effectively or tactically.  See, Defs' Ex. U at 19:2-21 (Officer Martinez stating that he was trying to communicate to a peaceful resolution). |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | would potentially gas him out of the house.<br><br>**Exh. 8, Knolls Statement** at 10:11-15, to Sincich Decl. ¶8 – Sgt. Alferez wanted someone to talk to Murillo more authoritatively.<br><br>**Exh. 8, Knolls Statement** at 35:19-36:4, to Sincich Decl. ¶8 – Officer Martinez threatened Murillo that SWAT was coming and if he did not come out of the house, SWAT would gas him out. | |
| 57 | Officers instructed Murillo to come out of the house.<br><br><u>Plaintiff's Evidence:</u><br><br>**Exh. 4, Martinez Depo** 26:9-15, to Sincich Decl. ¶4 – Martinez instructed Murillo to come out of the house.<br>**Exh. 5, Martinez Statement I** at 6:19, to Sincich Decl. ¶5 – Martinez told Murillo to come out.<br><br>**Exh. 6, Martinez Statement II** at 16:13-15, to Sincich Decl. ¶6 – Officer Martinez was trying to get Murillo to come out of the house.<br><br>**Exh. 1, Griffin Depo** at 9:1-6, to Sincich Decl. ¶1 – Officers asked Murillo to come out of the house through the PA system. | **Disputed, in part, as the Officers instructed Murillo to come out *unarmed* (see SUF 12), otherwise undisputed.**<br><br>Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 58 | Fearful of being shot by officers, Murillo exited the house.<br><br><u>Plaintiff's Evidence:</u><br><br>**Exh. 6, Martinez Statement II** at 16:16-18, to Sincich Decl. ¶6 – Subjects under these circumstances typically are | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as |

- 12 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | afraid that they will be shot by officers if they come out. **Exh. 9, Schlesinger Statement** at 21:6-14, to Sinich Decl. ¶9 – Murillo opened the rear door and stepped out, walked inside briefly and then exited the house again. **Exh. 23, Scene Photos** at 5, to Sinich Decl. ¶23. | determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. Plaintiff also speculates about Murillo's reasons for exiting the home without any supporting evidence. See *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). |
| 59 | When Murillo first exited the house, all the officers started giving Murillo commands at the same time, at which point, Officer Proni instructed, "Have one officer speak to him." Plaintiff's Evidence: **Exh. 16, Proni Statement** at 10:21-23, to Sinich Decl. ¶16. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

Defs' Response to Plaintiff's Additional Material Facts [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| **60** | Immediately, Murillo was shot with a 40mm launcher by Officer Schlesinger. <u>Plaintiff's Evidence:</u> **Exh. 9, Schlesinger Statement** at 21:21-22:6, to Sincich Decl. ¶9 – Officer Schlesinger shot Murillo with a 40mm round causing Murillo to fall to the ground then Murillo ran south to the front of the property. **Exh. 22, Officer Weapons Photos** at 1, to Sincich Decl. ¶22. **Exh. 24, Officer Schlesinger Video Clip of OIS** at 00:10-00:18, to Sincich Decl. ¶24. **Exh. 36, Demonstrative Screenshots** at 1, to Sincich Decl. ¶36. | **Disputed, as to the term "immediately," but otherwise undisputed.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| **61** | Officer Schlesinger did not give a warning that the 40mm would be used. <u>Plaintiff's Evidence:</u> **Exh. 4, Martinez Depo** 41:20-23, to Sincich Decl. ¶4 – There was no warning that the 40 mm was going to be deployed. **Exh. 9, Schlesinger Statement** at 51:25-52:2, to Sincich Decl. ¶9 – Officer Schlesinger did not give a warning prior to using force. **Exh. 24, Officer Schlesinger Video Clip of OIS** at 00:00-00:18, to Sincich Decl. ¶24. | **Disputed,** in part, as the Officers gave multiple warnings throughout their communications to him prior to his exit from the home that force, including lethal force, could be used.  See SUF 21. **Disputed, but immaterial and irrelevant** as Officer Schlesinger's use of force is not at issue in this matter. *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | stated fact.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Disputed,** also as to whether a warning was feasible or required in this instance.  *Tennessee v. Garner*, 471 U.S. 1, 11 (1985) (warning required only "where feasible" to a suspect who "poses no immediate threat to the officer and no threat to others"); *Garcia v. United States*, 826 F.2d 806, 812 (9th Cir. 1987) (distinguishing Garner and holding that no warning required under constitution). |
| 62 | There were no officers or person around Murillo when Officer Schlesinger fired the 40mm round.<br><br>Plaintiff's Evidence:<br><br>**Exh. 16, Proni Statement** at 12:13-16, 19-22, to Sincich Decl. ¶16 – Officers had cover and concealment behind a six-and-a-half-foot solid brick wall. Officer Proni had to stand on a chair to look over the wall which remained at his shoulders.<br><br>**Exh. 24, Officer Schlesinger Video Clip of OIS** at 00:15-00:30, to Sincich Decl. ¶24. | **Disputed, but immaterial and irrelevant** as Officer Schlesigner's use of force is not at issue in this matter.  *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Disputed** as to the term "around," as Officer Schlesinger |

- 15 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | stated that he fired because of his concern that Murillo would flee toward (and harm) the officers at the front of the home.  Misstates evidence – see Plt's Ex. 9 at 51:14-21 (DETECTIVE ILLIG: Okay. So when he's sprinting in that southwesterly direction, that is why you feared that he may stab either one of Officers Piche, Rodriguez, or Garcia -- . . . SCHLESINGER: Yes, sir.) |
| 63 | The 40mm shot caused Murillo to fall to the ground.<br><br>Plaintiff's Evidence:<br><br>**Exh. 1, Griffin Depo** at 15:19-21, to Sincich Decl. ¶1 – The 40mm is a pain compliance weapon.<br>**Exh. 4, Martinez Depo** 40:3-5; 40:10-12; 40:21-41:6, to Sincich Decl. ¶4 – The 40mm and beanbag shotgun rounds can cause pain and leave marks on the body.<br>**Exh. 4, Martinez Depo** 41:7-10, to Sincich Decl. ¶4 – Officers know from their training that subjects may react by running away when shot by a 40mm or beanbag shotgun round.<br><br>**Exh. 9, Schlesinger Statement** at 21:21-22:6, to Sincich Decl. ¶9 – Officer Schlesinger shot Murillo with a 40mm round causing Murillo to fall to the ground then Murillo ran south to the front of the property. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| 64 | Then, Murillo ran away from the direction of the 40mm shot towards the front of the house.<br><br>Plaintiff's Evidence:<br><br>**Exh. 9, Schlesinger Statement** at 21:21-22:6, to Sincich Decl. ¶9 – Officer Schlesinger shot Murillo with a 40mm round causing Murillo to fall to the ground then Murillo ran south to the front of the property.<br>**Exh. 23, Scene Photos** at 5-15, to Sincich Decl. ¶23.<br><br>**Exh. 24, Officer Schlesinger Video Clip of OIS** at 00:18-00:30, to Sincich Decl. ¶24. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 65 | Defendants knew Murillo was out of the house and coming to the front.<br><br>Plaintiff's Evidence:<br><br>**Exh. 5, Martinez Statement I** at 6:21-24, to Sincich Decl. ¶5 – Martinez heard officers say that Murillo was coming out the front then heard a less-lethal round go off to his left, west, then Martinez heard the beanbag go off to his right.<br>**Exh. 5, Martinez Statement I** at 6:25-7:1, to Sincich Decl. ¶5 – Martinez dropped the PA microphone and saw Murillo in front of his spotlight.<br>**Exh. 6, Martinez Statement II** at 8:14-18, to Sincich Decl. ¶6 – Officers planned for the subject to potentially run from the house.<br><br>**Exh. 6, Martinez Statement II** at 11:14-16, 37:9-16, to Sincich Decl. ¶6 – | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

- 17 -

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | After officers put out over the radio that Murillo was coming out, Officer Martinez heard the loud bang of what sounded like an iron security gate swinging open.<br><br>**Exh. 1, Griffin Depo** at 9:20-22, to Sincich Decl. ¶1 – Griffin heard over the radio that Murillo exited the side of the house.<br><br>**Exh. 14, Gutierrez Statement** at 10:11-13, to Sincich Decl. ¶14 – Simultaneously, officers communicated that Murillo was running towards the front of the residence. | |
| 66 | Immediately, Murillo was shot with a beanbag shotgun round by Officer Gutierrez.<br><br>Plaintiff's Evidence:<br><br>**Exh. 14, Gutierrez Statement** at 10:13-15, to Sincich Decl. ¶14 – Officer Gutierrez saw Murillo as he exited through the black metal gate.<br>**Exh. 14, Gutierrez Statement** at 10:16-19, to Sincich Decl. ¶14 – Officer Gutierrez observed what appeared to be a knife in Murillo's right hand and deployed his beanbag shotgun aiming for his arms.<br>**Exh. 22, Officer Weapons Photos** at 2, to Sincich Decl. ¶22.<br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:00-00:06, to Sincich Decl. ¶25.<br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:00-00:10, to Sincich Decl. ¶26. | **Disputed,** as to the term "immediately".<br><br>**Undisputed,** however, Plaintiff further relies upon inadmissible evidence that cannot support the stated fact.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

- 18 -

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 27, Officer Gutierrez BWC Screenshots** at 1, to Sincich Decl. ¶27 – Gutierrez's first beanbag shotgun round fired. **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28. **Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29. **Exh. 30, Officer Griffin BWC Screenshots** at 1, to Sincich Decl. ¶30 – Gutierrez's first beanbag shotgun round fired. **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31. **Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32. **Exh. 33, Officer Knolls BWC Screenshots** at 1, to Sincich Decl. ¶33 – Gutierrez's first beanbag shotgun round fired. **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. **Exh. 36, Demonstrative Screenshots** at 2, to Sincich Decl. ¶36. | |
| 67 | Officer Gutierrez did not give a warning that the beanbag shotgun would be used. <br><br> Plaintiff's Evidence: <br><br> **Exh. 14, Gutierrez Statement** at 13:9-12, to Sincich Decl. ¶14 – Officer | **Disputed,** in part, as the Officers gave multiple warnings throughout their communications to Murillo prior to his exit from the home that force, including lethal force, could be used.  See SUF 21. |

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | Gutierrez did not give a verbal warning prior to his use of force.<br><br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:00-00:06, to Sincich Decl. ¶25. | **Disputed, but immaterial and irrelevant** as Officer Gutierrez's use of force is not at issue in this matter. *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Disputed,** in part, also as to whether a warning was feasible or required in this instance. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985) (warning required only "where feasible" to a suspect who "poses no immediate threat to the officer and no threat to others"); *Garcia v. United States*, 826 F.2d 806, 812 (9th Cir. 1987) (distinguishing *Garner* and holding that no warning required under constitution). |
| 68 | There were no officers or person around Murillo when Officer Gutierrez fired the beanbag round.<br><br>Plaintiff's Evidence:<br><br>**Exh. 14, Gutierrez Statement** at 18:24-19:2, to Sincich Decl. ¶14 – Murillo was approximately 35 to 40 feet | **Disputed, but immaterial and irrelevant** as Officer Gutierrez's use of force is not at issue in this matter. *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined |

- 20 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | away from Officer Gutierrez when Officer Gutierrez fired his first round. **Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:00-00:06, to Sincich Decl. ¶25. **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28. **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. **Exh. 36, Demonstrative Screenshots** at 2, to Sincich Decl. ¶36. | by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. **Disputed** as to the term "around," as Officer Gutierrez stated that he fired because of his concern that Murillo would harm nearby officers. **Misstates evidence.** Plaintiff misconstrues and misrepresents many facts and statements. See, i.e., **Plt's Ex. 14, Gutierrez Stmt** at 17:2-8, 15-18 (Gutierrez saw a knife in Murillo's hand pointed toward him and his fellow officers); 18:1-5 ("I saw the suspect hold the knife or what appeared to be a knife or sharp object towards us. And he – he began running towards us); 18:14-23 (Gutierrez explaining that he fired because Murillo posed an immediate threat of violence toward the officers and himself and that he could himself have been stabbed by Murillo); see also, **Plt's Ex. 5, J. Martinez Stmt** at 7:2-6 ("I'm behind the passenger door as cover and he crosses right in front of the spotlight and that's when I see the knife in his hand. |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | It is shimmering silver and shiny. And that's when I shot two rounds to stop his action because he was running right towards my partners. . . ."); **Plt's Ex. 2, K. Griffin Stmt** at 8:2-9:5 (Griffin stating that he saw a metallic object in Murillo's hands and that he feared for the safety of himself and his fellow officers, whom Murillo was running toward). |
| **69** | A patrol vehicle SUV was parked on the curtain of the driveway. <br> Plaintiff's Evidence: <br> **Exh. 4, Martinez Depo** 22:20-23; 23:2-8, to Sincich Decl. ¶4 – The police vehicle was in the apron of the driveway of the property; front tires on the apron; rear tires on the street. <br> **Exh. 5, Martinez Statement I** at 8:13-15, to Sincich Decl. ¶5 – The apron of the residence is the driveway. <br> **Exh. 23, Scene Photos** at 1-4, 15, to Sincich Decl. ¶23. <br> **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28. <br> **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31. <br> **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| **70** | The headlights of the patrol vehicle, two spotlights, and officer tactical lights all shined in the face of Murillo blinding him.<br><br>Plaintiff's Evidence:<br><br>**Exh. 8, Knolls Statement** at 25:12-25, to Sincich Decl. ¶8 – The patrol vehicle lights were on including both the driver and passenger spotlights directed towards the house.<br>**Exh. 13, Lopez Statement** at 16:12-21, to Sincich Decl. ¶13 – The police vehicle was an SUV parked on the driveway of the residence with the light and sirens.<br>**Exh. 4, Martinez Depo** 21:22-25, to Sincich Decl. ¶4 – Martinez first saw Murillo in front of the police vehicle spotlight.<br><br>**Exh. 4, Martinez Depo** 22:1-7, to Sincich Decl. ¶4 – There was a spotlight on Martinez's vehicle in front of the passenger door.<br><br>**Exh. 1, Griffin Depo** at 7:12-13, to Sincich Decl. ¶1; **Exh. 4, Martinez Depo** 22:3-4, to Sincich Decl. ¶4 – It was dark outside.<br>**Exh. 23, Scene Photos** at 15, to Sincich Decl. ¶23.<br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31. | **Disputed.** This fact is not supported by evidence, as it is pure speculation that Murillo was blinded. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'") Plaintiff's statement relies on inadmissible evidence. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). |

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.<br>**Exh. 36, Demonstrative Screenshots** at 3-18, to Sincich Decl. ¶36.<br>**Clark Decl. ¶9.** | |
| 71 | Murillo maneuvered around a car in his driveway towards the only exit of the property, the gap between the patrol vehicle and the brick wall in the driveway, not towards an officer.<br><br>Plaintiff's Evidence:<br><br>**Exh. 8, Knolls Statement** at 53:13-25, to Sincich Decl. ¶8.<br>**Exh. 13, Lopez Statement** at 16:12-21, to Sincich Decl. ¶13 – The police vehicle was an SUV parked on the driveway of the residence with the light and sirens.<br>**Exh. 7, Alferez Statement** at 22:1-3, to Sincich Decl. ¶7 – Sgt. Alferez instructed Officer Knolls to create a barrier in the driveway.<br>**Exh. 20, FID Report** at 12, to Sincich Decl. ¶20.<br>**Exh. 23, Scene Photos** at 10-15, to Sincich Decl. ¶23.<br>**Exh. 36, Demonstrative Screenshots** at 3-18, to Sincich Decl. ¶36.<br>**Clark Decl**. ¶9. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law.").<br><br>This fact is also not supported by evidence, it is pure speculation as to what Murillo intended. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). Plaintiff's statement relies on inadmissible evidence. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Disputed.** This fact is not supported by evidence, as it is pure speculation that Murillo |

- 24 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | was blinded.  *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"  Plaintiff's statement relies on inadmissible evidence.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). |
| **72** | Murillo was struck by two additional beanbag shotgun rounds fired by Officer Gutierrez. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A |

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | Plaintiff's Evidence:<br><br>**Exh. 14, Gutierrez Statement** at 10:20-22, to Sincich Decl. ¶14 – Officer Gutierrez assessed after his first round, saw Murillo running in his direction, and deployed a second beanbag shotgun round.<br><br>**Exh. 14, Gutierrez Statement** at 10:23-25, to Sincich Decl. ¶14 – Officer Gutierrez assessed again and deployed a third beanbag shotgun round and heard a metallic clink on the ground fall then Officer Gutierrez heard lethal shots being fired.<br><br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25.<br><br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26.<br><br>**Exh. 27, Officer Gutierrez BWC Screenshots** at 2-3, to Sincich Decl. ¶27 – Gutierrez's approximate time of second beanbag shotgun round fired and thirst beanbag shotgun round fired respectively.<br><br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br><br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29.<br><br>**Exh. 30, Officer Griffin BWC Screenshots** at 2-3, to Sincich Decl. ¶30 – Gutierrez's approximate time of second beanbag shotgun round fired and | material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Disputed.** This fact is not supported by evidence, as it is pure speculation that Murillo was blinded. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'" Plaintiff's statement relies on inadmissible evidence. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported |

- 26 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | thirst beanbag shotgun round fired respectively.<br><br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31.<br><br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32.<br>**Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.<br>**Exh. 36, Demonstrative Screenshots** at 3, 14, to Sincich Decl. ¶36.<br><br>**Clark Decl. ¶18.** | speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). |
| 73 | Officer Gutierrez did not give a warning prior to firing the two additional beanbag rounds.<br><br>Plaintiff's Evidence:<br>**Exh. 14, Gutierrez Statement** at 13:9-12, to Sincich Decl. ¶14 – Officer Gutierrez did not give a verbal warning prior to his use of force.<br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25.<br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26. | **Disputed,** in part, as the Officers gave multiple warnings throughout their communications to Murillo prior to his exit from the home that force, including lethal force, could be used. See SUF 21.<br><br>**Disputed, but immaterial and irrelevant** as Officer Gutierrez's use of force is not at issue in this matter. *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | concurrently herewith.<br><br>**Disputed,** in part, also as to whether a warning was feasible or required in this instance. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985) (warning required only "where feasible" to a suspect who "poses no immediate threat to the officer and no threat to others"); *Garcia v. United States*, 826 F.2d 806, 812 (9th Cir. 1987) (distinguishing *Garner* and holding that no warning required under constitution). |
| 74 | The beanbag shotgun rounds were effectively stopping Murillo and causing him to begin to fall to the ground.<br><br>Plaintiff's Evidence:<br><br>**Exh. 5, Martinez Statement I** at 13:8-15, to Sincich Decl. ¶5 – As Murillo was running, his hands were drawn into his own chest, and he was hunched over at the shoulders.<br>**Exh. 14, Gutierrez Statement** at 10:22-23, to Sincich Decl. ¶14 – Officer Gutierrez knew that his second beanbag shotgun round struck Murillo and was effective because it made Murillo flinch.<br>**Exh. 14, Gutierrez Statement** at 22:15-18, to Sincich Decl. ¶14 – Officer Gutierrez knew that his use of the beanbag shotgun was effective, and Murillo no longer had the knife. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law.").<br><br>This fact is also not supported by evidence, as it is pure speculation that the beanbag shots were effective or stopped Murillo and directly contradicted by the video evidence, where Murillo can be seen still charging toward the officers after beanbag rounds were fired. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and |

- 28 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:12, to Sincich Decl. ¶25.<br><br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26.<br><br>**Exh. 27, Officer Gutierrez BWC Screenshots** at 1-3, to Sincich Decl. ¶27 – Gutierrez's beanbag shotgun rounds fired.<br><br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br><br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29.<br><br>**Exh. 30, Officer Griffin BWC Screenshots**, to Sincich Decl. ¶30 – at 1-3: Gutierrez's beanbag shotgun rounds fired; at 4: Murillo clutches stomach where impacted; at 5: Murillo begins to fall still within the property line.<br><br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31.<br><br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32.<br><br>**Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.<br><br>**Exh. 36, Demonstrative Screenshots** at 14-18, to Sincich Decl. ¶36.<br><br>**Clark Decl. ¶10.** | statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). Plaintiff's statement relies on inadmissible evidence. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| 75 | Murillo never took a step past the hood front bumper of the patrol vehicle or outside the gate of the property—he was already turning to his left away from Defendants, collapsing to the ground, visibly unarmed at all times past the bumper of the vehicle and falling outside the property line.<br><br>Plaintiff's Evidence:<br><br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25.<br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26.<br>**Exh. 27, Officer Gutierrez BWC Screenshots**, to Sincich Decl. ¶27 – at 4:<br><br>Murillo has not crossed property line after all three beanbag shotgun rounds; at 5: Murillo is falling past the property line halfway to the ground and twisting clockwise such that he is not facing Defendants.<br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29.<br>**Exh. 30, Officer Griffin BWC Screenshots** at 4-14, to Sincich Decl. ¶30.<br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law.").<br><br>This fact is also not supported by evidence, as it is pure speculation what Murillo intended in his movements. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). Plaintiff's statement relies on inadmissible evidence. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Disputed.** This fact is not supported by evidence, as the videos clearly show Murillo moving beyond the bumper of the vehicle and crashing through the door of the vehicle. See, Defs' SUF 31-35 |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32.<br>**Exh. 33, Officer Knolls BWC Screenshots** at 5-7, to Sincich Decl. ¶33.<br>**Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.<br>**Exh. 36, Demonstrative Screenshots** at 19-28, to Sincich Decl. ¶36.<br>**Omalu Decl.** ¶¶9-13. | Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| 76 | Defendants did not give Murillo any commands while Murillo was out of the house, did not tell Murillo to "Drop it," did not tell Murillo to "Get on the ground," and did not tell Murillo to "Stop."<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 19:5-7, to Sincich Decl. ¶4 – Martinez never said, "Drop it."<br>**Exh. 4, Martinez Depo** 19:8-9, to Sincich Decl. ¶4 – Martinez never said, "Get on the ground."<br>**Exh. 1, Griffin Depo** at 18:3-6, to | **Disputed,** in part, as the Officers gave multiple warnings throughout their communications to Murillo prior to his exit from the home that force, including lethal force, could be used.  See SUF 21.<br><br>**Disputed,** in part, also as to whether a warning was feasible or required in this instance. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985) (warning required only "where feasible" to a suspect who "poses no immediate threat |

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | Sincich Decl. ¶1 – Griffin gave no commands from the time he first saw Murillo to the time he fired his first shot.<br><br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:00-00:10, to Sincich Decl. ¶25. | to the officer and no threat to others"); *Garcia v. United States*, 826 F.2d 806, 812 (9th Cir. 1987) (distinguishing *Garner* and holding that no warning required under constitution). |
| 77 | Murillo was unarmed in the front of the house including at the time of the use of deadly force.<br><br>Plaintiff's Evidence:<br><br>**Exh. 1, Griffin Depo** at 21:8-16, to Sincich Decl. ¶1 – Griffin did not know what hand he had a knife in because Murillo's arms were tucked into his torso.<br>**Exh. 7, Alferez Statement** at 36:15-16, 44:17-19, to Sincich Decl. ¶7 – Sgt. Alferez was positioned behind the patrol vehicle and never drew his pistol.<br>**Exh. 7, Alferez Statement** at 61:14-17, to Sincich Decl. ¶7 – Sgt. Alferez never saw Murillo in possession of any weapons.<br>**Exh. 8, Knolls Statement** at 54:17-55:9, to Sincich Decl. ¶8 – After the shooting, Officer Knolls looked for a knife and could not find one, including nothing in Murillo's hands.<br>**Exh. 10, Frazer Statement** at 18:23-25, to Sincich Decl. ¶10 – Officer Frazer never saw any weapons on Murillo.<br>**Exh. 10, Frazer Statement** at 23:9-23, to Sincich Decl. ¶10 – As Murillo was running immediately prior to the lethal | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law.").<br><br>**Misstates Evidence.** See, Resp. to Plt's AMF 68 above. This fact is also not supported by evidence, as it is pure speculation that Murillo was unarmed, given the officers' statements to the contrary and the videos and audio can be heard stating that Murillo had two knives. See, also Defs' SUFs 27-28, 31-35, 38. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). That the other |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
|  | shots, Officer Frazer did not see any weapons on Murillo but instead say Murillo's hands pulled into his chest with his elbows flared out. **Exh. 11, Tykhomyrov Statement** at 21:21-23, to Sincich Decl. ¶11 – Officer Tykhomyrov never saw Murillo armed with any weapons. **Exh. 12, Carlos Statement** at 42:13-16, to Sincich Decl. ¶12 - Officer Carlos saw Murillo crossing in front of the car in the driveway and did not see Murillo armed with any weapons. **Exh. 13, Lopez Statement** at 20:8-21:3, to Sincich Decl. ¶13 – Officer Lopez saw Murillo and could not tell if he had any objects in his hands because his hands were clinched up against his body. **Exh. 13, Lopez Statement** at 26:8-14, to Sincich Decl. ¶13 – Officer Lopez did not see an object in Murillo's hand when he was being taken into custody and did not know what happened to the object. **Exh. 13, Lopez Statement** at 35:1-6, to Sincich Decl. ¶13 – Officer Lopez did not unholster despite seeing Murillo with an object in his hand. **Exh. 15, S.Martinez Statement** at 14:2-3, to Sincich Decl. ¶15 – Officer S.Martinez did not draw her firearm. **Exh. 15, S.Martinez Statement** at 29:11-13, to Sincich Decl. ¶15 – Officer S.Martinez did not see any weapons on Murillo. | officers (whom Murillo was not running toward) did not see a knife, does not mean one was not there. That an officer *did* see an object in Murillo's hand and did not unholster is also not evidence that a knife was not present. Plaintiff's statement relies on inadmissible evidence. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 15, S.Martinez Statement** at 32:17-33:4, to Sincich Decl. ¶15 – After the shooting, Officer S.Martinez assisted in putting Murillo in handcuffs and did not see any weapons on Murillo. | |
| | **Exh. 14, Gutierrez Statement** at 10:23-25, to Sincich Decl. ¶14 – Officer Gutierrez assessed again and deployed a third beanbag shotgun round and heard a metallic clink on the ground fall then Officer Gutierrez heard lethal shots being fired. | |
| | **Exh. 14, Gutierrez Statement** at 21:15-17, to Sincich Decl. ¶14 – On Officer Gutierrez third beanbag shotgun round, he heard a metallic clink on the ground and believed that Murillo had dropped the knife. **Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:12, to Sincich Decl. ¶25. **Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26. **Exh. 27, Officer Gutierrez BWC Screenshots** at 1-5, to Sincich Decl. ¶27. **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28. **Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29. **Exh. 30, Officer Griffin BWC Screenshots** at 1-14, to Sincich Decl. ¶30. | |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31.<br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32.<br>**Exh. 33, Officer Knolls BWC Screenshots** at 1-7, to Sincich Decl. ¶33.<br>**Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.<br>**Exh. 35, Officer Knolls Video Clip of OIS** at 00:00-02:13, to Sincich Decl. ¶35.<br>**Exh. 36, Demonstrative Screenshots** at 4-35, to Sincich Decl. ¶36. | |
| 78 | While Murillo was unarmed and falling to the ground, Defendant Officers Giffin and Martinez fired seven lethal rounds at Murillo.<br><br>Plaintiff's Evidence:<br><br>*See supra*, **PAMF 77** – Murillo was unarmed.<br>**Exh. 1, Griffin Depo** at 24:6-18, 24:22-25:7, to Sincich Decl. ¶1 – Griffin fired four rounds from his 9mm semi-automatic pistol, intentionally pressing the trigger for each shot, aiming center mass, and assessing the situation during and after each round fired according to training.<br>**Exh. 4, Martinez Depo** at 10:17-11:1, to Sincich Decl. ¶4 – Martinez fired three shots from his 9mm semiautomatic Smith & Wesson pistol. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law.").<br><br>**Misstates Evidence.** See, Resp. to Plt's AMF 68 above. This fact is also not supported by evidence, as it is pure speculation that Murillo was unarmed. See Resp. to Plt's AMF 77, above. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and |

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 20, FID Report** at 17-18, to Sincich Decl. ¶20.<br>**Exh. 22, Officer Weapons Photos** at 3-4, to Sincich Decl. ¶22.<br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:12, to Sincich Decl. ¶25.<br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26.<br>**Exh. 27, Officer Gutierrez BWC Screenshots** at 1-5, to Sincich Decl. ¶27.<br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29.<br>**Exh. 30, Officer Griffin BWC Screenshots** at 1-14, to Sincich Decl. ¶30.<br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31.<br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32.<br>**Exh. 33, Officer Knolls BWC Screenshots** at 1-7, to Sincich Decl. ¶33.<br>**Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.<br>**Exh. 36, Demonstrative Screenshots** at 18-35, to Sincich Decl. ¶36.<br>**Clark Decl. ¶11.** | statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'").<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Omalu Decl**. ¶¶9-13. | |
| **79** | Officers Giffin and Martinez did not give a warning that lethal force would be used. | **Disputed,** in part, as the Officers gave multiple warnings throughout their communications to Murillo prior to his exit from the home that force, including lethal force, could be used.  See SUF 21. |
| | Plaintiff's Evidence: | |
| | **Exh. 4, Martinez Depo** 20:1-3, to Sincich Decl. ¶4 – Martinez was trained to give a verbal warning when feasible. | |
| | **Exh. 4, Martinez Depo** 20:4-6, to Sincich Decl. ¶4 – Martinez never gave Murillo a verbal warning that he was going to use deadly force. | **Disputed,** in part, also as to whether a warning was feasible or required in this instance. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985) (warning required only "where feasible" to a suspect who "poses no immediate threat to the officer and no threat to others"); *Garcia v. United States*, 826 F.2d 806, 812 (9th Cir. 1987) (distinguishing *Garner* and holding that no warning required under constitution). |
| | **Exh. 6, Martinez Statement II** at 31:16-19, to Sincich Decl. ¶6 – While Officer Martinez was communicating over the PA he never issued a less-lethal warning to Murillo. | |
| | **Exh. 1, Griffin Depo** at 16:24-17:1, to Sincich Decl. ¶1 – When Griffin first saw Murillo, Murillo was approximately 40 feet away from Griffin. | |
| | **Exh. 1, Griffin Depo** at 18:7-12, to Sincich Decl. ¶1 – Griffin gave no verbal warning that he was going to use deadly force. | |
| | **Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:12, to Sincich Decl. ¶25. | |
| | **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28. | |
| | **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31. | |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. | |
| **80** | Prior to firing any shots Officers Giffin and Martinez knew Murillo had already been shot by the 40mm and beanbag shotgun.<br><br>Plaintiff's Evidence:<br><br>**Exh. 5, Martinez Statement I** at 7:16-17, to Sincich Decl. ¶5 – Martinez knew that Murillo had already been shot by beanbag rounds.<br>**Exh. 6, Martinez Statement II** at 11:21-23, to Sincich Decl. ¶6 – Officer Martinez heard the first less-lethal deployment to this left, west of the house.<br>**Exh. 6, Martinez Statement II** at 11:24-25, to Sincich Decl. ¶6 – Thereafter, Officer Martinez heard several additional less-lethal deployments to his right, from Officer Gutierrez.<br>**Exh. 14, Gutierrez Statement** at 10:8-10, 16:4-20, to Sincich Decl. ¶14 – Officer Gutierrez heard one 40 mm round being deployed fired by Officer Schlesinger.<br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br><br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31. | **Disputed, but irrelevant, misstates testimony.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Misstates evidence.** The cited evidence does not state that Officers Griffin or Martinez actually knew Murillo was shot with less-lethal munitions, only that they heard shots. |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| 81 | Alternatively, even if Murillo had a knife in his hand when initially entering the front yard area, he became unarmed prior to or at the time of Officer Griffin's first shot.<br><br>Plaintiff's Evidence:<br><br>See **Defendants' Uncontroverted Facts and Supporting Evidence 38**.<br><br>**Exh. 36, Demonstrative Screenshots** at 4-14, to Sincich Decl. ¶36.<br><br>**Clark Decl**. ¶19. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law.").<br><br>This fact is also not supported by evidence, as it is pure speculation that Murillo was unarmed after Griffin's first shot. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a |

- 39 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired.<br><br>Plaintiff's statement relies on inadmissible evidence.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 82 | Officer Griffin fired the first lethal round at Murillo.<br><br>Plaintiff's Evidence:<br><br>**Exh. 1, Griffin Depo** at 22:23-23:1, to Sincich Decl. ¶1 – Griffin did not hear any lethal rounds being fired prior to his first shot.<br>**Exh. 20, FID Report** at 18, to Sincich Decl. ¶20.<br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29.<br>**Exh. 30, Officer Griffin BWC Screenshots** at 6, to Sincich Decl. ¶30 – approximately Griffin's first shot.<br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31.<br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 33, Officer Knolls BWC Screenshots** at 2, to Sincich Decl. ¶33 – Griffin's first shot. <br> **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. <br> **Exh. 36, Demonstrative Screenshots** at 18, to Sincich Decl. ¶36. <br> **Clark Decl. ¶18.** | 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| 83 | Officer Griffin then fired three additional shots at the unarmed Murillo, the last of which while Murillo was on the ground with his back to Officer Griffin, visibly unarmed. <br><br> Plaintiff's Evidence: <br><br> *See supra*, **PAMF 77** – Murillo was unarmed. <br><br> **Alternatively, DUF** 38 – Murillo was disarmed, thus, unarmed thereafter. <br> **Exh. 1, Griffin Depo** at 24:6-7, to Sincich Decl. ¶1 – Griffin fired four rounds. <br> **Exh. 20, FID Report** at 18, to Sincich Decl. ¶20. <br> **Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25. <br> **Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26. <br> **Exh. 27, Officer Gutierrez BWC Screenshots** at 1-5, to Sincich Decl. ¶27. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."). <br><br> **Misstates Evidence.**  See, Resp. to Plt's AMF 68 above.  This fact is also not supported by evidence, as it is pure speculation what order shots were fired in.  *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29.<br>**Exh. 30, Officer Griffin BWC Screenshots** at 1-14, to Sincich Decl. ¶30.<br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31.<br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32.<br>**Exh. 33, Officer Knolls BWC Screenshots** at 1-7, to Sincich Decl. ¶33.<br>**Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.<br>**Exh. 36, Demonstrative Screenshots** at 18-28, to Sincich Decl. ¶36.<br>**Clark Decl**. ¶¶18-19.<br>**Omalu Decl**. ¶¶9-13. | Plaintiff's statement relies on inadmissible evidence.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| 84 | Simultaneously, Officer Martinez fired two rounds at Murillo.<br><br><u>Plaintiff's Evidence</u>:<br><br>**Exh. 20, FID Report** at 18-19, to Sincich Decl. ¶20.<br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that |

- 42 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26. **Exh. 27, Officer Gutierrez BWC Screenshots** at 1-5, to Sincich Decl. ¶27. **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28. **Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29. **Exh. 30, Officer Griffin BWC Screenshots** at 1-14, to Sincich Decl. ¶30. **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31. **Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32. **Exh. 33, Officer Knolls BWC Screenshots** at 1-7, to Sincich Decl. ¶33. **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. **Exh. 36, Demonstrative Screenshots** at 18-28, to Sincich Decl. ¶36. **Clark Decl. ¶18.** | cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| 85 | Further alternatively, even if Murillo was still moving towards officers after Officer Gutierrez's final beanbag round, a reasonable jury could conclude that one of the first two lethal rounds fired by Defendants paralyzed Murillo. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 32:21-34:1, to Sincich Decl. ¶4 – Martinez admitted to investigators that he fired two rounds at Murillo causing Murillo to fall to the ground, then fired a third round at Murillo while Murillo was on the ground.<br>**Exh. 4, Martinez Depo** 35:3-5, to Sincich Decl. ¶4 – After Murillo went to the ground, Martinez never saw a knife in his hand.<br>**Exh. 4, Martinez Depo** o 35:12-16, to Sincich Decl. ¶4 – Martinez did not see a knife anywhere around Murillo's while Murillo was chest-down on the ground.<br>**Exh. 4, Martinez Depo** 36:22-25, to Sincich Decl. ¶ 4 – At this point, Murillo was already backpedaling.<br>**Exh. 4, Martinez Depo** 43:14-16, to Sincich Decl. ¶4 – For his first two shots, Martinez was aiming center mass at Murillo's chest.<br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25.<br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26.<br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29. | determined by the applicable substantive law.").<br><br>**Misstates Evidence**. See, Resp. to Plt's AMF 83 above. This fact is also not supported by evidence, as it is pure speculation what order shots were fired or whether the Murillo was paralyzed from any shot, which is also directly contradicted by the evidence. See, Resp. to Plt's AMF 77-78 above. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). Plaintiff's statement relies on inadmissible evidence. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective |

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31. **Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32. **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. | beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| 86 | The paralyzed Murillo then collapsed to the ground and was incapable of advancing toward any officer. Plaintiff's Evidence: **Exh. 5, Martinez Statement I** at 7:11-13, to Sincich Decl. ¶5 – After being shot twice by Martinez, Murillo fell to the ground approximately three feet in front of Martinez. **Exh. 1, Griffin Depo** at 26:3-6, to Sincich Decl. ¶1 – Murillo fell forward to the ground. **Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26. **Exh. 27, Officer Gutierrez BWC Screenshots** at 4-5, to Sincich Decl. ¶27. **Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."). **Misstates Evidence**.  See, Resp. to Plt's AMF 85 above.  This fact is also not supported by evidence, as it is pure speculation that Murillo paralyzed or incapable of advancing toward an officer.  *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid |

- 45 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 30, Officer Griffin BWC Screenshots** at 4-14, to Sincich Decl. ¶30.<br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32.<br>**Exh. 33, Officer Knolls BWC Screenshots** at 2-7, to Sincich Decl. ¶33.<br>**Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. | motion for summary judgment.'")  Plaintiff's statement relies on inadmissible evidence.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment.  *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| 87 | While the unarmed paralyzed Murillo was collapsing to the ground, Defendants fired an additional three lethal rounds at Murillo.<br><br>Plaintiff's Evidence:<br><br>**Exh. 6, Martinez Statement II** at 12:6-7, to Sincich Decl. ¶6 – As Murillo was | **Disputed, but immaterial and irrelevant.**  *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | falling forward, Officer Martinez fired another round.<br><br>**Exh. 6, Martinez Statement II** at 48:1-6, to Sincich Decl. ¶6 – But when questioned further by detectives, Officer Martinez agreed, he fired his first two rounds, then Murillo went down.<br><br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25.<br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26.<br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29.<br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31.<br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32.<br>**Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.<br><br>**Omalu Decl**. ¶¶9-13. | substantive law.").<br><br>**Misstates Evidence**.  See, Resp. to Plt's AMF 85 above.  This fact is also not supported by evidence, as it is pure speculation that Murillo paralyzed.  *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'").  Plaintiff's statement relies on inadmissible evidence.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment.  *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of |

Defs' Response to Plaintiff's Additional Material Facts [22-cv-3188-DMG (SKx)]

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| 88 | Nevertheless, after the Defendants combined five shots fired, Officer Griffin fired his final round at Murillo while Murillo was on the ground visibly unarmed followed by Officer Martinez pausing for approximately a second then firing his final lethal round at the visibly unarmed Murillo who was on the ground.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 32:21-34:1, to Sincich Decl. ¶4 – Martinez admitted to investigators that he fired two rounds at Murillo causing Murillo to fall to the ground, then fired a third round at Murillo while Murillo was on the ground.<br><br>**Exh. 4, Martinez Depo** 50:15-17, to Sincich Decl. ¶4 – Martinez did not hear any lethal rounds being fired after his last shot.<br><br>**Exh. 4, Martinez Depo** 55:14-19, to Sincich Decl. ¶4 – Martinez believes it was appropriate under his training to use deadly force against Murillo when Murillo was on the ground.<br><br>**Exh. 4, Martinez Depo** 57:19-22, to Sincich Decl. ¶4 – After Murillo went | **Disputed, but immaterial and irrelevant.**  *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law.").<br><br>**Misstates Evidence**.  See, Resp. to Plt's AMF 77-78, 85 above.  This fact is also not supported by evidence, as it is pure speculation that Murillo was unarmed or on the ground, as opposed to falling forward.  The videos show the events in real-time, whereas Plaintiff attempts to distort the picture relying upon screen shots and slowed down moments.  The officers did not have the benefit of seeing Murillo advance in slow motion or capture his movements in still frames.  *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | to the ground, Martinez never saw a knife.<br>**Exh. 4, Martinez Depo** 58:3-8, to Sincich Decl. ¶4 – Martinez admits that Murillo was not an imminent threat when he was on the ground.<br>**Exh. 4, Martinez Depo** 59:22-60:3, to Sincich Decl. ¶4 – Martinez admits that based on his training it would not be appropriate to use deadly force when Murillo was on the ground.<br>**Exh. 4, Martinez Depo** 63:24-64:2, to Sincich Decl. ¶4 – Murillo's hands were visible as opposed to being tucked underneath his body.<br>**Exh. 4, Martinez Depo** 67:5-10, to Sincich Decl. ¶4 – There was a pause between the cluster of officer shots and the last shot fired by Martinez.<br>**Exh. 4, Martinez Depo** 67:15-17, to Sincich Decl. ¶4 – Martinez backed up prior to firing his last shot.<br>**Exh. 4, Martinez Depo** 73:1-22, to Sincich Decl. ¶4 – Martinez fired his third round near Murillo's shoulder.<br>**Exh. 5, Martinez Statement I** at 7:16-21, to Sincich Decl. ¶5 – Martinez then fired another shot at Murillo while Murillo was on the ground.<br><br>**Exh. 5, Martinez Statement I** at 20:2-5, to Sincich Decl. ¶5 – Martinez could not see Murillo's hands and could not see a knife in his hands while was on the ground prior to his third shot.<br><br>**Exh. 5, Martinez Statement I** at 20:21-21:8, to Sincich Decl. ¶5 – Murillo's hands were tucked in the | issues of material fact capable of defeating an otherwise valid motion for summary judgment.'").  Plaintiff's statement relies on inadmissible evidence.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | entire time and his hand position did not vary at all during the shots. **Exh. 5, Martinez Statement I** at 22:2-4, to Sincich Decl. ¶5 – Martinez did not know where the knife was because he did not see it. **Exh. 6, Martinez Statement II** at 48:13-49:6, 49:25-50:3, to Sincich Decl. ¶6 – Officer Martinez described again, he fired two rounds, simultaneously with other lethal force, then Murillo fell to the ground at Officer Martinez's feet as Officer Martinez was backing up, then without being able to see Murillo's hands and not knowing if he had a knife in his hands, and out of subjective fear of what Murillo "might do," Officer Martinez fired his third round. **Exh. 6, Martinez Statement II** at 56:16-24, to Sincich Decl. ¶6 – Officer Martinez was aiming his final shot at Murillo's body near his shoulder. **Exh. 1, Griffin Depo** at 23:2-6, to Sincich Decl. ¶1 – Griffin heard one lethal round being fired after Griffin stopped firing. **Exh. 1, Griffin Depo** at 24:2-5, to Sincich Decl. ¶1 – The last round fired was not Griffin's round. **Exh. 20, FID Report** at 18, to Sincich Decl. ¶20. **Exh. 21, BOPC Findings** at 24-25, to Sincich Decl. ¶20. **Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:12, to Sincich Decl. ¶25. | |

- 50 -

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26.<br><br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br><br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29.<br><br>**Exh. 30, Officer Griffin BWC Screenshots** at 10-14, to Sincich Decl. ¶30.<br><br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31.<br><br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32.<br><br>**Exh. 33, Officer Knolls BWC Screenshots** at 5-7, to Sincich Decl. ¶33.<br><br>**Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.<br><br>**Exh. 36, Demonstrative Screenshots** at 28-35, to Sincich Decl. ¶36.<br><br>**Clark Decl. ¶18.** | |
| 89 | Defendants tactically repositioned (i.e., redeployed or backpedaled) as they were firing to create more distance.<br><br><u>Plaintiff's Evidence:</u><br><br>**Exh. 1, Griffin Depo** at 20:14-20, to Sincich Decl. ¶1 – Griffin tactically repositioned prior to using deadly force to give himself more distance.<br><br>**Exh. 5, Martinez Statement I** at 7:13- | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | 14, to Sincich Decl. ¶5 – Martinez redeployed backwards.<br><br>**Exh. 5, Martinez Statement I** at 18:4, to Sincich Decl. ¶5 – Martinez was already back-pedaling while Murillo was on the ground.<br>**Exh. 6, Martinez Statement II** at 51:16-20, to Sincich Decl. ¶6 – Officers Griffin and Gutierrez also redeployed.<br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25.<br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26.<br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29.<br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31.<br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32.<br><br>**Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. | cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 90 | Murillo never threw a knife at any officer.<br><br>Plaintiff's Evidence:<br><br>**Exh. 1, Griffin Depo** at 45:18-20, to Sincich Decl. ¶1. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 4, Martinez Depo** 70:2-4, to Sincich Decl. ¶4 – Martinez never saw Murillo throw a knife at anyone.<br>**Exh. 4, Martinez Depo** 71:5-6, to Sincich Decl. ¶4 – Martinez never saw Murillo attempt to throw the knife.<br><br>**Exh. 6, Martinez Statement II** at 59:11-17, to Sincich Decl. ¶6 – Officer Martinez never saw Murillo transfer the grip of the knife, and never saw Murillo throw a knife.<br><br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25.<br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26.<br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29.<br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31.<br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32.<br><br>**Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. | determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 91 | Murillo never made a swinging, slashing or stabbing motion with a knife. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is |

- 53 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | Plaintiff's Evidence:<br><br>**Exh. 1, Griffin Depo** at 45:21-23, to Sincich Decl. ¶1.<br>**Exh. 13, Lopez Statement** at 35:14-19, to Sincich Decl. ¶13 – Murillo was not swinging his arms, he held them against his body.<br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25.<br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26.<br><br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br><br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29.<br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31.<br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32.<br><br>**Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. | one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 92 | Murillo never raised a knife above his head.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 70:7-8, to Sincich Decl. ¶4 – Murillo never saw the knife raised above Murillo's head. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25.<br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26.<br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29.<br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31.<br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32.<br>**Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. | substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 93 | Murillo never made a slashing motion with the knife.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 70:9-11, to Sincich Decl. ¶4.<br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25.<br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26.<br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29. **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31. **Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32. **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. | |
| 94 | Murillo never made a threatening or furtive movement with a knife towards or around any officers. Plaintiff's Evidence: **Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25. **Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26. **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28. **Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29. **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31. **Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."). **Misstates Evidence.** See, Resp. to Plt's AMF 68 above; Defs' SUF 28, 31-35. Plaintiff's statement relies on inadmissible evidence. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. <br> **Exh. 36, Demonstrative Screenshots** at 1-35, to Sincich Decl. ¶36. <br> **Clark Decl**. ¶14(t). | not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| 95 | Defendants did not hear Murillo verbally threaten to harm anyone. <br> <u>Plaintiff's Evidence:</u> <br> **Exh. 1, Griffin Depo** at 30:17-19, to Sincich Decl. ¶1. <br> **Exh. 4, Martinez Depo** 46:7-13, to Sincich Decl. ¶4. <br> **Exh. 8, Knolls Statement** at 35:16-18, to Sincich Decl. ¶8 – Officer Knolls did not hear Murillo make any threats towards officers. <br> **Exh. 10, Frazer Statement** at 26:11-23, to Sincich Decl. ¶10 – Officer Frazer never heard Murillo have any threats towards officers. | **Disputed.**  Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. <br> **Misstates testimony.**  See Resp. to Plt's AMF 68 above; see also, i.e., **Plt's Ex. 1, Griffin Depo.** at 30:17-19, Griffin asked whether Murillo threatened anyone once he was *outside.*; **Plt's Ex. 4, Martinez Depo.** 46:7-13 (Martinez was asked whether Murillo made threats as he was approaching Martinez with the knife.  Martinez also stated that "throughout the incident, sir, he made several remarks shouting out the window."); 58:17-20 (Martinez stating that Murillo |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | made statements that he wanted to hurt people, hurt officers); **Plt's Ex. 14, Gutierrez Stmt** at 14:11-24 (noting that he heard Murillo threaten Echevarria, asked the officers to kill Echevarria, and threw something that smoked outside at the officers). |
| 96 | Officer Griffin stopped firing after his fourth round because he saw Murillo go to the found and did not see anything that would led him to believe Murillo "was going to be able to continue to [] move towards [officers] at that point," and Officer Griffin "didn't think [Murillo] was going to be able to stab [his] partner or [himself]." <br><br> Plaintiff's Evidence: <br><br> **Exh. 2, Griffin Statement I** at 18:7-14, to Sincich Decl. ¶2. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 97 | There were reasonable alternatives to the use of deadly force available. <br><br> Plaintiff's Evidence: <br><br> **Exh. 1, Griffin Depo** at 14:9-16, to Sincich Decl. ¶1 – Gutierrez was equipped with the beanbag shotgun. <br><br> **Exh. 4, Martinez Depo** 41:11-16, to Sincich Decl. ¶4 – Martinez was armed with a Taser and pepper spray at the time. <br><br> **Exh. 5, Martinez Statement I** at 6:6-7, to Sincich Decl. ¶5 – Gutierrez was armed with the beanbag shotgun. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 7, Alferez Statement** at 11:5-19, 22:10-18, to Sincich Decl. ¶7 – Sgt. Alferez requires "officers take out, as part of their equipment, beanbags, 40mm launchers, and shields and their regular duty Taser and their holster." Officers deploy a minimum of three shields per area.<br>**Exh. 7, Alferez Statement** at 17:18-20, to Sincich Decl. ¶7 – Sgt. Alferez requested an air unit and backup.<br>**Exh. 15, S.Martinez Statement** at 9:11-13, to Sincich Decl. ¶15 – Officer S.Martinez deployed a shield upon arrival.<br>**Exh. 17, Piche Statement** at 11:23-12:8, to Sincich Decl. ¶17 – Officers had ballistic helmets, Tasers, and OC spray on them.<br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25.<br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26.<br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29.<br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31.<br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32. | **Improper speculation**. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. | |
| 98 | Officers escalated the situation during the incident.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 38:12-21; 3:2-5, to Sincich Decl. ¶4 – De-escalation includes utilizing everything the officers had, including less-lethal, communication, and other resources, to bring the incident to a peaceful solution by taking the subject into custody with the minimal about of force.<br>**Exh. 4, Martinez Depo** 39:13-16, to Sincich Decl. ¶4 – Officers are trained to give an individual an opportunity to comply with the commands if feasible.<br>**Exh. 13, Lopez Statement** at 31:12-24, to Sincich Decl. ¶13 – Officers are trained that when interacting with a person in a mental health crisis they should de-escalate the situation.<br><br>**Clark Decl**. ¶16. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Improper speculation**. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'").<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| 99 | Defendants had no information that Murillo ever committed an act of violence prior to the incident.<br><br>Plaintiff's Evidence:<br><br>**Exh. 1, Griffin Depo** at 43:1-4, to Sincich Decl. ¶1.<br><br>**Exh. 4, Martinez Depo** 25:2-5, to Sincich Decl. ¶4. | **Disputed,** as the term "incident" is ambiguous.  Incident meaning the OIS specifically? Or the entirety of the police interaction with Murillo?  **The evidence does not support the stated fact/Misstates Evidence.  Plt's Ex. 4**, Martinez Depo. at 25:2-5 (asks if there was any information that that Murillo had committed an act of violence against anyone *before the day of the incident.*); **Plt's Ex. 1**, Griffin Depo. at 43:1-4 (same).<br><br>**Disputed**, to the extent that Murillo did not threaten anyone or was not violent in any way leading up to the OIS.  **Misstates testimony/evidence.**  See Defs' SUF 23 (videos where Murillo frequently shouted threats and |

- 61 -

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | threw an incendiary devise from a bedroom window), SUF 20 (Murillo broke through a bedroom door), Resp. to Plt's AMF 95 above. |
| **100** | Martinez had no information that Murillo had seriously injured anyone. <u>Plaintiff's Evidence:</u> **Exh. 4, Martinez Depo** 24:10-13, to Sincich Decl. ¶4. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| **101** | Martinez had no information that family members needed medical attention. <u>Plaintiff's Evidence:</u> **Exh. 4, Martinez Depo** 24:14-16, to Sincich Decl. ¶4. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| **102** | Officers had cover. <u>Plaintiff's Evidence:</u> **Exh. 4, Martinez Depo** 22:8-10, to Sincich Decl. ¶4 – Martinez was | **Disputed,** to the extent some of the officers did not have any barrier between them and Murillo, as is clearly obvious |

- 62 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | positioned behind the passenger door of the police vehicle.<br>**Exh. 4, Martinez Depo** 22:11-12, to Sincich Decl. ¶4 – Martinez used the passenger door as cover.<br>**Exh. 5, Martinez Statement I** at 7:2, to Sincich Decl. ¶5 – Martinez was behind the passenger door of the patrol vehicle using it as cover.<br>**Exh. 14, Gutierrez Statement** at 9:1-4, to Sincich Decl. ¶14 – Officer Gutierrez took cover behind a retaining wall with the beanbag shotgun.<br>**Exh. 7, Alferez Statement** at 25:24-25, to Sincich Decl. ¶7 – Sgt. Alferez directed officers to don their helmets.<br>**Exh. 7, Alferez Statement** at 59:9-12, to Sincich Decl. ¶7 – There was a shield in the front driveway staged at the right rear tire of the patrol vehicle.<br>**Exh. 8, Knolls Statement** at 24:23-25:11, to Sincich Decl. ¶8 – Officer Knolls intentionally set up the patrol vehicle so that the PA could be used and so that officers would be able to use it as cover.<br>**Exh. 11, Tykhomyrov Statement** at 9:21, 20:9-10, to Sincich Decl. ¶11 – Officers were behind cover.<br>**Exh. 15, S.Martinez Statement** at 9:11-13, to Sincich Decl. ¶15 – Officer S.Martinez deployed a shield upon arrival.<br>**Exh. 16, Proni Statement** at 12:13-16, to Sincich Decl. ¶16 – Officers had cover and concealment behind a six-and-a-half-foot solid brick wall. | from the videos, **but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

- 63 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 17, Piche Statement** at 14:24-15:5, to Sincich Decl. ¶17 – Officers were standing behind a seven-foot cement wall that separated the properties.<br><br>**Exh. 23, Scene Photos** at 1, 5, to Sincich Decl. ¶23. | |
| 103 | Martinez was wearing a bulletproof vest.<br><br><u>Plaintiff's Evidence:</u><br><br>**Exh. 4, Martinez Depo** 43:8-10, to Sincich Decl. ¶4. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 104 | Murillo was not an immediate threat of death or serious bodily injury to anyone when Defendants used deadly force against him.<br><br><u>Plaintiff's Evidence:</u><br><br>*See supra*, **PAMF 47** – Murillo was surrounded.<br>*See supra*, **PAMF 46, 49** – Murillo was outnumbered.<br>*See supra*, **PAMF 51** – Officers had superior training.<br>*See supra*, **PAMF 53** – Murillo was suffering a mental health crisis.<br>*See supra*, **PAMF 65** – Defendants knew Murillo was coming to the front. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law.").<br><br>**Misstates Evidence.** See Resp. to Plt's AMF 68, 77-78, 80, 85-96, 99-100 above. This fact is also not supported by evidence, as it is pure speculation that Murillo was not an immediate threat. *See Barcamerica Int'l* |

- 64 -

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | *See supra*, **PAMF 70** – Murillo was blinded by the lights.<br>*See supra*, **PAMF 74** – Murillo was already effectively struck by several effective less-lethal rounds causing him to fall to the ground.<br>*See supra*, **PAMF 77** – Murillo was unarmed.<br>*See supra*, **PAMF 78** – Murillo was unarmed, falling to the ground during the deadly force.<br>*See supra*, **PAMF 80** – Defendants knew Murillo had already been shot by several less-lethal rounds.<br>*See supra*, **PAMF 85-88** – Murillo was paralyzed by a shot and collapsed to the ground.<br>*See supra*, **PAMF 89** – Defendants were tactically repositioning.<br>*See supra*, **PAMF 90-94** – Murillo never made a swing, slash, stab, threaten, or furtive movement with a knife toward or around any officers.<br>*See supra*, **PAMF 95** – Defendants did not hear Murillo verbally threaten to harm anyone.<br>*See supra*, **PAMF 96** – There were reasonable alternatives available.<br>*See supra*, **PAMF 99-100** – Defendants had no information that Murillo ever committed an act of violence towards or injured any person.<br>*See supra*, **PAMF 102-103** – Defendants had cover.<br>**Exh. 8, Knolls Statement** at 52:12-24, to Sincich Decl. ¶8 – When Murillo was running immediately prior to the lethal | *USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). Plaintiff's statement relies on inadmissible evidence. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

Defs' Response to Plaintiff's Additional Material Facts [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | shots fired, Officer Knolls was not concerned for his safety and did not draw his weapon.<br>**Exh. 7, Alferez Statement** at 36:15-16, 44:17-19, to Sincich Decl. ¶7 – Sgt. Alferez was positioned behind the patrol vehicle and never drew his pistol.<br><br>**Exh. 21, BOPC Findings** at 24-25, to Sincich Decl. ¶20 – finding Officer Martinez's last shot to be out of policy, not proportional, objectively unreasonable, and unnecessary.<br><br>**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25.<br>**Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26.<br>**Exh. 27, Officer Gutierrez BWC Screenshots** at 1-5, to Sincich Decl. ¶27.<br>**Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28.<br>**Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29.<br>**Exh. 30, Officer Griffin BWC Screenshots** at 1-14, to Sincich Decl. ¶30.<br>**Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31.<br>**Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32. | |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | **Exh. 33, Officer Knolls BWC Screenshots** at 1-7, to Sincich Decl. ¶33.<br>**Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.<br>**Clark Decl**. ¶14.<br>**Omalu Decl**. ¶¶9-13. | |
| 105 | Murillo was severely injured and died as a result of Defendants' conduct.<br><br>Plaintiff's Evidence:<br><br>**Exh. 18, Autopsy Report** at 308-312, 319-320, to Sincich Decl. ¶18<br>- The medical examiner determined that the cause of death was multiple gunshot wounds.<br>- The medical examiner determined that the manner of death was homicide.<br>- The medical examiner determined that Murillo's death occurred by being shot by law enforcement.<br>- The were a total of six separate gunshot wounds.<br>- Murillo was a 23-year-old Hispanic male at time of death.<br>- Murillo was pronounced dead on February 1, 2022, at 0357 house.<br>- Gunshot wound number one entered Murillo's left upper chest, traveled front to back, left to right, horizontal and slightly downward. This projectile perforated the skin, impacted the clavicle, perforated the let sternocleidomastoid muscle, hit the second thoracic vertebra, and lacerated the spinal cord. This gunshot would | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co*., 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | result in paralysis but was not itself considered fatal.<br>- Gunshot wound number two entered Murillo's posterior forearm, traveled back to front, right to left, and slightly downward. This projectile wound exited proximal to the wrist then reentered the body on the right upper quadrant of the abdomen. This projectile perforated the skin, entered the abdominal cavity, perforated the small bowel and colon, perforated the diaphragm, and entered the left chest cavity. This gunshot was potentially fatal but not immediately fatal or incapacitating.<br>- Gunshot wound number three entered Murillo's back right hand, traveled back to front, right to left, and slightly downward. This projectile perforated the skin, fractured the second metacarpal bone of the second finger before exiting the inside of the hand. This gunshot was nonfatal.<br>- Gunshot wound number four entered Murillo's left elbow, traveled back to front, right to left, and upward. This projectile perforated the skin, hemorrhaged tissue. This gunshot was nonfatal.<br>- Gunshot wound number five entered Murillo's right upper back, traveled back to front, right to left, and downward. This projectile perforated the skin, traveled through the shoulder, entered the right chest cavity, fractured a rib, perforated the upper lobe of the lung, perforated the trachea, lacerated | material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

Defs' Response to Plaintiff's Additional Material Facts [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | the aorta, lacerated the aortic vessels, lacerated the pulmonary artery, perforated the interventricular septum of the heart, entered the left ventricle of the heart, perforated the pericardial sac, and exited the chest cavity. This gunshot was rapidly fatal. <br> - Gunshot wound number six entered Murillo's right posterior hip, traveled back to front, right to left, and slightly downward. This projectile perforated the skin, impacted the right ilium, and was buried into the bone. This gunshot was nonfatal. <br> - The examination revealed a 1-1/2-inch abrasion to the right forehead. <br> - The examination revealed a 1-1/8 x 7/8-inch abrasion to the right upper cheek. <br> - The examination revealed a 2-1/2 x 2-inch abrasion to the left chest. <br> - The examination revealed a 2-1/4 x 1/2-inch abrasion to the left chest. <br> - The examination revealed a 1-1/2 x <br> 1/2-inch abrasion to the posterior left shoulder. <br> - The examination revealed a 1-1/2 x 1-inch abrasion to the right hip. <br> - The examination revealed a 2 x 1-1/2-inch abrasion to the left lower back. <br> **Exh. 19, Autopsy Photos** 1-34, to Sincich Decl. ¶19. <br> **Clark Decl**. ¶20. <br> **Omalu Decl**. ¶¶9-13. | |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| **106** | Defendants intentionally pressed the trigger for each shot.<br><br>Plaintiff's Evidence:<br><br>**Exh. 1, Griffin Depo** at 24:14-15, to Sincich Decl. ¶1 – Griffin had to intentionally press the trigger for each shot.<br><br>**Exh. 4, Martinez Depo** 11:2-3, to Sincich Decl. ¶4. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| **107** | Between each shot, Defendants assessed for approximately half a second.<br><br>Plaintiff's Evidence:<br><br>**Exh. 1, Griffin Depo** at 24:22-25:7, to Sincich Decl. ¶1 – Griffin assessed the situation before, during and after each round fired according to his training.<br><br>**Exh. 4, Martinez Depo** 11:8-12:1, to Sincich Decl. ¶4. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| **108** | Martinez heard Griffin using deadly force prior to firing his shots.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 12:10-12, to Sincich Decl. ¶4. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. |

Defs' Response to Plaintiff's Additional Material Facts [22-cv-3188-DMG (SKx)]

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 109 | Officers are trained that deadly force is the highest level of force an officer can use.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 43:2-4, to Sincich Decl. ¶4.<br><br>**Clark Decl**. ¶15. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | opine on what facts actually transpired. |
| 110 | Officers are trained that deadly force is likely to cause death or serious bodily injury.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 43:5-7, to Sincich Decl. ¶4.<br><br>**Clark Decl**. ¶15. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| 111 | Officers are trained that deadly force should only be used if there is an immediate threat of death or serious bodily injury.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 44:15-18, to Sinnich Decl. ¶4.<br>**Clark Decl**. ¶15. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| 112 | Officers are trained that deadly force can only be used in an immediate defense of life situation.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 44:19-45:5, to Sincich Decl. ¶4.<br><br>**Clark Decl**. ¶15. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| 113 | Officers are trained to have reverence for human life.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 45:6-8, to Sincich Decl. ¶4.<br><br>**Clark Decl**. ¶15. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

Defs' Response to Plaintiff's Additional Material Facts [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| 114 | Officers are trained that deadly force should be a last resort.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 45:9-11, to Sincich Decl. ¶4.<br><br>**Clark Decl.** ¶15. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

Defs' Response to Plaintiff's Additional Material Facts [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| **115** | Officers are trained to give a verbal warning when feasible.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 45:12-14, to Sincich Decl. ¶4.<br><br>**Clark Decl.** ¶15. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).<br><br>**Disputed,** as to whether a warning was feasible or required in this instance. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985) (warning required only "where |

Defs' Response to Plaintiff's Additional Material Facts [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | feasible" to a suspect who "poses no immediate threat to the officer and no threat to others"); *Garcia v. United States*, 826 F.2d 806, 812 (9th Cir. 1987) (distinguishing *Garner* and holding that no warning required under constitution). See, Resp. to Plt's AMF67 above. |
| 116 | Officers are trained that they should assess after each shot.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 45:15-17, to Sincich Decl. ¶4.<br><br>**Clark Decl.** ¶15. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| 117 | Officers are trained that they are responsible for every shot they fire.  Plaintiff's Evidence:  **Exh. 4, Martinez Depo** 45:18-20, to Sincich Decl. ¶4.  **Clark Decl**. ¶15. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.  Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of |

Defs' Response to Plaintiff's Additional Material Facts [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| | | material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| 118 | Officers are trained that they cannot shoot someone merely for seeing a weapon in their hand.<br><br>Plaintiff's Evidence:<br><br>**Exh. 4, Martinez Depo** 45:25-46:3, to Sinich Decl. ¶4.<br><br>**Clark Decl**. ¶15. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v.* |

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
|  |  | *Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| **119** | Officer Martinez admitted that he "was in shock for a little bit." <u>Plaintiff's Evidence</u>: **Exh. 6, Martinez Statement II** at 60:18-19, to Sincich Decl. ¶6. *See supra*, **PAMF 46-118** – Defendants killed the visibly unarmed Murillo as he was falling to the ground and after falling to the ground. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. See also, referenced Responses to Plt's AMF 46-118. |
| **120** | Sgt. Alferez believed it would have been helpful to have additional supervisors to assist in the tactical decisions. <u>Plaintiff's Evidence</u>: **Exh. 7, Alferez Statement** at 48:9-12, to Sincich Decl. ¶7. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. Sergeant Alferez is also not a Defendant in this matter. |

Defs' Response to Plaintiff's Additional Material Facts [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| Plt's SUF No. | PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND EVIDENCE | DEFENDANTS' RESPONSE TO DISPUTED FACTS AND SUPPORTING EVIDENCE |
|---|---|---|
| **121** | No officers were injured. <br><br> Plaintiff's Evidence: <br><br> **Exh. 8, Knolls Statement** at 48:7-10, to Sincich Decl. ¶8 – Sgt. Alferez made sure officers turned their cameras off and made sure no officers were injured or hurt. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| **122** | Officers put Murillo in handcuffs then searched his body before Fire arrived and instructed the officers to take the handcuffs off. <br><br> Plaintiff's Evidence: <br><br> **Exh. 13, Lopez Statement** at 13:11-22, to Sincich Decl. ¶13. <br> **Exh. 13, Lopez Statement** at 24:21-23, to Sincich Decl. ¶13 – Officer Lopez assisted in handcuffing Murillo. <br><br> **Exh. 13, Lopez Statement** at 25:15-22, to Sincich Decl. ¶13 – Fire arrived and asked officers to uncuff Murillo. | **Undisputed, but immaterial.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."); Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

Dated:  December 1, 2023      **ORBACH HUFF + HENDERSON LLP**

By:  /s/ Kevin E. Gilbert
　　　　　Kevin E. Gilbert
　　　　　Carolyn M. Aguilar
　　　　　Attorneys for Defendants
　　　　　OFFICER JESUS MARTINEZ and
　　　　　OFFICER KYLE GRIFFIN

Defs' Response to Plaintiff's Additional Material Facts [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP