Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Carolyn M. Aguilar, Esq. (SBN: 289550)
caguilar@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, California 94588
Tel: (510) 999-7908; Fax: (510) 999-7918

Attorneys for Defendants OFFICERS JESUS MARTINEZ and KYLE GRIFFIN

HYDEE FELDSTEIN SOTO, City Attorney
SCOTT MARCUS, Chief Assistant City Attorney (SBN: 184980)
CORY M. BRENTE, Senior Assistant City Attorney (SBN: 115453)
CHRISTIAN R. BOJORQUEZ, Deputy City Attorney (SBN: 192872)
christian.bojorquez@lacity.org
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Tel: (213) 978-7023; Fax: (213) 978-8785

Attorneys for Defendant CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL MURILLO, individually and as successor-in-interest Of The Estate of deceased, JONATHAN MURILLO-NIX, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LOS ANGELES, a governmental entity; JESUS MARTINEZ, individually; KYLE GRIFFIN, individually; and DOES 1- 10, inclusive, <br><br> Defendants. | Case No. 22-cv-03188-DMG (SKx) <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT** <br><br> DATE: December 15, 2023 <br> TIME: 2:00 p.m. <br> DEPT: Courtroom 8C <br> JUDGE: Hon. Dolly M. Gee |

ORBACH HUFF + HENDERSON LLP

Defendants CITY OF LOS ANGELES, OFFICER JESUS MARTINEZ, and OFFICER KYLE GRIFFIN ("Defendants") submit this response to Plaintiff MARIBEL MURILLO's ("Plaintiff") Statement of Genuine Disputes (Dkt. 54-1), as follows:

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| 1. | On February 1, 2022, at 2:14 a.m., Joshua Echeverria ("Joshua"), the then-21-year-old brother of Jonathan Murillo-Nix ("Murillo-Nix"), called 9-1-1 and reported, "my older brother is acting crazy right now. He's trying to attack my dad right now with knives." <u>Evidence:</u> **Exhibits A-B** (Ex. A), 9-1-1 Audio Call 01 at 0:00-0:20. | **Disputed** by objections including irrelevant information unknown to Defendants. (See Plaintiff's Statement of Objections filed concurrently herewith, ¶¶1). **Undisputed** that the February 1, 2022, incident was precipitated by a 2:14 a.m. 9-1-1 call where Defendants suspected an assault with a deadly weapon possibly knives involved. (**Exh. 2, Griffin Statement I** at 6:24-25, to Sincich Decl. ¶2; **Exh. 3, Griffin Statement II** at 7:13-17, to Sincich Decl. ¶3; **Exh. 6, Martinez Statement II** at 6:25-7:8, to Sincich Decl. ¶6.) | **Undisputed**. This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial. Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 2. | A minute later at 2:15 a.m., Elenilson Echeverria ("Elenilson"), Murillo-Nix's stepfather, also | **Disputed** to the extent that Defendants attempt to argue the audio a portion of the audio includes "banging sounds." The audio | **Undisputed, Misstates Evidence.** This fact is undisputed, but for Plaintiff's improper argument, which is |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| | | | |
|---|---|---|---|
| **I. The Officers' Actions Were Objectively Reasonable** | | | |
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | called 9-1-1 and reported, "I need help. . .[banging sounds] . . My stepson is with knives, and he said he's trying to kill everybody here at home." <br><br> Evidence: <br><br> **Exhibits C-D** (Ex. C), 9-1-1 Audio Call 02 at 0:00-0:15. | speaks for itself, and interpretations of mere sounds could be different. (Defense Exhibit C, 9-1-1 Audio Call 02 at 0:00-0:15.) <br><br> **Disputed** by objections including irrelevant information unknown to Defendants. (See Plaintiff's Statement of Objections filed concurrently herewith, ¶2). <br><br> **Undisputed** that reporting party called 9-1-1 and made statements. | irrelevant and immaterial. <br><br> Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. <br><br> **Misstates evidence.** Ex. C-D, 911 Audio Call 02 at 0:00-0:15 (banging sounds can obviously be heard, there is no genuine dispute of this evidence); later at 0:30-0:36 (after hearing further banging sounds, Elenilson states "listen to what he's doing. You better hurry up."). |
| 3. | Elenilson reported that he was "drunk, drunk, drunk." <br><br> Evidence: <br><br> Ex. C at 00:58-1:05. | **Disputed** by objections including irrelevant information unknown to Defendants. (See Plaintiff's Statement of Objections filed concurrently herewith, ¶3). <br><br> **Undisputed** that reporting party called 9- | **Undisputed.** This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial. <br><br> Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | 1-1 and made statements. | See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 4. | Elenilson later responded "But he's with two knives and he said he's going to kill everybody here." Evidence: Ex. C at 02:00-02:10. | **Disputed** by objections including irrelevant information unknown to Defendants. (See Plaintiff's Statement of Objections filed concurrently herewith, ¶4). **Undisputed** that reporting party called 9-1-1 and made statements. | **Undisputed**. This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial. Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 5. | Officers arrived at approximately 2:19 a.m., approximately 5 minutes after the first call was placed. Evidence: **Exhibit E** (Ex. E), Body-Worn Video (BWV) of Officer Jose Mendoza at 02:19:05-02:19:54.[1] | **Undisputed** as immaterial and for the purposes of this motion only. | |

[1] The time references on all BWVs reflects the universal time stamp in the upper-right hand corner of the videos.

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| 6. | Immediately after arriving onsite, the officers quickly began speaking with Elenilson from his open bedroom window.<br><br>Evidence:<br>Ex. E at 02:19:52-02:21:52; **Exhibit F** (Ex. F), BWV of Officer Isaac Ipsen at 02:19:52-02:21:52. | **Undisputed** as immaterial and for the purposes of this motion only. | |
| 7. | Elenilson again informed the officers that Murillo-Nix was armed with two knives, would not let anyone out of their rooms, and was trying to kill everybody.<br><br>Evidence:<br>Ex. E at 02:20:22-02:21:09; Ex. F at 02:20:22-02:21:09. | **Disputed** by objections including irrelevant information unknown to Defendants. (See Plaintiff's Statement of Objections filed concurrently herewith, ¶7). | **Undisputed.** This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial.<br><br>Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 8. | Elenilson advised the officers that though the front door was locked, they would be able to enter from the back | **Undisputed** as immaterial and for the purposes of this motion only. | |

| | I.   The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | door.<br><br>Evidence:<br><br>Ex. E at 02:20:22-02:21:09; Ex. F at 02:20:22-02:21:09. | | |
| 9. | While the officers were speaking with Elenilson, Murillo-Nix could be heard banging on the door.<br><br>Evidence:<br><br>Ex. E at 02:21:45-02:21:52; Ex. F at 02:21:44-02:21:52. | **Disputed** that officers could hear *Murillo* banging on the door. Officers did not see who was banging on the door. Despite hearing sounds that could be characterized as banging, there is no indication in the video as to who was banging or what they were banging on. (Defense Exhibit E at 02:21:45-02:21:52; and Exhibit F at 02:21:44-02:21:52.)<br><br>**Disputed** by objections including irrelevant information unknown to Defendants. (See Plaintiff's Statement of Objections filed concurrently herewith, ¶9). | **Undisputed**.  This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial.<br><br>Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Misstates Evidence.** There is no genuine dispute as to who was banging on the bedroom door.  Plaintiff well-knows it was Murillo-Nix.  **Defs' Ex. E** at 02:21:45-49 (banging sounds can be heard, Elenilson shouts "Listen! Listen!" and Officer Mendoza says, "yeah, he's going to go |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | | in.  We gotta go!" demonstrating the urgency of the situation at the time; **Defs' Ex. F** (same); see also, **Defs' Ex. E** at 02:20:50-55 (Elenilsen explaining that he and his wife and his other sons were all locked in their rooms and no one else was in the home but Murillo-Nix and so could only be the one banging on the door). |
| 10. | Fearing for the family's well-being, the officers quickly entered the property.<br><br>Evidence:<br>Ex. E at 02:21:45-02:21:52; Ex. F at 02:21:44-02:21:52. | **Disputed** as to the characterization of unnamed officers' subjective emotional state without any declaration or statement of the unnamed officers. Whether the officers were fearful is not established by Defendants' evidence.<br><br>**Disputed** by objections including irrelevant information unknown to Defendants. (See Plaintiff's Statement of Objections filed concurrently herewith, ¶10). | **Undisputed.**  This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial.<br><br>Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Misstates Evidence.** See, Resp. to SUF 9 above. |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| I. The Officers' Actions Were Objectively Reasonable | | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | **Undisputed** that soon after the Officers' arrival, all third parties were removed from the scene leaving only Murillo in the house and only Murillo and the officers anywhere around the house at all relevant times during the incident. | |
| 11. | Elenilson jumped out of his bedroom window and led the officers around toward the back of the house.<br><br>Evidence:<br>Ex. F at 02:21:59-02:22:21. | **Undisputed** as immaterial and for the purposes of this motion only. | |
| 12. | Officers enter into the living room area at the back of the home and yell out, directing Murillo-Nix to come out with his hands up.<br><br>Evidence:<br>Ex. E at 02:23:00-02:23:30; Ex. F at 02:23:00-02:23:30. | **Disputed** by objections including irrelevant information unknown to Defendants. (See Plaintiff's Statement of Objections filed concurrently herewith, ¶12).<br><br>**Undisputed** as immaterial and for the purposes of this motion only. | **Undisputed**. This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial.<br><br>Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| 13. | Officers then ensured the remaining family members were evacuated.<br><br>Evidence:<br><br>**Exhibit G** (Ex. G), BWV of Officer Cesar Barba at 2:25:40-02:26:25; **Exhibit H** (Ex. H), BWV of Sergeant Francisco Alferez at 02:25:54-02:26:25. | **Undisputed** that soon after the Officers' arrival, all third parties were removed from the scene leaving only Murillo in the house and only Murillo and the officers were around the house at all relevant times during the incident.<br><br>**Undisputed** as immaterial and for the purposes of this motion only. | |
| 14. | Family members had to be evacuated through windows at the front of the home.<br><br>Evidence:<br><br>Ex. G at 2:25:40-02:26:25; Ex. H at 02:25:54-02:26:25. | **Disputed** by objections as to whether family "had" to evacuate through windows. (See Plaintiff's Statement of Objections filed concurrently herewith, ¶14).<br><br>**Undisputed** that soon after the Officers' arrival, all third parties were removed from the scene leaving only Murillo in the house and only Murillo and the officers anywhere around the house at all relevant times during the incident. | **Undisputed**. This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial.<br><br>Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| 15. | Officers set up a perimeter around the residence including positioning a marked police car in the driveway and other cars to block traffic as necessary to contain Murillo-Nix and prohibit him from entering into the surrounding homes. Evidence: See generally, Ex. H at 02:26-02:35:30; **Exhibit I** (Ex. I), BWV of Officer Nicholas Knolls at 2:31:00-02:34:22. | **Disputed** to the extent that Defendants' exhibits do not support their argument that the perimeter was set up to block traffic and prohibit Murillo from entering surrounding homes. The excerpts of videos cited by Defendants make no mention whatsoever of prohibiting Murillo from entering surrounding homes or a concern that Murillo may enter surrounding homes. Defendants present no evidence that Murillo ever attempted or made any comment related to a desire to enter some other home. On the other hand, Officer Knolls stated that he intentionally positioned the patrol vehicle close enough for the PA system to be heard and to provide the officers with cover. (**Exh. 8, Knolls Statement** at 24:23-25:11, to Sincich Decl. ¶8.) **Undisputed** that Officers fully contained the house | **Undisputed**.  This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial. Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | and eliminated even the possibility of a threat to third parties that potentially were in neighboring homes. | |
| 16. | The officers also set up a command post (CP) and relocated the family (Plaintiff, Elenilson, Joshua, and another son) to the CP area down the block.<br><br>Evidence:<br><br>See, generally, Ex. H at 2:33:27-2:35:45 (directing officers and family members to corner of Desmond/Sproule); 02:38:59-02:39:10 (radio dispatch announcing CP); **Exhibit J** (Ex. J), Incident Recall at 02:34:33 (noting "Set Up Command Post Sproule/Desmond")[2] | **Undisputed** that the family was not near the incident scene when the officer-involved shooting occurred.<br><br>**Undisputed** as immaterial and for the purposes of this motion only. | |
| 17. | The sergeant on scene also requested an ambulance be stationed at the CP. | **Undisputed** as immaterial and for the purposes of this motion only. | |

---

[2] The CP was later moved to Desmond and Dronefield, further down the street from the scene.

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| | I.   The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | <u>Evidence</u>:<br>Ex. H at 2:36:06-02:36:22 (Sgt. Alferez requesting an "RA" (Rescue Ambulance) to standby at Desmond and Dronefield); Ex. J at 02:38:12 (Dispatching "FD 103"). | | |
| 18. | The ambulance arrived on scene before 3:00 a.m.<br><u>Evidence</u>:<br>See, **Exhibit K** (Ex. K), Second BWV of Officer Jose Mendoza at 02:56:46-02:58:00 (showing Fire Department personal deployed at Desmond and Dronefield – no audio). | **Undisputed** as immaterial and for the purposes of this motion only. | |
| 19. | From the moment the officers entered the home and over the next 79 minutes, officers, including Officer Martinez, attempted to negotiate with Murillo-Nix to come out of the house peacefully and without a weapon. | **Disputed** that Officers attempted to *negotiate* with Murillo for 75 minutes. Negotiation implies an exchange between the parties involved. Here, Officers merely gave the same commands to Murillo repeatedly and Officers threatened Murillo. | **Undisputed**.  This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial.<br>Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | **Evidence:** See, generally, Ex. E at 02:23:20-02:25:00, 02:28:35-02:29:15; Ex. F at 02:23:18-02:29:15; Ex. H at 02:46:54-02:48:00; **Exhibit L** (Ex. L), BWV of Officer Kyle Griffin at 02:36:03-03:42:39; **Exhibit M** (Ex. M), BWV of Officer Jesus Martinez at 02:36:04-03:42:41. | - *See supra*, No. 21 that Defendants threatened the use of force. <br> - (**Exh. 6, Martinez Statement II** at 28:16-20, to Sincich Decl. ¶6 – Officer Martinez described his communication style as "overkill" and intended to repeat the same thing "over and over" ever if it annoyed Murillo.) <br> - (**Exh. 6, Martinez Statement II** at 10:14-15, to Sincich Decl. ¶6 – Officer Martinez knew he was not effectively communicating with Murillo because he "wasn't getting through to him," and was not acknowledging his questions.) <br> - (**Exh. 6, Martinez Statement II** at 33:17-20, to Sincich Decl. ¶6 – Officer Martinez employed deception and trickery (i.e., a ruse) in his communication with Murillo.) <br> - (**Exh. 6, Martinez Statement II** at 16:13-15, to Sincich Decl. ¶6 – | See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. <br><br> **Undisputed** that officers gave Murillo-Nix multiple warnings of use of force, should he not come out peacefully. See Defs' SUF 21, below. |

- 12 -

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | Officer Martinez was trying to get Murillo to come out of the house.) **- (Exh. 6, Martinez Statement II** at 16:16-18, to Sincich Decl. ¶6 – Subjects under these circumstances typically are afraid that they will be shot by officers if they come out.) **- (Exh. 6, Martinez Statement II** at 21:7-18, to Sincich Decl. ¶6 – Officer Martinez threatened Murillo telling him SWAT was on the way and that if he did not come out of the house, SWAT was going to use force on him and gas him out of the house.) **- (Exh. 3, Griffin Statement II** at 17:2-7, to Sincich Decl. ¶3 – Then officers threatened Murillo again that SWAT was on the way that they were going to use gas on him to force him out.) **- (Exh. 7, Alferez Statement** at 54:1-17, to Sincich Decl. ¶7 – Sgt. Alferez employed the ruse of threatening | |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | Murillo that SWAT was coming and would potentially gas him out of the house.) <br> - (**Exh. 8, Knolls Statement** at 10:11-15, to Sincich Decl. ¶8 – Sgt. Alferez wanted someone to talk to Murillo more authoritatively.) | |
| 20. | At some point, Murillo-Nix damaged one of the bedroom doors so extensively that the lock was broken and he was able to enter that room, yelling from the window. <br><br> Evidence: <br><br> Ex. H at 2:25:56-02:26:03 (Elinelson reporting that the lock in the bedroom could not lock any more); **Exhibit N (Ex. N)**, photos of broken bedroom door and door jam. | **Disputed** in its entirety. Defendants' evidence does not establish that Murillo damaged any bedroom door or lock and does not establish that Murillo ever entered a room yelling from the window. (<u>Defense Exhibit H</u> at 2:25:56-02:26:03.) Even assuming the lock was broken, Defendants' evidence does not establish who broke the lock, which room is in question, or whether Murillo entered that room. | **Undisputed.** This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial. <br><br> Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. <br><br> **Misstates Evidence.** See, Resp. to SUF 9, above, and Resp. to SUF 23, below. |
| 21. | The officers repeatedly warned Murillo-Nix to come out unarmed or force, including deadly | **Disputed.** Defendants' evidence does not establish that Murillo ever heard a warning and therefore whether Murillo | **Undisputed.** This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and |

| | **I.** | **The Officers' Actions Were Objectively Reasonable** | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | force, may be used. <u>Evidence</u>: See, generally, Ex. E at 02:23:20-02:25:00, 02:28:35-02:29:15; Ex. F at 02:23:18-02:29:15; Ex. H at 02:46:54-02:48:00; Ex. L at 02:36:03-03:42:39; Ex. M at 02:36:04-03:42:41; **Exhibit O** (Ex. O), BWV of Officer Eric Schlesinger at 03:41:18-03:42:40. | ever received a warning. Several of the cited times to Defendants exhibits do not have a warning being given. (See, e.g., <u>Defendants Exhibit E</u> at 02:23:20-02:25:00, 02:28:35-02:29:15; <u>Defendants Exhibit F</u> at 02:23:18-02:29:15.) Further, <u>Defendants Exhibit H</u> at 02:46:54-02:48:00 does not support Defendants alleged fact. Defendants "we will use a beanbag a Taser." This is a less-lethal force warning given by Sgt. Alferez. This is not a deadly force warning. No officer that used force during the incident gave Murillo a warning. - (**Exh. 4, Martinez Depo** at 41:20-23, to Sincich Decl. ¶4; **Exh. 9, Schlesinger Statement** at 51:25-52:2, to Sincich Decl. ¶9 – There was no warning that the 40 mm was going to be deployed.) - (**Exh. 14, Gutierrez Statement** at 13:9-12, to Sincich Decl. ¶14 – | immaterial. Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. **Misstates Evidence.** Ex. H (Sgt. Alferez BWV) at 02:46:54-02:48:00 (although Sgt. Alferez references a bean bag and taser, he also says in the first line: "if you come out with any weapon and you're a threat to the officers, we will use force against you." Although he mentions a bean bag and taser, he also states that "it could hurt you or kill you."). |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | Officer Gutierrez did not give a verbal warning prior to his use of force.) <br> - (**Exh. 6, Martinez Statement II** at 31:16-19, to Sincich Decl. ¶6 – While Officer Martinez was communicating over the PA system, he never issued a less-lethal warning to Murillo.) <br> - (**Exh. 4, Martinez Depo** at 20:4-6, to Sincich Decl. ¶4 – Martinez never gave Murillo a verbal warning that he was going to use deadly force.) <br> - (**Exh. 1, Griffin Depo** at 18:7-12, to Sincich Decl. ¶1 – Griffin gave no verbal warning that he was going to use deadly force.) | |
| 22. | Murillo-Nix never complied with any of the officers commands. <br><br> <u>Evidence</u>: <br><br> See, generally, Ex. E at 02:23:20-02:25:00, 02:28:35-02:29:15; Ex. F at 02:23:18-02:29:15; Ex. H at 02:46:54-02:48:00; Ex. L at | **Disputed**. Murillo complied with the command of officers to exit the house. Officers instructed Murillo to come out of the house, and Murillo came out of the house. (**Exh. 4, Martinez Depo** at 25:17-25, to Sincich Decl. ¶4.) A reasonable jury could | **Undisputed**. This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial. <br><br> Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. |

ORBACH HUFF + HENDERSON LLP

| **I.** | **The Officers' Actions Were Objectively Reasonable** | | |
|---|---|---|---|
| Defs' SUF No. | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | 02:36:03-03:42:39; Ex. M at 02:36:04-03:42:41; Ex. O at 03:41:18-03:42:40. | find this to be an act of compliance. (**Clark Decl.** ¶8.) | See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | | opine on what facts actually transpired. |
| 23. | While the officers were attempting to negotiate with Murillo-Nix, he often made threats to his family or others and threw items from the window at the front of the home.<br><br>Evidence:<br><br>See, generally, Ex. E at 02:23:20-02:25:00, 02:28:35-02:29:15; Ex. F at 02:23:18-02:29:15; Ex. H at 02:46:54-02:48:00; Ex. L at 02:36:03-03:42:39; Ex. M at 02:36:04-03:42:41. | **Disputed** that Officers attempted to *negotiate* with Murillo. Negotiation implies an exchange between the parties involved. Here, Officers merely gave the same commands to Murillo repeatedly and Officers threatened Murillo. *See supra*, No. 21 that Defendants threatened the use of force.<br><br>**Disputed**. Murillo believed that he was going to be shot by the police and believed that he was protecting his family, stating, "At least I'll have died protecting my family." (**Exh. 3, Griffin Statement II** at 17:9-15, to Sincich Decl. ¶3.)<br><br>**Disputed** that Murillo threw anything out of a window. Defendants evidence does not establish this fact. Nevertheless, Incident Commander Sgt. Alferez | **Undisputed.** This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial.<br><br>Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Misstates Evidence.** See, Ex. H at 02:47:29-02:47:40 (a flash of sparks can be seen on the left side of the patrol car and one of the officers tells Sgt. Alferez that he just threw an incendiary out of the window); Ex. L at 02:47:30-34 (same; a red flash can be seen coming from the right bedroom window (parent's room) after the parents had been evacuated); see also, i.e., **Plt's Ex. 4,** |

- 18 -

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | did not see any object thrown out of a window. (**Exh. 7, Alferez Statement** at 70:23-24, to Sincich Decl. ¶7.) | **Martinez Depo.** 46:7-13 (Martinez stated that "throughout the incident, sir, he made several remarks shouting out the window."); 58:17-20 (Martinez stating that Murillo made statements that he wanted to hurt people, hurt officers); **Plt's Ex. 14, Gutierrez Stmt** at 14:11-24 (noting that he heard Murillo threaten Echevarria, asked the officers to kill Echevarria, and threw something that smoked outside at the officers). |
| 24. | Several officers throughout the incident were armed with less-lethal weapons at various times, including Officer Schlesinger, Officer Gutierrez, and Officer Tykhomryov. Evidence: See generally, Ex. H at 02:26-02:35:30, 02:38:30-02:38:42; Ex. O at 02:58:26-03:42:40; | **Undisputed** that officers had less-lethal and less intrusive alternatives to the use of deadly force throughout the incident. | |

ORBACH HUFF + HENDERSON LLP

| | I. The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | **Exhibit P** (Ex. P), BWV of Officer Marcos Gutierrez at 02:32:49-03:42:49; **Exhibit Q** (Ex. Q), BWV of Officer Georgia Tykhomyrov at 02:22:55-03:42:49. | | |
| 25. | At approximately 3:42 a.m. Murillo-Nix, suddenly exited from the home while grasping two knives – one in each hand. <br><br> Evidence: <br> Ex. O at 03:41:16-03:42:40. | **Disputed** that Murillo exited "suddenly." There is nothing in Defendants' evidence that suggests Murillo's actions were sudden. (See Defense Exhibit O at 03:41:16-03:42:40.) Murillo complied with officer commands to exit the home. Officers instructed Murillo to come out of the house, and Murillo came out of the house. (**Exh. 4, Martinez Depo** at 25:17-25, to Sincich Decl. ¶4.) A reasonable jury could find this to be an act of compliance. Further, when Murillo first exited the house, he was initially side stepping or walking to his left at a slow pace. (**Exh. 16, Proni Statement** at 20:10-21, to Sincich Decl. ¶16.) | **Undisputed.** This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial. <br><br> Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. <br><br> **Misstates Evidence.** Officer Martinez did not expect Murillo to exit the home and was still attempting to talk with him in the seconds before he, himself, used force. See SUF 35. DNA evidence also demonstrates that Murillo was holding *both* knives. See SUF |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | **Disputed** that Murillo was grasping two knives. <u>Defense Exhibit O</u>, and all other videos, do not show Murillo with any knives in his hands. The LAPD Force Investigation Division did not recover a single video or image showing Murillo with a knife at the time of the shooting. (**Exh. 20, FID Report** at 25, to Sincich Decl. ¶20.) When Murillo came out of the house and was shot with the 40mm launcher, Officer Proni did not see two knives in his hands. (**Exh. 16, Proni Statement** at 19:9-13, to Sincich Decl. ¶16, to Sincich Decl. ¶16; **Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25; **Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26; **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. | 38, particularly Ex. Y. |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | ¶28; **Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29; **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31; **Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32; **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. <br><br> **Undisputed** that Murillo exited the home. | |
| 26. | One of the knives was approximately 4 inches long and the other approximately 8 inches long. <br><br> Evidence: <br><br> **Exhibit R** (Ex. R), photos of knives found at scene. | **Undisputed** that there was a knife recovered at the scene of the incident that was approximately 4 inches long and another that was approximately 8 inches long. | |
| 27. | An officer called out to Murillo-Nix that they were not trying to hurt him, but that they were not going anywhere. An | **Disputed** that Murillo exited with two knives in his hands. Defendants' Exhibits do not show Murillo with any knives | **Undisputed.** This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and |

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | announcement was also made over the police radio that Murillo-Nix had exited the residence with two knives in his hands.<br><br>Evidence:<br>Ex. L at 03:42:09-03:42:36; Ex. O at 03:41:18-03:42:40; Ex. P at 3:42:27-03:42:36; Ex. Q at 03:42:25-03:42:36. | in his hands. The LAPD Force Investigation Division did not recover a single video or image showing Murillo with a knife at the time of the shooting. (**Exh. 20, FID Report** at 25, to Sincich Decl. ¶25.)<br><br>**Undisputed** as to the remaining facts as immaterial and for the purposes of this motion only. | immaterial.<br><br>Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Misstates Evidence.** See, Resp. to SUF 25 above. |
| 28. | Murillo-Nix then began running toward the front of the house which resulted in Officer Schlesinger firing his 40mm less-lethal weapon at Murillo-Nix.<br><br>Evidence:<br>Ex. O at 03:41:18-03:42:40. | **Disputed**. Defendants' evidence does not establish this sequence of events. Defendants' Exhibit O does not show Murillo running nor does it show the sequence as argued by Defendants. A reasonable jury could review Officer Schlesinger's BWC video and determine that Officer Schlesinger shot Murillo to the right hip, causing Murillo to run away from the threat of harm towards the front of the house. (**Exh. 18, Autopsy Report** at 312, 321, to Sincich Decl. ¶18; | **Undisputed**. This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial.<br><br>Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Misstates Evidence.** See, Resp. to SUF 25 above. Note: Ex. O is referenced for the audio, although no |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | **Exh. 19, Autopsy Photos** at 32, to Sincich Decl. ¶19; **Exh. 1, Griffin Depo** at 16:6-16, to Sincich Decl. ¶1 – In Griffin's experience, subjects have run away after being struck by a 40 mm round.) Nevertheless, Officer Schlesinger stated to detectives that Murillo merely stepped out of the house, then walked briefly back inside before exiting again. Then officers communicated with Murillo for approximately one minute before Officer Schlesinger claimed to see what he believed to be Murillo "start to turn and run" towards Officers Garcia and Rodrigez, who were on the other side of the wall. Officer Schlesinger fired the 40mm round at Murillo causing Murillo to hit the ground before he got back up and ran southbound to the front of the property away from Officer Schlesinger. **(Exh. 9, Schlesinger** | visual is clear. Plaintiff's stated evidence does not indicate facts that are different than those posited by Defendants. See, i.e., **Plt's Ex. 9, Schlesinger Stmt** at 21:21-22:19 (explaining the course of events in seeing Murillo run towards the front, that Schlesinger fired to prevent Murillo from harming the officers at the front, and that Officer Proni called out that Murillo was running towards the front – which can also be heard on Ex. O.). Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | **Statement** at 21:6-22:6, to Sincich Decl. ¶9.)<br><br>**Clark Decl. ¶9.** | FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| 29. | Murillo-Nix, however, was undeterred, and kept running toward the front driveway of the home toward additional officers.<br><br><u>Evidence</u>:<br>Ex. Q at 03:42:36-03:42:42. | **Disputed** that Murillo was undeterred. Defendants' evidence does not establish this sequence of events. Defendants' Exhibit O does not show Murillo running nor does it show the sequence as argued by Defendants. A reasonable jury could review Officer Schlesinger's BWC video and determine that Officer Schlesinger shot Murillo to the right hip, | **Undisputed**.  This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial.<br><br>Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Misstates Evidence.** |

- 25 -

ORBACH HUFF + HENDERSON LLP

| | I. | The Officers' Actions Were Objectively Reasonable | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | causing Murillo to run away from the threat of harm towards the front of the house. (**Exh. 18, Autopsy Report** at 312, 321, to Sincich Decl. ¶18; **Exh. 19, Autopsy Photos** at 32, to Sincich Decl. ¶19; **Exh. 23, Scene Photos** at 5-15, to Sincich Decl. ¶23.) Nevertheless, Officer Schlesinger stated to detectives that Murillo merely stepped out of the house, then walked briefly back inside before exiting again. Then officers communicated with Murillo for approximately one minute before Officer Schlesinger claimed to see what he believed to be Murillo "start to turn and run" towards Officers Garcia and Rodrigez, who were on the other side of the wall. Officer Schlesinger fired the 40mm round at Murillo causing Murillo to hit the ground before he got back up and ran southbound to the front | See, Resp. to SUF 28 above. Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

- 26 -

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | of the property away from Officer Schlesinger. (**Exh. 9, Schlesinger Statement** at 21:6-22:6, to Sincich Decl. ¶9.) **Disputed** that Murillo ran towards additional officers relevant to this described timeframe. There were no officers around Murillo as he was shot by the 40mm or as Murillo ran to the gate. There were no officers on the other side of the gate in the area of Murillo. (**Exh. 8, Knolls Statement** at 53:13-25, to Sincich Decl. ¶8; **Exh. 20, FID Report** at 8, 12, to Sincich Decl. ¶20; **Exh. 23, Scene Photos** at 10-15, to Sincich Decl. ¶23.) **Clark Decl. ¶9.**<br><br>**Undisputed** that Murillo went to the front of the residence. | |
| 30. | Officer Tykhomryov also attempted to stop Murillo-Nix's flight toward the front of the home, firing at Murillo- | **Disputed** that Murillo was in *flight* of arrest as opposed to running away from the threat of harm in self-defense after being shot unreasonably and | **Undisputed.** This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and |

| | | | |
|---|---|---|---|
| **I.** | **The Officers' Actions Were Objectively Reasonable** | | |
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | Nix once from his 40mm less-lethal weapon.<br><br>Evidence:<br>Ex. Q at 03:42:41-03:42:42. | without warning by Officer Schlesinger. Officer Schlesinger stated to detectives that Murillo merely stepped out of the house, then walked briefly back inside before exiting again. Then officers communicated with Murillo for approximately one minute before Officer Schlesinger claimed to see what he believed to be Murillo "start to turn and run" towards Officers Garcia and Rodrigez, who were on the other side of the wall. Officer Schlesinger fired the 40mm round at Murillo causing Murillo to hit the ground before he got back up and ran southbound to the front of the property away from Officer Schlesinger. (**Exh. 9, Schlesinger Statement** at 21:6-22:6, to Sincich Decl. ¶9.) **Clark Decl. ¶9. Disputed** that Officer Tykhomryov fired the beanbag shotgun during the incident. It is not | immaterial.<br><br>Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>**Misstates Evidence.** See, Resp. to SUF 28 above.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| | **I.** | **The Officers' Actions Were Objectively Reasonable** | | |
|---|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | | **Defendants' Response** |
| | | clear from Defendants Exhibit Q that Officer Tykhomryov fired a beanbag shotgun round. No recoil is seen, and no racking of a round and discharging a shell casing is seen. (See Defense Exhibit Q at 03:42:41-03:42:42.) Further, FID conducted a sound graph analysis of the incident to determine when rounds were discharged and by which officer. There is no indication in the FID report that Officer Tykhomryov fired his weapon. (**Exh. 20, FID Report** at 18, to Sincich Decl. ¶20.) Finally, Officer Tykhomryov told detectives that he heard Murillo exit the gate then heard Officer Gutierrez and Defendants' shots fired. Officer Tykhomryov then told detectives that he did not fire his weapon. (**Exh. 11, Tykhomyrov Statement** at 12:14-24, 25:2-26:10, to Sincich Decl. ¶11.) | | material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. **Improper Speculation**. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| 31. | Upon seeing Murillo-Nix with the knife running toward several fellow officers, Officer Gutierrez then fired 3 rounds from his bean bag launcher.<br><br>Evidence:<br>Ex. L at 03:42:41-03:42:44; Ex. P at 03:42:41-03:42:44. | **Disputed** that Murillo was armed with a knife. (**Exh. 1, Griffin Depo** at 17:20-23, to Sincich Decl. 1 – When Griffin first saw Murillo, Griffin could not see Murillo's hands; **Exh. 1, Griffin Depo** at 21:8-16, to Sincich Decl. ¶1 – Griffin did not know what hand he had a knife in because Murillo's arms were tucked into his torso; **Exh. 1, Griffin Depo** at 27:14-17, to Sincich Decl. 1 – After falling to the ground, Griffin could not see anything in Murillo's hands; **Exh. 1, Griffin Depo** at 34:16-25, to Sincich Decl. 1 – Griffin assessed between each shot; **Exh. 1, Griffin Depo** at 35:12-14, to Sincich Decl. 1 – Griffin did not see a knife but saw Murillo's hands tucked into his body; **Exh. 1, Griffin Depo** at 46:8-9, to Sincich Decl. 1 – Griffin never heard a knife drop to the ground; **Exh. 1, Griffin Depo** at 46:10-12, to Sincich | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law.").<br><br>**Misstates Evidence.** See, Resp. to Plt's AMF 68.  Plaintiff's dispute of fact is not supported by the evidence, as it is pure speculation that Murillo was unarmed, given the officers' statements to the contrary and the videos and audio can be heard stating that Murillo had two knives.  See, also Defs' SUFs 27-28, 31-35, 38.  *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of |

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | Decl. 1 – Griffin does not recall seeing a knife on the ground; **Exh. 1, Griffin Depo** at 47:2-4, to Sincich Decl. 1 – Up to the time Murillo was handcuffed, Griffin did not see a knife on the ground near Murillo; **Exh. 1, Griffin Depo** at 49:17-19, to Sincich Decl. 1 – Griffin does not recall hearing the sound of a bullet hitting metal or the knife; **Exh. 1, Griffin Depo** at 49:20-23, to Sincich Decl. 1 – Griffin did not see a knife fly in the air at any point; **Exh. 1, Griffin Depo** at 55:12-22, to Sincich Decl. 1 – Griffin was not able to see Murillo's hands and did not see a knife during his third and fourth shots; **Exh. 1, Griffin Depo** at 61:1-62:1, to Sincich Decl. 1 – Murillo's hand position with his arms bent, leaning forward, officers unable to see his hands, did not change; (**Exh. 2, Griffin Statement I** at 16:15-17:5, to Sincich | defeating an otherwise valid motion for summary judgment.'"). That the other officers (whom Murillo was not running toward) did not see a knife, does not mean one was not there. That an officer *did* see an object in Murillo's hand and did not unholster is also not evidence that a knife was not present. Plaintiff's statement relies on inadmissible evidence. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | Decl. 2 – For Officer Griffin's third and fourth shot, he could not see Murillo's hands because they were tucked tight to his torso, stomach and chest area; **Exh. 3, Griffin Statement II** at 48:21-49:2, to Sincich Decl. 2 – Officer Griffin does not recall seeing the knife prior to his third or fourth shot; **Exh. 3, Griffin Statement II** at 50:3-6, to Sincich Decl. 3 – Officer Griffin never saw Murillo drop, throw, or discard the knife; **Exh. 4, Martinez Depo** at 35:12-16, 65:8-16, to Sincich Decl. 4 – Martinez did not see a knife anywhere around Murillo's while Murillo was chest-down on the ground; **Exh. 5, Martinez Statement I** at 20:2-5, to Sincich Decl. 5 – Martinez could not see Murillo's hands and could not see a knife in his hands while was on the ground prior to his third shot; **Exh. 5, Martinez Statement I** at | 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

ORBACH HUFF + HENDERSON LLP

| | I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | | 20:21-21:8, to Sincich Decl. 5 – Murillo's hands were tucked in the entire time and his hand position did not vary at all during the shots; **Exh. 5, Martinez Statement I** at 22:2-4, to Sincich Decl. 5 – Martinez did not know where the knife was because he did not see it; **Exh. 6, Martinez Statement II** at 59:11-17, to Sincich Decl. 6 – Officer Martinez never saw Murillo transfer the grip of the knife, and never saw Murillo throw a knife; **Exh. 7, Alferez Statement** at 36:15-16, 44:17-19, to Sincich Decl. ¶7 – Sgt. Alferez was positioned behind the patrol vehicle and never drew his pistol; **Exh. 7, Alferez Statement** at 61:14-17, to Sincich Decl. ¶7 – Sgt. Alferez never saw Murillo in possession of any weapons; **Exh. 8, Knolls Statement** at 54:17-55:9, to Sincich Decl. ¶8 – After the shooting, Officer Knolls looked for | |

- 33 -

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | a knife and could not find one, including nothing in Murillo's hands; **Exh. 10, Frazer Statement** at 18:23-25, to Sincich Decl. ¶10 – Officer Frazer never saw any weapons on Murillo; **Exh. 10, Frazer Statement** at 23:9-23, to Sincich Decl. ¶10 – As Murillo was running immediately prior to the lethal shots, Officer Frazer did not see any weapons on Murillo but instead say Murillo's hands pulled into his chest with his elbows flared out; **Exh. 11, Tykhomyrov Statement** at 21:21-23, to Sincich Decl. ¶11 – Officer Tykhomyrov never saw Murillo armed with any weapons; **Exh. 12, Carlos Statement** at 42:13-16, to Sincich Decl. ¶12 - Officer Carlos saw Murillo crossing in front of the car in the driveway and did not see Murillo armed with any weapons; **Exh. 13, Lopez Statement** at 20:8-21:3, | |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | to Sincich Decl. ¶13 – Officer Lopez saw Murillo and could not tell if he had any objects in his hands because his hands were clinched up against his body; **Exh. 13, Lopez Statement** at 26:8-14, to Sincich Decl. ¶13 – Officer Lopez did not see an object in Murillo's hand when he was being taken into custody and did not know what happened to the object; **Exh. 13, Lopez Statement** at 35:1-6, to Sincich Decl. ¶13 – Officer Lopez did not unholster despite seeing Murillo with an object in his hand; **Exh. 15, S.Martinez Statement** at 14:2-3, to Sincich Decl. ¶15 – Officer S.Martinez did not draw her firearm; **Exh. 15, S.Martinez Statement** at 29:11-13, to Sincich Decl. ¶15 – Officer S.Martinez did not see any weapons on Murillo; **Exh. 15, S.Martinez Statement** at 32:17-33:4, to Sincich Decl. ¶15 – After the | |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | shooting, Officer S.Martinez assisted in putting Murillo in handcuffs and did not see any weapons on Murillo; **Exh. 14, Gutierrez Statement** at 10:23-25, to Sincich Decl. ¶14 – Officer Gutierrez assessed again and deployed a third beanbag shotgun round and heard a metallic clink on the ground fall then Officer Gutierrez heard lethal shots being fired; **Exh. 14, Gutierrez Statement** at 21:15-17, to Sincich Decl. ¶14 – On Officer Gutierrez third beanbag shotgun round, he heard a metallic clink on the ground and believed that Murillo had dropped the knife; **Exh. 20, FID Report** at 25, to Sincich Decl. 20 – The FID "investigation did not locate [any] images or video footage showing Murillo holding a knife at the time of the OIS."; **Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:12, to | |

| | I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | | Sincich Decl. ¶25; **Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26; **Exh. 27, Officer Gutierrez BWC Screenshots** at 1-5, to Sincich Decl. ¶27; **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28; **Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29; **Exh. 30, Officer Griffin BWC Screenshots** at 1-14, to Sincich Decl. ¶30; **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31; **Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32; **Exh. 33, Officer Knolls BWC Screenshots** at 1-7, to Sincich Decl. ¶33; **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34. **Exh. 35, Officer Knolls Video Clip of** | |

- 37 -

| | I. | The Officers' Actions Were Objectively Reasonable | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | **OIS** at 00:00-02:13, to Sincich Decl. ¶35.) **Clark Decl.** ¶11. **Disputed** that Murillo ran towards several officers when Officer Gutierrez began to discharge his beanbag shotgun at Murillo. - Officer Gutierrez saw Murillo exit through the gate and immediately deployed a beanbag round. Officer Gutierrez stated that he believed Murillo started running towards the officers *after* his first beanbag shotgun round deployment. (**Exh. 14, Gutierrez Statement** at 10:13-19, to Sincich Decl. ¶14; **Exh. 23, Scene Photos** at 10-15, to Sincich Decl. ¶23.) - Additionally, viewing the diagram from the FID Report as reference, when Officer Gutierrez began firing at Murillo near the gate, Murillo would have been moving directly east and not towards the officers who | |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | were to the south. (**Exh. 20, FID Report** at 12, to Sincich Decl. ¶20.) <br> - Further, a reasonable jury could determine that Murillo could not see any officer as he was blinded by the patrol vehicle lights, several spotlights on him and therefore was not intending to run at any officer. Murillo was running towards the only unobstructed route out of the property, away from the initial threat of harm, which is surrounded by a cinderblock wall and gate – between the wall/gate and the patrol vehicle. (**Exh. 1, Griffin Depo** at 7:12-13, 50:8-14, to Sincich Decl. ¶1; **Exh. 4, Martinez Depo** 21:1-7, 21:22-25, 22:1-7, to Sincich Decl. ¶4; **Exh. 8, Knolls Statement** at 25:12-25, to Sincich Decl. ¶8; **Exh. 13, Lopez Statement** at 16:12-21, to Sincich Decl. ¶13; **Exh. 20, FID Report** at 8, 12, 19-20, to Sincich Decl. ¶20; **Exh. 23, Scene Photos** at 15, to | |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| | I. | The Officers' Actions Were Objectively Reasonable | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | Sincich Decl. ¶23; **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28; **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31; **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.) Murillo never took a step past the hood front bumper of the patrol vehicle or outside the gate of the property toward any officer—he was already turning counterclockwise away from Defendants, collapsing to the ground, visibly unarmed at all times past the bumper of the vehicle and falling outside the property line. **(Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25; **Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26; **Exh. 28, Officer Griffin** | |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | **Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28; **Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29; **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31; **Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32; **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.) <br> - Murillo was maneuvering around a car in his driveway towards the only exit of the property, the gap between the patrol vehicle and the brick wall in the driveway, not towards an officer. (**Exh. 8, Knolls Statement** at 53:13-25, to Sincich Decl. ¶8.) <br> - Murillo never took a step past the hood front bumper of the patrol vehicle or outside the gate of the property—he was already turning | |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | counterclockwise away from Defendants, collapsing to the ground, visibly unarmed at all times past the bumper of the vehicle and falling outside the property line. **(Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25; **Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26; **Exh. 27, Officer Gutierrez BWC Screenshots**, to Sincich Decl. ¶27 – at 4: Murillo has not crossed property line after all three beanbag shotgun rounds; at 5: Murillo is falling past the property line halfway to the ground and twisting clockwise such that he is not facing Defendants; **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28; **Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29; **Exh. 30,** | |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | **Officer Griffin BWC Screenshots** at 4-14, to Sincich Decl. ¶30; **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31; **Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32; **Exh. 33, Officer Knolls BWC Screenshots** at 5-7, to Sincich Decl. ¶33; **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.) **Exh. 36, Demonstrative Screenshots** at 1-34, to Sincich Decl. ¶36. **Clark Decl. ¶9.** | |
| | | **Undisputed** that Officer Gutierrez fired 3 rounds from his beanbag shotgun at Murillo without warning. | |
| 32. | The 40mm less-lethal and bean bag rounds all were ineffective at impeding Murillo-Nix's advance. Evidence: | **Disputed.** Officer Gutierrez's beanbag shotgun rounds were effective in stopping Murillo and causing Murillo to fall to the ground prior to | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that |

ORBACH HUFF + HENDERSON LLP

| **I.** | **The Officers' Actions Were Objectively Reasonable** | | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | Ex. L at 03:42:41-03:42:44; Ex. P at 03:42:41-03:42:44. | Defendants' use of deadly force. (**Exh. 5, Martinez Statement I** at 13:8-15, to Sincich Decl. ¶5 – As Murillo was running, his hands were drawn into his own chest, and he was hunched over at the shoulders; **Exh. 14, Gutierrez Statement** at 10:22-23, to Sincich Decl. ¶14 – Officer Gutierrez knew that his second beanbag shotgun round struck Murillo and was effective because it made Murillo flinch; **Exh. 14, Gutierrez Statement** at 22:15-18, to Sincich Decl. ¶14 – Officer Gutierrez knew that his use of the beanbag shotgun was effective, and Murillo no longer had the knife; **Exh. 18, Autopsy Report** at 312, 321, to Sincigh Dec. ¶18; **Exh. 19, Autopsy Photos** at 1, 2, 4, 14-15, 22, to Sincigh Dec. ¶19; **Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:12, to Sincich Decl. ¶25; **Exh. 26, Officer** | is needed to prove (or defend against) a claim, as determined by the applicable substantive law."). **Misstates Evidence.** Plaintiff's dispute of fact is also not supported by evidence, as it is pure speculation that the beanbag shots were effective or stopped Murillo and directly contradicted by the video evidence, where Murillo can be seen still charging toward the officers after beanbag rounds were fired.  *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). Plaintiff's statement relies on inadmissible evidence.  See, Defendants' Objections |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| | I. | The Officers' Actions Were Objectively Reasonable | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | **Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26; **Exh. 27, Officer Gutierrez BWC Screenshots** at 1-3, to Sincich Decl. ¶27 – Gutierrez's beanbag shotgun rounds fired; **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28; **Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29; **Exh. 30, Officer Griffin BWC Screenshots**, to Sincich Decl. ¶30 – at 1-3: Gutierrez's beanbag shotgun rounds fired; at 4: Murillo clutches stomach where impacted; at 5: Murillo begins to fall still within the property line; **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31; **Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32; **Exh. 34, Officer** | to Plaintiff's Evidence, filed concurrently herewith.

Additionally, the expert evidence to support this dispute is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

- 45 -

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | **Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.) **Exh. 36, Demonstrative Screenshots** at 4-18, to Sincich Decl. ¶36. **Clark Decl. ¶10.** | |
| 33. | Murillo-Nix then continued sprinting down the driveway directly toward Officers Griffin and Martinez. <u>Evidence</u>: Ex. L at 03:42:44-03:42:46; Ex. M at Ex. P at 03:42:44-03:42:46. | **Disputed** that Murillo ran towards an officer. Murillo was moving towards the gap in the gate; blinded by spotlights and could not see officers; and was falling to the ground after the effective less-lethal shots. *See supra*, Nos. 31 and 32 above. **Disputed** as to the characterization of "sprinting." Defendants do not support this argument with evidence. | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."). **Misstates Evidence.** This dispute is also not supported by evidence, it is pure speculation as to what Murillo intended or that he was blinded. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | | material fact capable of defeating an otherwise valid motion for summary judgment.'"). Plaintiff's statement relies on inadmissible evidence. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert* |

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | | *v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| 34. | Seeing that Murillo-Nix was still quickly advancing toward them with a knife in hand, Officer Griffin fired 4 rounds from his firearm at Murillo-Nix, with the first shot fired when Murillo-Nix had closed to approximately 7 feet from Officer Griffin and was continuing to advance. Evidence: Ex. L at 03:42:44-03:42:47; Ex. M at 03:42:44-03:42:46. | **Disputed** that there was a knife in Murillo's hand at the time of any shots were fired by Defendants in the driveway. *See supra*, No. 31 above. **Disputed** that Murillo ran towards an officer. Murillo was moving towards the gap in the gate; blinded by spotlights and could not see officers; and was falling to the ground after the effective less-lethal shots. *See supra*, Nos. 31 and 32 above. **Disputed**. The less-lethal beanbag shotgun rounds were effective. *See supra*, No. 32 above. **Disputed**. Assuming arguendo that Murillo had a knife in his hand in the front of the house | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."). **Misstates Evidence**. See, Resp. to Plt's AMF 68. This dispute is also not supported by evidence, as it is pure speculation that Murillo was unarmed, given the officers' statements to the contrary and the videos and audio can be heard stating that Murillo had two knives. See, also Defs' SUFs 27-28, 31-35, 38. *See* |

- 48 -

| | | | |
|---|---|---|---|
| **I.** | **The Officers' Actions Were Objectively Reasonable** | | |
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | after exiting the side gate, a reasonable jury could conclude that Murillo tossed the knife or the knife was propelled from his hand as a result of being shot with the second beanbag shotgun round. (**Exh. 36, Demonstrative Screenshots** at 3-14, to Sincich Decl. ¶36.)<br><br>**Disputed**. Assuming arguendo that Murillo had a knife in his hand at the time of Griffin's first shot. A reasonable jury could find that the first shot fired by Griffin, aimed center mass, struck Murillo's hand, which was being held close to his chest, and propelled the knife out of Murillo's hand. Further, Defendants argue that Griffin shot the knife out of Murillo's hand. Thus, all of Griffin's subsequent shots and all of Martinez's shots were fired at Murillo without a knife in his hand. Thus, the remaining three | *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). That the other officers (whom Murillo was not running toward) did not see a knife, does not mean one was not there. That an officer *did* see an object in Murillo's hand and did not unholster is also not evidence that a knife was not present.<br><br>Plaintiff's statement relies on inadmissible evidence.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in |

| | | | |
|---|---|---|---|
| **I.** | **The Officers' Actions Were Objectively Reasonable** | | |
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | rounds fired by Griffin and all three rounds fired by Martinez were against Murillo while Murillo was unarmed.<br><br>**- (Exh. 1, Griffin Depo** at 24:16-18, to Sincich Decl. ¶1 – Griffin aimed center mass for each shot.)<br><br>**- (Exh. 1, Griffin Depo** at 35:12-14, to Sincich Decl. ¶1 – Griffin did not see a knife but saw Murillo's hands tucked into his body.)<br><br>**- (Exh. 1, Griffin Depo** at 46:3-7, to Sincich Decl. ¶1 – As Murillo was going to the ground, Griffin did not see a knife or Murillo's hands.)<br><br>**- (Exh. 1, Griffin Depo** at 55:12-22, to Sincich Decl. ¶1 – Griffin was not able to see Murillo's hands and did not see a knife during his third and fourth shots.)<br><br>**- (Exh. 1, Griffin Depo** at 27:14-17, to Sincich Decl. ¶1 – After falling to the ground, Griffin could | summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

ORBACH HUFF + HENDERSON LLP

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | not see anything in Murillo's hands.) **- (Exh. 1, Griffin Depo** at 61:1-62:1, to Sincich Decl. ¶1 – Murillo's hand position with his arms bent, leaning forward, officers unable to see his hands, did not change.) **- (Exh. 5, Martinez Statement I at** 20:2-5, to Sincich Decl. ¶5 – Martinez could not see Murillo's hands and could not see a knife in his hands while was on the ground prior to his third shot.) **- (Exh. 18, Autopsy Report** at 311, 322, to Sincich Decl. ¶18.) **- (Exh. 19, Autopsy Photos** at 29, to Sincich Decl. ¶19.) **- (Exh. 20, FID Report** at 25-28, to Sincich Decl. ¶20.) **- (Exh. 36, Demonstrative Screenshots** at 15-20, to Sincich Decl. ¶36.) - (Doc. 44-4, Decl. of Tacy Ng.) - (Doc. 44-5, Decl. of Kari Mar.) | |

ORBACH HUFF + HENDERSON LLP

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

| | **I.** | **The Officers' Actions Were Objectively Reasonable** | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | **Disputed**. Assuming arguendo that Murillo was moving toward officers, a reasonable jury could find that the first shot fired by Griffin, aiming center mass, struck Murillo in the chest paralyzing him. The Medical Examiner determined that Gunshot Wound No. 1 entered Murillo's left upper chest, with a direction of travel that is front-to-back and left-to-right, lacerated his spinal cord at the second thoracic vertebra resulting in immediate paralysis. Thus, after Griffin's first shot, not only was Murillo not advancing toward any officer, but collapsing to the ground, but Murillo was physically incapable of advancing toward an officer. Therefore, Griffins remaining three rounds and Martinez's three rounds were at a person who was paralyzed, collapsing to the ground, and not a | |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

| | | | |
|---|---|---|---|
| **I.** | **The Officers' Actions Were Objectively Reasonable** | | |
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | threat of harm to any person or officer.<br>**- (Exh. 1, Griffin Depo** at 24:16-18, to Sincich Decl. ¶1 – Griffin aimed center mass for each shot.)<br>**- (Exh. 18, Autopsy Report** at 308-309, 322, to Sincich Decl. ¶18.)<br>**- (Exh. 19, Autopsy Photos** at 3, 23, 28, to Sincich Decl. ¶19.)<br>**- (Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:12, to Sincich Decl. ¶25; **Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26; **Exh. 27, Officer Gutierrez BWC Screenshots** at 1-5, to Sincich Decl. ¶27; **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28; **Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29; **Exh. 30, Officer Griffin BWC Screenshots** at 1-14, to Sincich Decl. ¶30; **Exh.** | |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| | | **I.** | **The Officers' Actions Were Objectively Reasonable** |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | **31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31; **Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32; **Exh. 33, Officer Knolls BWC Screenshots** at 1-7, to Sincich Decl. ¶33; **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34; **Exh. 35, Officer Knolls Video Clip of OIS** at 00:00-02:13, to Sincich Decl. ¶35; **Exh. 36, Demonstrative Screenshots** at 15-20, to Sincich Decl. ¶36.) **Disputed** that Murillo was approximately 7 feet from Griffin when Griffin fired his first shot. Defendants' evidence does not support this contention. Defendant's analysis ignores Griffin's own sworn testimony. Murillo was approximately 15 feet away from Griffin when Griffin fired his first shot. (**Exh. 1, Griffin Depo** at | |

ORBACH HUFF + HENDERSON LLP

| | | **I. The Officers' Actions Were Objectively Reasonable** | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | 22:15-19, to Sincich Decl. ¶1.) Further, the officers tactically repositioned (i.e., redeployed or backpaddled) to create more distance at the time. (**Exh. 1, Griffin Depo** at 20:14-20, to Sincich Decl. ¶1; **Exh. 4, Martinez Depo** at 36:22-25, to Sincich Decl. ¶4; **Exh. 5, Martinez Statement I** at 7:13-14, to Sincich Decl. ¶5; **Exh. 6, Martinez Statement II** at 51:16-20, to Sincich Decl. ¶6; **Exh. 3, Griffin Statement II** at 52 3-6, to Sincich Decl. ¶3.) This blatant contradiction calls into question much of Defendants' claims in their Motion that are not supported by admissible or sufficient evidence. **Omalu Decl**. ¶¶9-13.<br><br>**Undisputed** that Giffin unreasonably fired four rounds at Murillo. | |
| 35. | Officer Martinez had been on the PA system, but when he saw Murillo-Nix running | **Disputed** that there was a knife in Murillo's hand at the time of any shots were fired by Defendants | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | toward them, he dropped the microphone and grabbed his handgun. Officer Martinez fired 3 shots at Murillo-Nix, with the first being fired when Murillo-Nix had closed to approximately 4 feet away and was continuing to advance. <br><br>Evidence: <br>Ex. M at 03:42:40-03:42:47; **Exhibit U (Ex. U)**, Deposition of Jesus Martinez at 28:1-19. | in the driveway. Murilo was unarmed. See supra, No. 31 above. <br>**Disputed**. Assuming arguendo that Murillo had a knife in his hand, Griffin's first shot, aimed center mass, struck Murillo's hand, which was being held close to his chest, and propelled the knife out of Murillo's hand. Thus, all of Griffin's subsequent shots and all of Martinez's shots were fired at Murillo without a knife in his hand. Thus, the remaining three rounds fired by Griffin and the three rounds fired by Martinez were against Murillo while Murillo was unarmed. See supra, No. 34 above. <br>**Disputed** that Murillo ran towards an officer. Murillo was moving towards the gap in the gate; blinded by spotlights and could not see officers; and was falling to the ground after the effective less-lethal | 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law."). <br><br>**Misstates Evidence**. See, Resp. to Plt's AMF 68. This dispute is also not supported by evidence, as it is pure speculation that Murillo was unarmed, given the officers' statements to the contrary and the videos and audio can be heard stating that Murillo had two knives. See, also Defs' SUFs 27-28, 31-35, 38. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). That the other officers |

- 56 -

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | shots. *See supra*, Nos. 31 and 32 above.<br>**Disputed**. The less-lethal beanbag shotgun rounds were effective. *See supra*, No. 32 above.<br><br>**Disputed**. Assuming arguendo that Murillo was moving toward officers, a reasonable jury could find that the first shot fired by Griffin, aimed center mass, struck Murillo in the chest paralyzing him. Thus, after Griffin's first shot, not only was Murillo not advancing toward any officer, but collapsing to the ground, but Murillo was physically incapable of advancing toward an officer. Therefore, Griffins remaining three rounds and Martinez's three rounds were at a person who was paralyzed, collapsing to the ground, and not a threat of harm to any person or officer. *See supra*, No. 34 above.<br>**Disputed** that Murillo was approximately 4 feet | (whom Murillo was not running toward) did not see a knife, does not mean one was not there. That an officer *did* see an object in Murillo's hand and did not unholster is also not evidence that a knife was not present.<br><br>Plaintiff's statement relies on inadmissible evidence.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on |

- 57 -

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | from Martinez when Griffin fired his first shot. Defendants' evidence does not support this contention. Defendant's analysis ignores Griffin's own sworn testimony. Murillo was approximately 15 feet away from Griffin when Griffin fired his first shot, and a reasonable jury could find that Martinez fired his first shot 0.3 seconds thereafter. (**Exh. 1, Griffin Depo** at 22:15-19, to Sincich Decl. ¶1; **Exh. 20, FID Report** at 18, to Sincich Decl. ¶20.) Further, the officers were redeploying (i.e., backpaddling) to create more distance at the time. (**Exh. 4, Martinez Depo** at 36:22-25, to Sincich Decl. ¶4; **Exh. 5, Martinez Statement I** at 7:13-14, to Sincich Decl. ¶5; **Exh. 6, Martinez Statement II** at 51:16-20, to Sincich Decl. ¶6; **Exh. 3, Griffin Statement II** at 52 3-6, to Sincich Decl. ¶3.) Even the FID | what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

- 58 -

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | investigation stated that the distance from Martinez to Murillo for Martinez's first two shots was approximately 4 to 5 feet. (**Exh. 20, FID Report** at 15, to Sincich Decl. ¶20.) **Omalu Decl**. ¶¶9-13.<br><br>**Undisputed** that Martinez unreasonably fired three rounds at Murillo. Undisputed that Martinez had been on the PA system, saw Murillo, dropped the microphone, and grabbed his handgun. | |
| 36. | All of the shots fired from both Officers Martinez and Griffin were fired in less than 2 seconds.<br>Evidence:<br>Ex. L at 03:42:45-03:42:46; Ex. M at 03:42:45-03:42:47; Ex. P at 03:42:46-03:42:48. | **Undisputed** that, in haste and without warning, according to the FID soundgraph analysis Griffin and Martinez fired all seven (7) of their shots within two (2) seconds, without properly assessing the need to use deadly force, and without properly assessing between shots to determine if they should continue to use deadly force. (**Exh. 20, FID Report** at 18, to Sincich Decl. ¶20; **Exh. 36,** | **Undisputed**. This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial.<br><br>Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
| --- | --- | --- | --- |
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | **Demonstrative Screenshots** at 18-34, to Sincich Decl. ¶36.) | |
| 37. | From the moment Officer Schlesinger had fired his 40mm until the last firearm was fired, only 10 seconds had elapsed.<br><br>Evidence:<br>Ex. L at 03:42:36-03:42:46; Ex. O at 03:42:37-03:42:47. | **Undisputed** that, according to the FID soundgraph analysis, it was approximately 10.264 seconds from Officer Schlesinger firing his 40mm round without warning to the time that Martinez fired his final round at Murillo while Murillo was unarmed and on the ground. (**Exh. 20, FID Report** at 18, to Sincich Decl. ¶20; **Exh. 36, Demonstrative Screenshots** at 1-34, to Sincich Decl. ¶36.) | **Undisputed**. This fact is undisputed, but for Plaintiff's improper argument, which is irrelevant and immaterial.<br><br>Plaintiff further relies upon inadmissible evidence that cannot support the stated fact. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. |
| 38. | One of the shots fired at Murillo-Nix struck his hand, causing one of the knives to be projected into the yard, splintering the handle.<br><br>Evidence:<br>Declaration of Tracy Ng at ¶¶4-7 and **Exhibits W-X**, Ng Reports and knife photos attached thereto; Declaration of Kari Mar at ¶¶ 2-4 and **Exhibit Y** (Ex. Y), DNA | **Disputed** that a shot to the hand could cause a knife to be projected into a neighboring yard without seeing any throwing motion by Murillo to cause the momentum of the blade to travel in that direction. Calls for expert opinion. - Defendants evidence does not support the fantastic but nevertheless unsupported expert opinion that the knife was | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law.").<br><br>**Misstates Evidence**. See, Resp. to Plt's AMF 68. This dispute is also |

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | report, attached thereto; **Exhibit S** (Ex. S), enhanced photo from Gutierrez BWV; Ex. P at 3:42:45. | propelled some 10 feet in the air and some 10 feet backwards, into a neighboring yard, as a result of being shot out of Murillo's hand while Murillo supposedly had a firm grip on the knife at the time and his arm was tucked into this abdomen area, with his momentum was moving in the opposite direction of where the knife supposedly landed. (See <u>Defense Exhibit S</u> showing an unidentifiable object in the air.) - (**Exh. 1, Griffin Depo** at 60:13-19, to Sincich Decl. ¶1 – The blade of the knife was found approximately 10 feet from where Murillo was standing when Griffin first shot him.) - (**Exh. 20, FID Report** at 26-28, to Sincich Decl. ¶20 – knife found in the neighboring yard.) - (**Exh. 5, Martinez Statement I** at 13:8-15, to Sincich Decl. ¶5 – As Murillo was running, his hands were drawn into | not supported by evidence, as it is pure speculation that Murillo was unarmed, given the officers' statements to the contrary and the videos and audio can be heard stating that Murillo had two knives.  See, also Defs' SUFs 27-28, 31-35, 38.  *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'"). That the other officers (whom Murillo was not running toward) did not see a knife, does not mean one was not there. That an officer *did* see an object in Murillo's hand and did not unholster is also not evidence that a knife was not present. |

| **I.** | **The Officers' Actions Were Objectively Reasonable** | | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | his own chest, and he was hunched over at the shoulders.)<br>- (**Exh. 6, Martinez Statement II** at 54:3, 54:18-20, to Sincich Decl. ¶6 – Martinez claimed that Murillo's hands were close to his body, holding the knife close to his chest with the blade pointed down.)<br>- (**Exh. 1, Griffin Depo** at 17:20-23, to Sincich Decl. ¶1 – When Griffin first saw Murillo, Griffin could not see Murillo's hands.)<br>- (**Exh. 1, Griffin Depo** at 35:12-14, to Sincich Decl. ¶1 – Griffin did not see a knife but saw Murillo's hands tucked into his body.)<br>- (**Exh. 1, Griffin Depo** at 43:24-44:6; 45:4-17, to Sincich Decl. ¶1 – Griffin saw Murillo tuck his hands into his body and lean forward and was no longer able to see Murillo's hands.)<br>- (**Exh. 1, Griffin Depo** at 46:3-7, to Sincich | Plaintiff's statement relies on inadmissible evidence.  See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith.<br><br>Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment.  *Guidroz-Brault v. Mo. Pac. R.R. Co*., 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at |

- 62 -

ORBACH HUFF + HENDERSON LLP

| | | | |
|---|---|---|---|
| **I.** | **The Officers' Actions Were Objectively Reasonable** | | |
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | Decl. ¶1 – As Murillo was going to the ground, Griffin did not see a knife or Murillo's hands.) <br> - (**Exh. 1, Griffin Depo** at 55:12-22, to Sincich Decl. ¶1 – Griffin was not able to see Murillo's hands and did not see a knife during his third and fourth shots.) <br> - (**Exh. 1, Griffin Depo** at 55:23-56:2, to Sincich Decl. ¶1 – During Griffin's first two shots, Murillo's hands were ticked close against his body.) <br> - (**Exh. 1, Griffin Depo** at 61:1-62:1, to Sincich Decl. ¶1 – Murillo's hand position with his arms bent, leaning forward, officers unable to see his hands, did not change.) <br> - (**Exh. 2, Griffin Statement I** at 8:5-9, to Sincich Decl. ¶2 – Officer Griffin looked at Murillo and claimed to see what he described as "a large metallic object," that he could not identify because Murillo's arms | the scene to know what happened and cannot opine on what facts actually transpired. |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

| | I. | The Officers' Actions Were Objectively Reasonable | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | were "tucked into his torso.") <br> - (**Exh. 2, Griffin Statement I** at 16:15-17:5, to Sincich Decl. ¶2 – For Griffin's third and fourth shot, he could not see Murillo's hands because they were tucked tight to his torso, stomach and chest area.) <br> - (**Exh. 1, Griffin Depo** at 49:17-19, to Sincich Decl. ¶1 – Griffin does not recall hearing the sound of a bullet hitting metal or the knife.) <br> - (**Exh. 1, Griffin Depo** at 49:20-23, to Sincich Decl. ¶1 – Griffin did not see a knife fly in the air at any point.) <br> - (**Exh. 18, Autopsy Report** at 310-311, 322, to Sincich Decl. ¶18.) <br> - (**Exh. 19, Autopsy Photos** at 6-7, 8, 10-11, 16-19, 27, 29, to Sincich Decl. ¶19.) <br> - (**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25; **Exh. 26, Officer Gutierrez Video Clip of OIS at** | |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | **12fps** at 00:10-00:19, to Sincich Decl. ¶26; **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28; **Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29; **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31; **Exh. 32, Officer Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32; **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34.)<br>- (**Exh. 8, Knolls Statement** at 42:25-44:13, to Sincich Decl. ¶8 – Officer Knolls described the knife being the length of Murillo's forearm in his left hand, with the blade affixed to his left forearm pointed towards his elbow.)<br>- (**Exh. 8, Knolls Statement** at 55:11-13, to Sincich Decl. ¶8 – When Murillo was on the | |

| | I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|---|
| | Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | | ground, his hands were still clinched in the same way as when he was running.) **- (Exh. 12, Carlos Statement** at 22:7-9, to Sincich Decl. ¶12 - Officer Carlos announced that Murillo had a knife in his left pocket.) **- (Exh. 13, Lopez Statement** at 24:21-23, to Sincich Decl. ¶13 – Officer Lopez assisted in handcuffing Murillo.). **(Exh. 13, Lopez Statement** at 36:9-11, to Sincich Decl. ¶13 – Officer Lopez did not see any injuries to Murillo's hands at the time.) **- (Exh. 14, Gutierrez Statement** at 17:15-18, to Sincich Decl. ¶14 - Officer Gutierrez claimed that the blade of the knife protruded from the bottom/pinky side of Murillo's hand.) **- (Exh. 14, Gutierrez Statement** at 21:15-17, to Sincich Decl. ¶14 – On Officer Gutierrez third beanbag shotgun round, he heard a metallic clink | |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| | | | |
|---|---|---|---|
| **I.** | **The Officers' Actions Were Objectively Reasonable** | | |
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | on the ground and believed that Murillo had dropped the knife.) **- (Exh. 36, Demonstrative Screenshots** at 3-14, to Sincich Decl. ¶36.) Defense Exhibit S does not assist in their analysis. There is no evidence that supports making the leap that the circled unidentifiable flying object (1) is a knife, (2) came from Murillo, or (3) landed in the neighbor's yard. Nevertheless, even assuming arguendo that the circled unidentifiable flying object is a knife, and even assuming that it was propelled in the air by a lethal round – this screenshot is taken at 03:42:45 on Officer Gutierrez's BWC video, which is approximately the same time that Officer Gutierrez fired his third beanbag shotgun round and Griffin's first pistol round. Thus, Murillo was no threat. | |

- 67 -

ORBACH HUFF + HENDERSON LLP

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | Thus, all of Griffin's subsequent shots and all of Martinez's shots were fired at Murillo without a knife in his hand. Thus, the remaining three rounds fired by Griffin and all three rounds fired by Martinez were against Murillo while Murillo was unarmed. *See supra*, No. 34 above. Thus, Griffin and Martinez should have immediately seen this shiny, reflective, knife being launched in the air after Officer Griffin's first round therefore identifying that Murillo was unarmed for the remaining six (6) shot fired as Murillo was falling to the ground. **Clark Decl**. ¶¶12-13. | |
| 39. | The officers called for ambulance assistance seconds after the final shot was fired. <u>Evidence</u>: **Exhibit T** (Ex. T), Sgt. Alferez BWV no. 2 at 3:42:56-3:42:59 | **Undisputed** as immaterial and for the purposes of this motion only. | |

- 68 -

| I. | The Officers' Actions Were Objectively Reasonable | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | (requesting "Let me get the LAFD up here."); see also 03:43:32-03:43:38 (again requesting LAFD and response stating that they were coming). | | |

| II. | The Officers' Actions did not "Shock the Conscience" | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| 40. | Any reasonable officer would have concluded that deadly force was appropriate in response to Murillo-Nix's actions, which included quickly advancing on the Officers while brandishing a knife. <u>Evidence</u>: See Defendants' above SUFs (1-39) and evidentiary support, which is incorporated herein by reference. | **Disputed**. Calls for expert opinion and Defendants do not support this "fact" with an expert declaration. Therefore, this "fact" is mere argument and inappropriate for this document claiming to be uncontroverted, which is based on several disputed facts. Any reasonable officer would have concluded that deadly force was not appropriate under these circumstances. (**Exh. 21, BOPC Findings** at 24-25, to Sincich Decl. ¶20.) | **Disputed, but immaterial and irrelevant.** See responses to referenced SUFs 1-39 above. Expert evidence is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| II. | The Officers' Actions did not "Shock the Conscience" | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | Murillo never took a step past the hood front bumper of the patrol vehicle or outside the gate of the property toward any officer—he was already turning counterclockwise away from Defendants, collapsing to the ground, visibly unarmed at all times past the bumper of the vehicle and falling outside the property line. (**Exh. 25, Officer Gutierrez Video Clip of OIS** at 00:05-00:10, to Sincich Decl. ¶25; **Exh. 26, Officer Gutierrez Video Clip of OIS at 12fps** at 00:10-00:19, to Sincich Decl. ¶26; **Exh. 28, Officer Griffin Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶28; **Exh. 29, Officer Griffin Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶29; **Exh. 31, Officer Martinez Video Clip of OIS** at 00:10-00:22, to Sincich Decl. ¶31; **Exh. 32, Officer** | 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

ORBACH HUFF + HENDERSON LLP

| | | II. The Officers' Actions did not "Shock the Conscience" | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | **Martinez Video Clip of OIS at 12fps** at 00:00-00:16, to Sincich Decl. ¶32; **Exh. 34, Officer Knolls Video Clip of OIS** at 00:25-00:38, to Sincich Decl. ¶34; **Exh. 36, Demonstrative Screenshots** at 1-34, to Sincich Decl. ¶36.).) | |
| | | **Disputed** that there was a knife in Murillo's hand at the time of any shots were fired by Defendants in the driveway. Murilo was unarmed. *See supra*, No. 31 above. | |
| | | **Disputed**. Assuming arguendo that Murillo had a knife in his hand, Griffin's first shot, aimed center mass, struck Murillo's hand, which was being held close to his chest, and propelled the knife out of Murillo's hand. Thus, all of Griffin's subsequent shots and all of Martinez's shots were fired at Murillo without a knife in his hand. Thus, the remaining three rounds fired by Griffin | |

ORBACH HUFF + HENDERSON LLP

| | II. | The Officers' Actions did not "Shock the Conscience" | | |
|---|---|---|---|---|
| | **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | | and the three rounds fired by Martinez were against Murillo while Murillo was unarmed. *See supra*, No. 34 above. | |
| | | | **Disputed** that Murillo ran towards an officer. Murillo was moving towards the gap in the gate; blinded by spotlights and could not see officers; and was falling to the ground after the effective less-lethal shots. *See supra*, Nos. 31 and 32 above. | |
| | | | **Disputed**. The less-lethal beanbag shotgun rounds were effective. *See supra*, No. 32 above. **Clark Decl ¶14. Omalu Decl**. ¶¶9-13. Plaintiff incorporates by reference Plaintiff's Disputed Facts and Supporting Evidence to Defendants SUF Nos. 1-39 above. *See* Plaintiff's Statement of Objections filed concurrently herewith, ¶40. | |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

| II. | The Officers' Actions did not "Shock the Conscience" | | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| 41. | Officer Martinez and Officer Griffin fired their respective lethal weapons solely in response to the imminent threat that Murillo-Nix posed.<br><br>Evidence:<br><br>Ex. L at 03:42:38-03:42:47; Ex. M at Ex. M at 02:36:04-03:42:41; Ex. U at 18:21-19:04, 19:11-21, 58:17-59:4, 60:3-6; **Exhibit V** (Ex. V) Deposition of Kyle Griffin at 35:10-16, 35:25-36:2, 36:14-21, 44:2-6, 44:13-16. | **Disputed**. Calls for a legal conclusion and misstates the law. The standard for the use of deadly force is not merely whether the subject was a threat, but if the subject was an immediate threat specifically of death or serious bodily injury. *See* Plaintiff's Statement of Objections filed concurrently herewith, ¶41.<br><br>**Disputed** that there was a knife in Murillo's hand at the time of any shots were fired by Defendants in the driveway. Murilo was unarmed. *See supra*, No. 31 above.<br><br>**Disputed**. Assuming arguendo that Murillo had a knife in his hand, Griffin's first shot, aimed center mass, struck Murillo's hand, which was being held close to his chest, and propelled the knife out of Murillo's hand. Thus, all of Griffin's subsequent shots and all of Martinez's shots were | **Disputed, but immaterial and irrelevant.** *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) ("A material fact is one that is needed to prove (or defend against) a claim, as determined by the applicable substantive law.").<br><br>**Misstates Evidence**. See, Resp. to Plt's AMF 68. This dispute is also not supported by evidence, as it is pure speculation that Murillo was unarmed, given the officers' statements to the contrary and the videos and audio can be heard stating that Murillo had two knives. See, also Defs' SUFs 27-28, 31-35, 38. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of |

ORBACH HUFF + HENDERSON LLP

| | II. The Officers' Actions did not "Shock the Conscience" | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | fired at Murillo without a knife in his hand. Thus, the remaining three rounds fired by Griffin and the three rounds fired by Martinez were against Murillo while Murillo was unarmed. *See supra*, No. 34 above. **Disputed** that Murillo ran towards an officer. Murillo was moving towards the gap in the gate; blinded by spotlights and could not see officers; and was falling to the ground after the effective less-lethal shots. *See supra*, Nos. 31 and 32 above. **Disputed**. The less-lethal beanbag shotgun rounds were effective. *See supra*, No. 32 above. **Disputed**. Assuming arguendo that Murillo was moving toward officers, a reasonable jury could find that the first shot fired by Griffin, aimed center mass, struck Murillo in the chest paralyzing him. Thus, after Griffin's first shot, not only was Murillo not | defeating an otherwise valid motion for summary judgment.'"). That the other officers (whom Murillo was not running toward) did not see a knife, does not mean one was not there. That an officer *did* see an object in Murillo's hand and did not unholster is also not evidence that a knife was not present. Plaintiff's statement relies on inadmissible evidence. See, Defendants' Objections to Plaintiff's Evidence, filed concurrently herewith. Additionally, the expert evidence to support this fact is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, |

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| | II. | The Officers' Actions did not "Shock the Conscience" | | |
|---|---|---|---|---|
| | **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | | advancing toward any officer, but collapsing to the ground, but Murillo was physically incapable of advancing toward an officer. Therefore, Griffins remaining three rounds and Martinez's three rounds were at a person who was paralyzed, collapsing to the ground, and not a threat of harm to any person or officer. *See supra*, No. 34 above. **Disputed**. Murillo never took a step past the hood front bumper of the patrol vehicle or outside the gate of the property toward any officer—he was already turning counterclockwise away from Defendants, collapsing to the ground, visibly unarmed at all times past the bumper of the vehicle and falling outside the property line. *See supra*, No. 40 above. (**Exh. 21, BOPC Findings** at 24-25, to Sincich Decl. ¶20 – finding Officer Martinez's last shot to be | 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993). Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| | II. | The Officers' Actions did not "Shock the Conscience" | | |
|---|---|---|---|---|
| | **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | | | out of policy, not proportional, objectively unreasonable, and unnecessary.) *See* **PAMF 47** – Murillo was surrounded. *See* **PAMF 46, 49** – Murillo was outnumbered. *See* **PAMF 51** – Officers had superior training. *See* **PAMF 53** – Murillo was suffering a mental health crisis. *See* **PAMF 65** – Defendants knew Murillo was coming to the front. *See* **PAMF 70** – Murillo was blinded by the lights. *See* **PAMF 74** – Murillo was already effectively struck by several effective less-lethal rounds causing him to fall to the ground. *See* **PAMF 77** – Murillo was unarmed. *See* **PAMF 78** – Murillo was unarmed, falling to the ground during the deadly force. *See* **PAMF 80** – Defendants knew Murillo had already been shot by | |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

| | II. The Officers' Actions did not "Shock the Conscience" | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | several less-lethal rounds. *See* **PAMF 85-88** – Murillo was paralyzed by a shot and collapsed to the ground. *See* **PAMF 89** – Defendants were tactically repositioning. *See* **PAMF 90-94** – Murillo never made a swing, slash, stab, threaten, or furtive movement with a knife toward or around any officers. *See* **PAMF 95** – Defendants did not hear Murillo verbally threaten to harm anyone. *See* **PAMF 96** – There were reasonable alternatives available. *See* **PAMF 99-100** – Defendants had no information that Murillo ever committed an act of violence towards or injured any person. *See* **PAMF 102-103** – Defendants had cover. Murillo was not an immediate threat of death or serious bodily injury. (**Clark Decl**. ¶14.) | |

## II.   The Officers' Actions did not "Shock the Conscience"

| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | **Omalu Decl. ¶¶9-13.** | |

## III.   The Officers Are Entitled to Qualified Immunity

| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
|---|---|---|---|
| 42. | Any reasonable officer would have concluded that deadly force was appropriate in response to Murillo-Nix's actions, which included quickly advancing on the Officers while brandishing a knife.<br><br>Evidence:<br>See Defendants' above SUFs (1-41) and evidentiary support, which is incorporated herein by reference. | **Disputed**. Any reasonable officer would have concluded that deadly force was not appropriate under these circumstances. (**Clark Decl**. ¶14.) **Omalu Decl**. ¶¶9-13. Further, disputed that Murillo brandished a knife. *See supra*, Plaintiff's Disputed Facts and Supporting Evidence to Defendants SUF Nos. 1-41 above. (**Exh. 21, BOPC Findings** at 24-25, to Sincich Decl. ¶20 – finding Officer Martinez's last shot to be out of policy, not proportional, objectively unreasonable, and unnecessary.) | **Disputed, but immaterial and irrelevant.** See responses to referenced SUFs1-41 above.<br><br>Expert evidence is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co*., 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

### III.   The Officers Are Entitled to Qualified Immunity

| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

### IV.   Plaintiff's Claims for State Law Violations are Precluded Given the Officers' Actions were Lawful

| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
|---|---|---|---|
| 43. | Any reasonable officer would have concluded that deadly force was appropriate in response to Murillo-Nix's actions, which included quickly advancing on the Officers while brandishing a knife.<br><br>Evidence:<br><br>See Defendants' above SUFs (1-42) and evidentiary support, which is incorporated | **Disputed**. Any reasonable officer would have concluded that deadly force was not appropriate under these circumstances. (**Clark Decl**. ¶14.) **Omalu Decl**. ¶¶9-13. *See* Plaintiff's Statement of Objections filed concurrently herewith, ¶43. Further, disputed that Murillo brandished a knife. *See supra*, | **Disputed, but immaterial and irrelevant.**  See responses to referenced SUFs 1-42 above.<br><br>Expert evidence is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co*., 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

ORBACH HUFF + HENDERSON LLP

ORBACH HUFF + HENDERSON LLP

| IV. | Plaintiff's Claims for State Law Violations are Precluded Given the Officers' Actions were Lawful | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | herein by reference. | Plaintiff's Disputed Facts and Supporting Evidence to Defendants SUF Nos. 1-42 above. (**Exh. 21, BOPC Findings** at 24-25, to Sincich Decl. ¶20 – finding Officer Martinez's last shot to be out of policy, not proportional, objectively unreasonable, and unnecessary.) | unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |

| V. | Plaintiff's Bane Act Claim Fails as a Matter of Law | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| 44. | Any reasonable officer would have concluded that deadly force was appropriate in response | **Disputed**. Any reasonable officer would have concluded that deadly force was not appropriate under these | **Disputed, but immaterial and irrelevant.**  See responses to referenced |

| V. | Plaintiff's Bane Act Claim Fails as a Matter of Law | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | to Murillo-Nix's actions, which included quickly advancing on the Officers while brandishing a knife.<br><br>Evidence:<br>See Defendants' above SUFs (1-43) and evidentiary support, which is incorporated herein by reference. | circumstances. (**Clark Decl**. ¶14.) **Omalu Decl**. ¶¶9-13. Further, disputed that Murillo brandished a knife. *See supra*, Plaintiff's Disputed Facts and Supporting Evidence to Defendants SUF Nos. 1-43 above. **(Exh. 21, BOPC Findings** at 24-25, to Sincich Decl. ¶20 – finding Officer Martinez's last shot to be out of policy, not proportional, objectively unreasonable, and unnecessary.) | SUFs 1-43 above.<br><br>Expert evidence is insufficient to create a dispute of material fact in summary judgment. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (expert declaration should not include unsupported speculation and subjective beliefs); FRE 402, 403, 602, 701, 702, 800, 802 and 901; *Scott v. Harris*, 550 U.S. 372, 385 (2007) (arguments based on what the officers could have done do not create a genuine dispute of material fact); *Daubert v. Merrell Dow* Pharms., 509 U.S. 579, 590 (1993).  Experts also were not there at the scene to know what happened and cannot opine on what facts actually transpired. |
| 45. | There is no evidence to support that either Officer Martinez or Officer Griffin had any | **Disputed**. There is ample evidence to support a reasonable jury finding that Defendants violated | **Undisputed,** as Plaintiff misunderstands the applicable law and has presented no |

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]

| V. | Plaintiff's Bane Act Claim Fails as a Matter of Law | | |
|---|---|---|---|
| **Defs' SUF No.** | **Defendants' Uncontroverted Facts and Supporting Evidence** | **Plaintiff's Disputed Facts and Supporting Evidence** | **Defendants' Response** |
| | specific intent to deprive Murillo-Nix of any of his alleged rights.<br><br>Evidence:<br>Ex. L at 03:42:38-03:42:47; Ex. M at Ex. M at 02:36:04-03:42:41; Ex. U at 18:21-19:04, 19:11-21, 58:17-59:4, 60:3-6; Ex. V at 35:10-16, 35:25-36:2, 36:14-21, 44:2-6, 44:13-16. | the Bane Act. *See supra*, Plaintiff's Disputed Facts and Supporting Evidence to Defendants SUF Nos. 1-44 above and Plaintiff's Additional Material Facts *filed concurrently herewith*.<br>**(Exh. 21, BOPC Findings** at 24-25, to Sincich Decl. ¶20 – finding Officer Martinez's last shot to be out of policy, not proportional, objectively unreasonable, and unnecessary.)<br>**(Exh. 4, Martinez Depo** at 11:2-3, to Sincich Decl. ¶4 – Officer Martinez intentionally pressed the trigger for each shot.)<br>**(Exh. 4, Martinez Depo** at 11:8-12:1, to Sincich Decl. ¶4 – Between each shot, Martinez assessed for approximately half a second.)<br>Murillo was unarmed at the time of the OIS, the less-lethal shots were effective, Murillo was paralyzed by a shot, and Murillo was shot while | evidence to demonstrate *specific intent* by the Defendant Officers to have harmed Murillo-Nix beyond alleging negligence or excessive force.  Defendants incorporate all responses to SUFs 1-44 above. |

| V. | Plaintiff's Bane Act Claim Fails as a Matter of Law | | |
|---|---|---|---|
| Defs' SUF No. | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence | Defendants' Response |
| | | falling and on the ground. Murillo was shot while he was not an immediate threat of death or serious bodily injury and that should shock the conscience of any person. (*See supra*, Plaintiff's Disputed Facts and Supporting Evidence Nos. 34-35 & 41 above.) (**Exh. 6, Martinez Statement II** at 60:18-19, to Sincich Decl. ¶6 - Officer Martinez admitted that he "was in shock for a little bit.") | |

Dated:  December 1, 2023        Respectfully submitted,

**ORBACH HUFF + HENDERSON LLP**

By:  */s/ Kevin E. Gilbert*

    Kevin E. Gilbert
    Carolyn M. Aguilar
    Attorneys for Defendants
    OFFICER JESUS MARTINEZ and
    OFFICER KYLE GRIFFIN

Defs' Response to Plaintiff's Statement of Genuine Disputes of Material Fact [22-cv-3188-DMG (SKx)]